**GALVIN & PALMER**
Sheldon Palmer (SP-9703)
630 Third Avenue - 23rd Floor
New York NY 10017
212-983-8900

**FURGANG & ADWAR, L.L.P.**
Philip Furgang (PF-5654)
1325 Avenue of the Americas – 28th Floor
New York NY 10019
212-725-1818

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X     07 CV 9535 (RWS)
TIMOTHY GUSLER,

                                         Plaintiff,


                    -against-


MATTHEW FISCHER, SALVATORE GUERRERI,
PETER J. LISTRO ASSOCIATES, LTD., UNISAR, INC.,
AVITA CORPORATION, TARGET CORPORATION,
TOYS "R" US, INC., AMAZON.COM, INC.,
WAL-MART STORES, INC., and CHELSEA &
SCOTT, LTD. d/b/a ONESTEP AHEAD,


                                         Defendants.
-----------------------------------------------------------------X


**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND 56**


**By Defendants:**


**PETER J. LISTRO ASSOCIATES, LTD., UNISAR INC.,**
**TARGET CORPORATION,  TOYS "R" US, INC., AMAZON.COM, INC.,**
**CHELSEA & SCOTT, LTD., AND  WAL-MART STORES, INC.**

## <u>TABLE OF CONTENTS</u>

**I. The Parties and Nature of this Action**. . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    **A.  The Parties**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    B. The Nature of this Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

           i) The Action Against Fischer and Guerreri. . . . . . . . . . . . . . . . . . . . -2-

           ii) The Action Against Listro, Unisar, and The Retailers. . . . . . . . . . . . -2-

**II. The Motion**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

I      II. The Facts as Regards Listro, Unisar, and The Retailers. . . . . . . . . . . . . . . . -5-

IV.  Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

    Point I:         Under the Applicable Standards, this Action is Ripe for Dismissal. . . -6-

    Point II: Defendants Have Not Infringed the Copyright. . . . . . . . . . . . . . . . . . -8-

    Point III:       The Copyright in a Technical Drawing Confers No Right to Preclude the
                     Manufacture and Sale of Useful Articles.. . . . . . . . . . . . . . . . . . . -9-

    Point IV.       With No Enforceable Copyright Claim, The Sixth Cause of Action Must be
                     Dismissed

        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-

    Point V.       The Sixth Cause of Action Must be Dismissed Because the Claim Asserted
          Is         Preempted by Section 301 of the Copyright Act. . . . . . . . . -12-

    Point VI.      Listro, Unisar, and the Retailers Are Entitled to an Award of Reasonable
                     Attorneys' Fees. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

V. Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -15-

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases:**

*Baker v. Pataki,* 85 F.3d 919 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004), *cert. denied*.544 U.S. 949 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

*Brown v. Perdue,* 177 Fed. Appx. 121, 79 U.S.P.Q.2d 1958 (2d Cir. 2006). . . . . . . . -7-, -8-

*Chivalry Film Prods. v. NBC Universal, Inc.*, 2007 U.S. Dist. LEXIS 86889 (S.D.N.Y. Nov. 27, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

*Feist Pub'n, Inc. v. Rural Tel. Sen. Co.. Inc.*, 499 U.S. 340 (1991) . . . . . . . . . . . . . . . -8-

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

*Hackney v. Lehrer McGovern Bovis of Pennsylvania*, 42 U.S.P.Q.2d 1727 (E.D. Pa. 1997)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

*Hudson v. Imagine Entm't Corp.*, 128 Fed. Appx. 178 (2d Cir. 2005) *cert. denied* 547 U.S. 1070 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

*Krijn v. Pogue Simone Real Estate Co.*, 896 F.2d 687 (2d Cir. 1990). . . . . . . . . . . . . . -6-

*National Medical Care, Inc.* v. *Espiritu, Jr.*, 284 F. Supp. 2d 424 (S.D.W.Va. 2003). . . . -11-

*Niemi v. American Axle Manufacturing & Holding Inc.*,   2006 U.S. Dist. LEXIS 50153 (E.D.Mich. July 24, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

*Niemi v. NHK Spring Co., Ltd.*, 2007 U.S. Dist. LEXIS 63502 (N.D.Ohio Aug. 27, 2007)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

*Phillips v. Audio Active, Ltd.*, 494 F.3d 378 (2d Cir. 2007). . . . . . . . . . . . . . . . . . . . . -12-

*Polsby v. St. Martin's Press*, 2000 U.S. Dist. LEXIS 596, 2000 WL 98057(S.D.N.Y. Jan. 18, 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

*Seip v. Commonwealth Plastics*, 85 F. Supp. 741 (D. Mass. 1949. . . . . . . . . . . . . . . . . -9-

*Terrell v. Eisner*, 104 Fed. Appx. 210 (2d Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . -12-

*The Crescent Publishing Group, Inc.*, *v. Playboy Enterprises, Inc.*, 246 F.3d 142 (2d Cir. 2001)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -13-

**Federal Statutes:**

17 U.S.C. § 101. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

17 U.S.C. §101.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

**Federal Rules:**

Fed.  R. Civ. P. 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-, -6-

Fed.  R. Civ. P. 56. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

**Federal Regulations:**

U.S. Copyright Office Circular 40. . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

## I. The Parties and Nature of this Action

### A.  The Parties

Plaintiff Timothy Gusler (Gusler) is an individual residing in New Jersey.

Defendant Peter J. Listro Associates, Ltd., (Listro) is a New York corporation with a principal place of business at 15 W. 36th Street, New York, New York.

Defendant Unisar Inc., (Unisar) is a New York corporation with a principal place of business at 15 W. 36th Street, New York, New York and distributes NasalClear® battery operated nasal aspirators for infants (The Product) to retailers in the United States.

Defendant Amazon.com, Inc., (Amazon) is a Delaware corporation with a principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington and is a retailer.

Defendant Chelsea & Scott, Ltd. (C&S) is, an Illinois corporation with offices in Illinois and is a retailer.

Defendant Target Corporation (Target) is a Minnesota corporation with a principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota, and is a retailer.

Defendant Toys "R" Us, Inc., (TRU) is a Delaware corporation with its principal place of business at One Geoffrey Way, Wayne, New Jersey, and is a retailer.

Defendant Wal-Mart Stores, Inc., (Wal-Mart) is a Delaware corporation with a principal place of business at 702 S.W.  8th Street, Bentonville, Arkansas, and is a retailer.

Amazon, C& S, Target, TRU, and Wal-Mart (The Retailers) are customers of Unisar and Listro.

Defendant Matthew Fischer (Fischer) is an individual who, upon information and belief, has a place of business in New York City.

Defendant Salvatore Guerreri (Guerreri) is an individual who, upon information and belief, has a principal place of business in New York City.

Defendant Avita Corporation (Avita) is a manufacturer located in the Republic of China (Taiwan) and has not been served, nor has it appeared in this action.

## B. The Nature of this Action

No reference will be made to defendant Avita which has neither been served nor appeared.

Plaintiff Gusler brings this action for copyright infringement, breach of contract, misappropriation of trade secrets, and unjust enrichment. The defendants fall into two groups: a) Fischer and Guerreri and b) Listro, Unisar, and The Retailers.

### i) The Action Against Fischer and Guerreri

Gusler charges Fischer and Guerreri with copyright infringement (First Cause of Action); breach of contract (Fourth Cause of Action); misappropriation of trade secrets (Fifth Cause of Action); and unjust enrichment (Sixth Cause of Action).

### ii) The Action Against Listro, Unisar, and The Retailers

Gusler charges Listro and Unisar with copyright infringement, alleging that they copied Gusler's copyrighted technical drawings (Second Cause of Action); that Listro, Unisar, and The Retailers also infringed Gusler's copyright by their respective distribution and sale of The

Product which was allegedly copied from Gusler's drawings (Third Cause of Action); and, based upon solely upon the allegations in the Second and Third Causes of Action, Gusler alleges that Listro, Unisar, and The Retailers have been unjustly enriched by having "benefitted from Mr. Gusler's drawings, designs and concepts at Mr. Gusler's expense." (Complaint at ¶ 62) (Sixth Cause of Action).

## II. The Motion

This is a motion by defendants Listro, Unisar, and The Retailers for an order dismissing the Second, Third, and Sixth Causes of Action and for an award of reasonable attorneys' fees.  The motion is made pursuant to Fed. R. Civ. P. 12(b)(6) and 56.  If these defendants prevail on this motion, they request permission to make an application for an award of reasonable attorneys' fees.

### III. The Facts as Regards Listro, Unisar, and The Retailers

On September 18, 2007, Gusler secured a Certificate of Registration (VA 1-421-407) (Complaint, Exhibit A, - the subject matter of the Second and Third Causes of Action). Gusler's application for registration of his claim of copyright included, in addition to a completed Form VA, two sheets of technical drawings (**Exhibit 1** and attached to the Complaint as part of Exhibit A).

Unisar and Listro purchase The Product from a manufacturer and then distribute it to The Retailers. (Pictures of The Product, as sold by Unisar, Listro, and The Retailers, are attached as **Exhibit 2**). The Retailers, in their turn, sell The Product to consumers – their customers.

As may be seen from a visual comparison of Gusler's copyrighted technical drawings and The Product (see **Exhibit 3** - a side-by-side comparison of the two), there is no similarity between the two and certainly no substantial similarity.

Additionally, The Product is a useful article, as that term is defined in the Copyright Act, 17 U.S.C. § 101, *et seq*. The manufacture of a useful article cannot, as a matter of law (which will be argued below), infringe a copyright in technical drawings.

As a consequence, the allegations against Listro, Unisar, and The Retailers in support of Second, Third, and Sixth Causes of Action of the Complaint are frivolous and baseless, and these causes of action must be dismissed.

## IV.  Argument

**Point I:          Under the Applicable Standards, this Action is Ripe for Dismissal**

_____Fed. R. Civ. P. 12(b)(6) provides that a motion to dismiss may be made when a pleading

fails "to state a claim upon which relief can be granted."

In a motion made under this rule, the factual allegations in the complaint are assumed to

be true. *Baker v. Pataki,* 85 F.3d 919, 922 (2d Cir. 1996).  In this instance, however, the factual

allegations in the complaint and specifically those made against Listro, Unisar, and The Retailers,

as will be shown, are such that the Second, Third and Sixth Causes of Action must be dismissed

as a matter of law.

A motion under Rule 12(b)(6) should be converted by the court into a Rule 56 motion for

summary judgment. As held by the Second Circuit in *Krijn v. Pogue Simone Real Estate Co.*, 896

F.2d 687, 689 (1990):

> The essential inquiry, when determining if the district court correctly
> converted a motion to dismiss into a motion for summary judgment, is whether the
> non-movant "'should reasonably have recognized the possibility that the motion
> might be converted into one for summary judgment or was taken by surprise and
> deprived of a reasonable opportunity to meet facts outside the pleadings.'"
> (quoting *National Ass'n of Pharmaceutical Mfrs. v. Ayerst Laboratories*, 850 F.2d
> 904, 911 (2d Cir. 1988) (in turn, quoting *In re G. & A. Books, Inc.*, 770 F.2d 288,
> 295 (2d Cir. 1985), *cert. denied sub nom. M.J.M. Exhibitors, Inc. v. Stern*, 475
> U.S. 1015, 89 L. Ed. 2d 310, 106 S. Ct. 1195 (1986))

In this motion, defendants Listro, Unisar, and The Retailers provide only one exhibit not

attached to the pleadings, a photocopy of the accused Product (see **Exhibit 3**).  In order to bring

this action Gusler had to have had the accused Product before him (how else could he accuse

defendants of copying his technical drawings?). Therefore, Gusler can assert no sustainable claim of surprise or unpreparedness. The court should consider the submission of defendants' exhibits – a photocopy of the accused Product – in connection with this motion and convert it to a Rule 56 motion.

The standard that the court must apply in this regard is set forth in *Brown v. Perdue,* 177 Fed. Appx. 121, 123, 79 U.S.P.Q.2d 1958 (2d Cir. 2006):

> Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A court must decide if "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." (quoting from *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

As argued below, there is no genuine issue of material fact and defendants Listro, Unisar, and The Retailers are entitled to judgment as a matter of law.

**Point II: Defendants Have Not Infringed the Copyright**

According to the standard enunciated by the Supreme Court, plaintiff Gusler has failed to plead a necessary element of a legally enforceable claim of copyright infringement.

In *Feist Pub'n, Inc. v. Rural Tel. Sen. Co.. Inc.*, 499 U.S. 340, 361 (1991) the Court held:

> To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. (citing *Harper & Row, Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 548 (1985)

It has long been the law that to defeat a claim of infringement it is sufficient for a defendant to show that, upon comparing the copyrighted work and the accused work, "the similarities in such aspects as the total concept and feel, theme, characters, plot, sequence, pace, and setting of the" two works that '*no reasonable trier of fact could find the works substantially similar.*' (quoting from *Williams v. Crichton*, 84 F.3d 581, 587-588 (2d Cir. 1996) (the court omitted internal quotation marks)." (emphasis added) *Brown, supra,* 177 Fed. Appx. at 123.

In this case, as is immediately apparent, defendants' The Product (see **Exhibit 3)** is not substantially similar to plaintiff Gusler's copyrighted technical drawings. Indeed, we submit that, not only is there no substantial similarity between the two , there is *no* similarity between them. Plaintiff's claim is, therefore, without merit and the Second and Third Causes of Action must be dismissed.

**Point III:**    **The Copyright in a Technical Drawing Confers No Right to Preclude the Manufacture and Sale of Useful Articles.**

We begin with the statutory definition of a "useful article."

Under the Copyright Act 17 U.S.C. § 101:

A "useful article" is "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information. An article that is normally a part of a useful article is considered a "useful article."

In this action, Gusler asserts his copyright in a technical drawing against a useful article – The Product. However, it is the law that ownership of a valid copyright in a design or a technical drawing of a useful article does not confer the right to preclude the *manufacture* of the useful article. *Niemi v. American Axle Manufacturing & Holding Inc.*, 2006 U.S. Dist. LEXIS 50153 *3 (E.D.Mich. July 24, 2006) (holding that "the manufacture of a machine from a copyrighted technical drawing is clearly not copyright infringement."); *Niemi v. NHK Spring Co., Ltd.*, 2007 U.S. Dist. LEXIS 63502 *8-9 (N.D.Ohio Aug. 27, 2007) (holding that the following, among others, are not copyright infringement: a copyrighted drawing of a chair, used to manufacture chairs of that design; a copyrighted scale model of an automobile, used to manufacture automobiles of that design; a copyrighted technical drawing showing the construction of a machine used to manufacture the machine; and a copyrighted picture of a dress, used to manufacture the dress); *Seip v. Commonwealth Plastics*, 85 F. Supp. 741, 742 (D. Mass. 1949) (holding that registering a drawing of a toy did not secure exclusive rights to produce the illustrated toy – "an idea of course cannot be copyrighted"); *Hackney v. Lehrer McGovern Bovis of Pennsylvania*, 42 U.S.P.Q.2d 1727 (E.D. Pa. 1997) (dismissing a copyright claim because

plaintiff's copyright in a model conveyor belt system did not extend to preclude construction or use of actual, functional automatic elevated walkways). *See also* U.S. Copyright Office Circular 40 ("Copyright in a work that portrays a useful article extends only to the artistic expression of the author of the pictorial, graphic, or sculptural work. It does not extend to the design of the article that is portrayed. *For example, a drawing or photograph of an automobile or a dress design may be copyrighted, but that does not give the artist or photographer the exclusive right to make automobiles or dresses of the same design*.") (emphasis added).

Therefore, there is no legal theory under which defendants' useful article (The Product) can be held to infringe Gusler's copyrighted technical drawings. The Second and Third Causes of Action must be dismissed.

-10-

**Point IV.**     **With No Enforceable Copyright Claim, The Sixth Cause of Action Must be Dismissed**

As set forth above, there is no actionable claim alleged against Listro, Unisar, and The Retailers for copyright infringement.  The Sixth Cause of Action recites only that:

"Defendants benefited [*sic*] from Mr. Gusler's drawings, designs and concepts at Mr. Gusler's expense" (Complaint at ¶ 62); and

"Equity and good conscience require that defendants compensate Mr. Gusler for his drawings, designs and concepts in an amount to be determined at trial (*Id.,* at ¶ 64)."

There is no basis for this cause of action since it is supported only by the claims of copyright infringement.  As held in *National Medical Care, Inc.* v. *Espiritu, Jr.*, 284 F. Supp. 2d 424, 433-434 (S.D.W.Va. 2003):

> The scope of copyright protection, however, is limited in that it *does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."* (citing 17 U.S.C. § 102(b)).  Only the original expression of an idea embodied within a copyrighted work is protected by copyright law. (citing *Demetriades v. Kaufmann*, 680 F. Supp. 658, 662 (S.D.N.Y. 1988); and *see generally* 1 Nimmer on Copyright §§ 2.03[D], 2.18 (Mellville B. Nimmer & David Nimmer eds., 2003)). (emphasis supplied).

By failing to allege any enforceable copyright claim, Gusler's cause of action for unjust enrichment (the Sixth Cause of Action) falls of its own weight.

-11-

**Point V.       The Sixth Cause of Action Must be Dismissed Because the Claim Asserted Is Preempted by Section 301 of the Copyright Act**

Even if the court, in its discretion, were to hold that the Second and Third Causes of Action could not be dismissed at this time, the  court must dismiss the Sixth Cause of Action against defendants Listro, Unisar, and The Retailers.  The allegations of the Sixth Cause of Action are for unjust enrichment and arise solely out of plaintiff's allegations of copyright infringement. However, unjust enrichment is among the causes of action preempted by Section 301 of the Copyright Act. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004), *cert. denied.*544 U.S. 949 (2005); see, also *Phillips v. Audio Active, Ltd.*, 494 F.3d 378 (2d Cir. 2007); *Hudson v. Imagine Entm't Corp.*, 128 Fed. Appx. 178, 179 (2d Cir. 2005) *cert. denied* 547 U.S. 1070 (2006); and *Terrell v. Eisner*, 104 Fed. Appx. 210, 212 (2d Cir. 2004).

There is no independent basis for the Sixth Cause of Action and it must be dismissed.

-12-

**Point VI.**    **Listro, Unisar, and the Retailers Are Entitled to an Award of Reasonable Attorneys' Fees.**

In copyright actions attorneys' fees are generally awarded to the prevailing party under identical standards irrespective of whether the prevailing party is plaintiff or defendant 17 U.S.C. § 505. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

There is no question that the award of attorney's fees is within the sound discretion of the district court. However, as the Second Circuit, in *The Crescent Publishing Group, Inc.*, *v. Playboy Enterprises, Inc.*, 246 F.3d 142, 146 (2001) observed that the Court in *Fogerty, supra,* "approved in dicta several nonexclusive factors courts could consider when awarding fees, namely, 'frivolousness, motivation, objective unreasonableness.'" (quoting from *Fogerty,* 510 U.S. at 534 n.19).

Gusler's claims against defendants Listro, Unisar, and The Retailers are objectively unreasonable as a matter of law (as shown above) since The Product is not substantially similar to Gusler's technical drawing and, as The Product is a useful article, a copyright cannot be lawfully asserted against it. Thus, the entire action against Listro, Unisar, and The Retailers is without merit and clearly frivolous. Not only has plaintiff asserted claims of copyright infringement (the Second and Third Causes of Action) which are facially absurd, he goes on to plead the Sixth Cause of Action. However, as shown, the Sixth Cause is not only unsupported but also expressly preempted by the Copyright Act. Plaintiff's commencement of this action was and is objectively unreasonable.

-13-

As held by in the recently decided case of *Chivalry Film Prods. v. NBC Universal, Inc.*, 2007 U.S. Dist. LEXIS 86889, *8-9 (S.D.N.Y. Nov. 27, 2007) (Lynch, D.J.) even where a plaintiff has not engaged in vexatious litigation "the need for deterrence against objectively unreasonable copyright claims is significant. ... The denial of fees and costs to a prevailing defendant in an objectively unreasonable copyright case may spur additional frivolous lawsuits, of exactly the sort that an award of fees and costs is designed to "chill." (citing *Ariel (UK) Ltd. v. Reuters Group PLC*, 2007 U.S. Dist. LEXIS 7423 (S.D.N.Y. Jan. 24, 2007); *see Polsby v. St. Martin's Press*, 2000 U.S. Dist. LEXIS 596 *1, 2000 WL 98057 *2 (S.D.N.Y. Jan. 18, 2000) ("Future litigants should be discouraged from comparable behavior." (quoting from *Great Am. Fun Corp. v. Hosung N.Y. Trading, Inc.*, No. 96 Civ. 2986, 1997 U.S. Dist. LEXIS 3623, 1997 WL 129399, at *3 (S.D.N.Y. Mar. 21, 1999))."

Defendants Listro, Unisar, and The Retailers must be awarded their reasonable attorneys' fees.

-14-

## V. Conclusion

The action against defendants Listro, Unisar, and The Retailers is without basis in law or fact. There is no substantial similarity between defendants' Product and Gusler's technical drawings. There is legally no infringement. Even if there were substantial similarity (which there is not), The Product is a useful article. Therefore, the defendants cannot be held to infringe by their manufacture and sale of The Product as a matter of law. Gusler's Sixth Cause of Action (unjust enrichment) is based solely upon his unenforceable claims of copyright infringement and is, therefore, without merit. Even if there were m merit to these accusations (and for which there is none) they must be dismissed because they are preempted by the copyright Act.

Thus, the Second, Third, and Sixth Causes of Action must be dismissed against defendants Listro, Unisar, and The Retailers under Rules 12(b)(6) and 56.

Additionally, defendants Listro, Unisar, and the Retailers, as victims of this meritless, frivolous and objectively unreasonable action, must be awarded their reasonable attorneys' fees as the prevailing parties.

Respectfully submitted,
Attorneys for Defendants:

**Peter J. Listro Associates, Ltd.**
**Unisar Inc.**
**Amazon.com, Inc.**
**Chelsea & Scott, Ltd.**
**Target Corporation**

-15-

Toys "R" Us, Inc.

Wal-Mart Stores, Inc.

**Galvin & Palmer**

/Sheldon Palmer/

Sheldon Palmer (SP-9703)

630 Third Avenue  -  23rd Floor

New York NY 10017

212-983-9800

-and-

**Furgang & Adwar, L.L.P.**

/Philip Furgang/

Philip Furgang (PF-5654)

1325 Avenue of the Americas

28th Floor

New York NY10019

212-725-1818

-16-