UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
                                                                                :
TIMOTHY GUSLER,                                                                 :
                                                                                :
                              Plaintiff,                                        :
                                                                                :
              v.                                                                :          07 Civ. 9535 (RWS)
                                                                                :
MATTHEW FISCHER, SALVATORE GUERRERI,                                            :
PETER J. LISTRO ASSOCIATES, LTD., UNISAR,                                       :
INC., AVITA CORPORATION, TARGET                                                 :
CORPORATION, TOYS "R US, INC., AMAZON.COM,                                      :
INC., WAL-MART STORES, INC., and CHELSEA &                                      :
SCOTT, LTD. d/b/a ONESTEP AHEAD,                                                :
                                                                                :
                              Defendants.                                       :
--------------------------------------------------------------------------------X

**DEFENDANT MATTHEW FISCHER'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) and 12(b)(1); AND REQUEST FOR COSTS AND ATTORNEY FEES PURSUANT TO 17 U.S.C. § 505**

                                        GOTTLIEB, RACKMAN & REISMAN, P.C.
                                        Michael I. Rackman, Esq.
                                        Jeffrey M. Kaden, Esq.
                                        Yuval H. Marcus, Esq.
                                        270 Madison Avenue
                                        New York, New York 10016
                                        (212) 684-3900

**TABLE OF CONTENTS**

**INTRODUCTION** ........................................................................................................... 1

**The Relevant Allegations** ............................................................................................ 2

   The Parties .................................................................................................................. 2

   The Facts Relevant to This Motion ............................................................................ 3

**ARGUMENT** ................................................................................................................. 4

   I.    THE LEGAL STANDARD ................................................................................ 4

   II.   PLAINTIFF'S COPYRIGHT CLAIM AGAINST FISCHER SHOULD BE .............. 5

       DISMISSED .......................................................................................................... 5

   III.   PLAINTIFF'S STATE LAW CLAIMS MUST ALSO BE DISMISSED ................ 6

    A.   Plaintiff's Fourth, Fifth and Sixth Causes of Action are Prempted by the .......... 6

       Copyright Act ..................................................................................................... 6

    B.   Plaintiff's Fourth, Fifth and Sixth Causes of Action .......................................... 8

       Should Be Dismissed For Lack of Subject Matter Jurisdiction ......................... 8

   IV.   FISCHER SHOULD RECOUP HIS COSTS ...................................................... 9

       AND REASONABLE ATTORNEY FEES ......................................................... 9

**CONCLUSION** ............................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*American Movie Classics Co. v. Turner Entertainment Co.,*
922 F. Supp. 926 (S.D.N.Y. 1996) ................................................................................... 7

*Arpaia v. Anheuser-Busch Cos., Inc.*, 55 F. Supp.2d 151 (W.D.N.Y. 1999) .................... 7

*Baylis v. Marriot Corp.,* 843 F. 2d 658, 665 (2d Cir. 1988) ............................................... 9

*Branham v. Meachum,* 77 F.3d. 626, 628 (2d Cir. 1996) ................................................. 4

*Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2d Cir. 2004) ........................... 7

*Computer Assocs. Int'l. Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992) ................... 6

*Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 (1994) .......................................................... 9

*Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 138 (1966) ........................... 9

*Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) .......... 8

*Phillips v. Audio Active Ltd.*, 494 F.3d 378 (2d Cir. 2007) ............................................... 7

*Shepard Indus. Inc. v. 135 E. 57th St., LLC,* 1999 U.S. Dist. LEXIS 14431, *7 (S.D.N.Y. Sept. 15, 1999) ............................................................................................................... 5

*Sims v. Artuz,* 230 F.3d 14, 20 (2d Cir. 2000) .................................................................. 4

*The Proctor & Gamble Co. v. Quality King Distributors, Inc.,* 974 F.Supp. 190, 195 (E.D.N.Y. 1997) ............................................................................................................. 4

*Wolff v. Inst. of Elec and Elecs. Eng'rs.*, Inc. 768 F. Supp. 66, 69 (S.D.N.Y. 1991) ........ 7

**Statutes**
17 U.S.C. § 301(a) ............................................................................................................. 6
17 U.S.C. § 505 .................................................................................................................. 1
28 U.S.C. §1367(a) ............................................................................................................ 8
28 U.S.C. §1367(c)(3) ....................................................................................................... 8

**Rules**
Fed. R. Civ. P. 12(b)(1) ..................................................................................................... 1
Fed. R. Civ. P.. 12(b)(6) .................................................................................................... 8

Defendant Matthew Fischer (hereinafter "Fischer") respectfully submits this Memorandum: (a) in support of his Motion to Dismiss all of the causes of action asserted against him in the Complaint of Plaintiff Timothy Gusler (hereinafter "Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and 12(b)(1) for lack of subject matter jurisdiction; and (b) for recoupment of his costs and reasonable attorney fees pursuant to U.S. Copyright Law, 17 U.S.C. § 505.

## INTRODUCTION

This is an action for copyright infringement and related state law claims with respect to drawings that are the subject of Plaintiff's Copyright Registration No. VA 1-421-407 (the "Gusler Drawings"). Plaintiff alleges that these drawings were copied and then made into a nasal aspirator product used for infants and children. Plaintiff has asserted claims against Fischer for Copyright Infringement (First Cause of Action), Breach of Contract (Fourth Cause of Action), Misappropriation of Trade Secrets (Fifth Cause of Action) and Unjust Enrichment (Sixth Cause of Action). This motion seeks the dismissal of all four claims asserted against Fischer.

For the reasons set forth in detail in the motion to dismiss filed on January 3, 2008 by Peter J. Listro Associates, Ltd. ("Listro"), Unisar, Inc. ("Unisar"), Target Corporation ("Target"), Toys R Us, Inc. ("Toys R Us"), Amazon.com, Inc. ("Amazon"), Wal-Mart Stores, Inc. ("Wal-Mart") and Chelsea & Scott, Ltd. ("Chelsea & Scott") (the "NasalClear Product Defendants"), which defendant Fischer joins in fully and incorporates herein by reference, Plaintiff's cause of action against Fischer for copyright infringement must be dismissed because: (1) there is no substantial similarity as a matter of law between the Gusler Drawings and the nasal aspirator product sold and

distributed by the NasalClear Product Defendants (the "NasalClear Product"); and (2) the NasalClear Product is a useful article that cannot as a matter of law infringe upon the Gusler Drawings.

The Fourth, Fifth and Sixth Causes of Action (the "State Law Claims") must be dismissed as well because they are preempted by the Copyright Act. Further, to the extent that the Court dismisses the copyright infringement claim against defendant Fischer, since Plaintiff's remaining pendant State Law Claims are not supported by a valid federal claim, there is no supplemental jurisdiction for the State Law Claims and they must be dismissed.

Through this motion, Fischer also seeks to recoup his reasonable costs and attorney fees pursuant to 17 U.S.C. § 505.[1]

## The Relevant Allegations

### The Parties

Plaintiff is a person residing in New Jersey who designed an electric vacuum device in 1997, filed a patent application for that device on May 8, 2002 and filed an application for copyright registration of certain drawings relating to that device in September, 2007. (Complaint, ¶¶ 1, 16-18).

Defendant Matthew Fischer has a place of business in New York, New York and "is in the business of developing concepts, designs and prototypes into marketable products." (Complaint, ¶¶ 2, 19).

Defendant Salvatore Guerrieri has a place of business in New York, New York and is a business associate of Fischer (Complaint, ¶¶ 3, 25).

---

[1]Should the grant defendant Fischer's request for reimbursement, Fischer will submit an application for

For the NasalClear Product Defendants, the Court is respectfully referred to pages 1-2 of the Brief of the NasalClear Product Defendants filed on January 3, 2008 in support of their Motion to Dismiss.

<u>The Facts Relevant to This Motion</u>

Plaintiff alleges that he met with defendants Fischer and Salvatore Guerrieri ("Guerrieri") and gave them the Gusler Drawings. (Complaint, ¶¶ 19, 24-27). Plaintiff further alleges that defendants Fischer and Guerrieri copied and distributed the Gusler Drawings to defendants Listro, Unisar and/or Avita Corporation ("Avita") who copied the Gusler Drawings into the NasalClear Product. (Complaint, ¶¶ 24, 33-36, 38, 42-43). Plaintiff also alleges that defendants Listro, Unisar, Avita, Target, Toys R Us, Amazon, Wal-Mart and Chelsea & Scott have distributed and sold the NasalClear Product. (Complaint, ¶ 47). Thus, Plaintiff's three copyright infringement claims against: defendants Fischer and Guerrieri (First Cause of Action); defendants Listro, Unisar and Avita (Second Cause of Action); and defendants Listro, Unisar, Avita, Target, Toys R Us, Amazon and Chelsea and Scott (Third Cause of Action), are all based on the same set of alleged facts, namely, that Plaintiff gave Fischer and Guerrieri the Gusler Drawings which were then copied and made into the NasalClear Product which was then sold and distributed by the NasalClear Product Defendants.

Similarly, the allegations that relate to the State Law Claims are also based on these same set of facts. For the Breach of Contract claim (Fourth Cause of Action), Plaintiff alleges that Fischer "either directly or indirectly disseminated Mr. Gusler's Confidential Information [the Gusler Drawings] to defendants Listro, Unisar and/or Avita.

---

his costs and attorney fees at a subsequent inquest, or in any other manner in which the Court directs.

(Complaint, ¶ 53). The facts underlying the Misappropriation of Trade Secrets Claim (Fifth Cause of Action) are also the same, namely, that Fischer and Guerrieri disclosed the Gusler Drawings to third parties Listro, Unisar and/or Avita without Plaintiff's consent. (Complaint, ¶¶ 56-59). Not surprisingly, the Unjust Enrichment claim (Sixth Cause of Action) is also based on these same allegations that Fischer's and Guerrieri's copying and disclosure of the Gusler Drawings benefited defendants and caused them to be unjustly enriched. (Complaint, ¶ 62).

**ARGUMENT**

I.    THE LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to assess the sufficiency of the allegations of a pleading. Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000). In determining whether a pleading is legally sufficient, the material facts alleged in the pleading are presumed to be true. Branham v. Meachum, 77 F.3d. 626, 628 (2d Cir. 1996). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court can consider the facts stated in the pleading, documents attached as exhibits to the pleading and documents incorporated therein by reference. The Proctor & Gamble Co. v. Quality King Distributors, Inc., 974 F.Supp. 190, 195 (E.D.N.Y. 1997). Here, the Court should consider the drawings annexed to Plaintiff's pleading.[2] A court should dismiss a pleading, pursuant to Rule 12(b)(6), where it appears beyond a doubt that the nonmoving party can prove no set of facts in support of its claim which would entitle it to relief. Shepard Indus. Inc. v. 135 E. 57th St., LLC, 1999 U.S. Dist. LEXIS 14431, *7

---

[2] As set forth in the motion to dismiss filed by the NasalClear Product Defendants, the Court may convert this motion to a motion for summary judgment pursuant to Fed. R. Civ. P. 56 and also consider the photocopy of the NasalClear Product attached to the motion papers of the NasalClear Product

(S.D.N.Y. Sept. 15, 1999). Here, Plaintiff can prove no set of facts in support of the copyright infringement and the State Law Claims he has asserted.

## II. PLAINTIFF'S COPYRIGHT CLAIM <u>AGAINST FISCHER SHOULD BE DISMISSED</u>

Plaintiff's First Cause of Action for "Copyright Infringement" alleges that "Fischer and Guerrieri copied, published and otherwise disseminated the Copyrighted Drawings [the Gusler Drawings] to third parties [the NasalClear Product Defendants] without the consent of Gusler." Complaint, ¶ 38. The copyright infringement claim against Fischer and Guerrieri fails for the same reasons as set forth in the Motion to Dismiss of the NasalClear Product Defendants with respect to the Second and Third Causes of Action for Copyright Infringement against the NasalClear Product Defendants.[3] Since the NasalClear Product is not substantially similar to the Gusler Drawings as a matter of law, Plaintiff's claim for copyright infringement against Fischer must be dismissed.[4] Moreover, since a product such as the NasalClear Product cannot infringe upon drawings as a matter of law, as set forth in more detail in the Motion to Dismiss of the NasalClear Product Defendants, Plaintiff's claim for copyright infringement should be

---

Defendants.
[3] Fischer adopts and incorporates by reference the arguments of the NasalClear Product Defendants as set forth in their Motion to Dismiss filed on January 3, 2008.
[4] There is little question when the allegations of the Complaint are construed as a whole, as is required on a motion to dismiss, see Yoder v. Orthomolecular Nutrition Institute, Inc., 751 F.2d 555, 562 (2d Cir. 1985), that the allegations against Fischer and Guerrieri are that they copied the Gusler Drawings and gave them to the NasalClear Product Defendants who then made those drawings into the NasalClear Product. Accordingly, the copyright infringement claim against Fischer and Guerrieri fails if there is no

dismissed for this reason as well as against Fischer.

### III. PLAINTIFF'S STATE LAW CLAIMS MUST ALSO BE DISMISSED

#### A. Plaintiff's Fourth, Fifth and Sixth Causes of Action are Preempted by the Copyright Act

Section 301(a) of the Copyright Act preempts state statutory and common law rights that are "equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 ...." 17 U.S.C. § 301(a). Section 106 affords a copyright owner the exclusive right to reproduce the copyrighted work, prepare derivative works, distribute copies of the work, perform the work publicly, and display the work publicly. State law rights that "may be abridged by an act which, in and of itself, would infringe one of the exclusive rights' provided by federal copyright law" are preempted by § 301. Computer Assocs. Int'l. Inc. v. Altai, Inc., 982 F.2d 693, 716 (2d Cir. 1992). In order for a state cause of action to survive, it must have an "extra element" beyond mere reproduction, preparation of derivative works, distribution, performance or display, that "changes the nature of the action so that it is qualitatively different from a copyright infringement claim." Id. In the Second Circuit, to determine whether a state law claim meets this standard, the Court must "determine what plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." Id. An action "will not be saved from preemption by elements such as awareness or intent, which alter the action's scope but not its nature." Id.

The Second Circuit has held that state law claims such as breach of contract,

---

substantial similarity between the Nasal Clear Product and the Gusler Drawings.

misappropriation and unjust enrichment claims that are based on the copying of the plaintiff's copyrighted works are preempted by Section 301 of the Copyright Act. Arpaia v. Anheuser-Busch Cos., Inc., 55 F. Supp.2d 151 (W.D.N.Y. 1999)(holding that breach of contract was preempted where the complaint stated that the claim was based on defendant's alleged use of the copyrighted works); American Movie Classics Co. v. Turner Entertainment Co., 922 F. Supp. 926 (S.D.N.Y. 1996)(holding that breach of contract claim was preempted where the express contract governed rights equivalent to those under the Copyright Act); Wolff v. Inst. of Elec and Elecs. Eng'rs., Inc. 768 F. Supp. 66, 69 (S.D.N.Y. 1991)(holding that the breach of contract claim was preempted where the alleged breach was an infringement of the plaintiff's copyright); Computer Assocs. Int'l. Inc. v. Altai, Inc., 982 F.2d 693, 716 (2d Cir. 1992)(misappropriation claims grounded in the copying of copyrighted works are preempted); Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004) (holding unjust enrichment claim based on the copying of a copyrighted work to be preempted and quoting 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 1.01[B][1][g](2003)  "[A] state law cause of action for unjust enrichment or quasi contract should be regarded as an 'equivalent right' and hence, pre-empted insofar as it applies to copyright subject matter."); see also Phillips v. Audio Active Ltd., 494 F.3d 378 (2d Cir. 2007) (remanding for determination of whether unjust enrichment claims are preempted and expressing view that it is likely that they are).

      Dismissal of the Fourth, Fifth and Sixth Causes of Action of Plaintiff's Complaint is appropriate here because all of these claims are preempted. The same allegations of fact that form the basis for the copyright infringement claim, namely the copying and

7

distribution of the Gusler Drawings, are the underlying facts alleged for the Breach of Contract, Misappropriation of Trade Secrets and Unjust Enrichment claims. Accordingly, since there is no qualitative difference between these State Law Claims and the copyright infringement claims, all three State Law Claims should be dismissed as preempted by the Copyright Act.

    B.  Plaintiff's Fourth, Fifth and Sixth Causes of Action
<u>Should Be Dismissed For Lack of Subject Matter Jurisdiction</u>

In addition, if the Court dismisses the copyright infringement claim against Fischer, the State Law Claims should be dismissed for lack of subject matter jurisdiction.  Since there is no diversity[5], Plaintiff relies upon supplemental subject matter jurisdiction, 28 U.S.C. §1367(a), to support these State Law Claims. (Complaint, ¶ 13).

When the plaintiff's sole federal claim is dismissed for failure to state a claim, plaintiff's remaining state law claims must also be dismissed.  See, <u>Nowak v. Ironworkers Local 6 Pension Fund</u>, 81 F.3d 1182, 1187 (2d Cir. 1996). ( "While the district court may, at its discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction, see 28 U.S.C. §1367(c)(3), it cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction.").  Therefore, since Plaintiff's copyright infringement claim is the only claim asserted over which the Court has original jurisdiction, and that claim is properly dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6), this Court cannot exercise supplemental jurisdiction over

---

[5]Plaintiff Gusler is a New Jersey resident (Complaint, ¶ 1) and Defendant Toy R Us, Inc. is a citizen of New Jersey.  (Complaint, ¶ 9).

8

Plaintiff's state law claims.

Even if it were possible for the Court to exercise its discretion and maintain supplemental jurisdiction over these claims, to do so would be inappropriate in a case such as this, where discovery has not even begun.  See, <u>Baylis v. Marriot Corp.</u>, 843 F. 2d 658, 665 (2d Cir. 1988) citing <u>Mine Workers v. Gibbs</u>, 383 U.S. 715, 725, 86 S.Ct. 1130, 138 (1966).( "When all bases for federal jurisdiction have been eliminated from a case so that only pendant state law claims remain, the federal court should <u>ordinarily</u> dismiss the state claims.  At this early stage in the proceedings judicial economy and fairness do not demand that the federal courts hear the pendant claim.") (emphasis supplied).

As the Second Circuit held in <u>Baylis</u>, orphaned state law claims should only be retained in federal court when there are compelling reasons of economy, convenience and fairness. Since the instant case has only just begun, there are no economy, efficiency or fairness considerations that warrant the retention of jurisdiction over these state law claims.

IV.  FISCHER SHOULD RECOUP HIS COSTS
     <u>AND REASONABLE ATTORNEY FEES</u>

Pursuant to Section 505 of the Copyright Act, the Court "may ... award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. §505. Such an award is available, within the Court's discretion, to either the plaintiff or the defendant.  <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517, 534 (1994).

Here, as set forth in the Motion to Dismiss filed by the NasalClear Product Defendants, Plaintiff's claims are objectively unreasonable.

**CONCLUSION**

For all of the reasons stated above, the First, Fourth, Fifth and Sixth Causes of Action of Plaintiff's Complaint should be dismissed, and Defendant Fischer should be awarded his reasonable costs and attorney fees.

Respectfully submitted,

**GOTTLIEB RACKMAN & REISMAN**
Attorneys for Defendant Matthew Fischer
270 Madison Avenue, 8th Floor
New York, NY 10016
(212) 684-3900

DATED:   New York, New York
         January 8, 2008

By:   /s/ Yuval H. Marcus
      Michael I. Rackman (MR 2142)
      Jeffrey M. Kaden (JK 2632)
      Yuval H. Marcus (YM 5348)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of Defendant Matthew Fischer's Notice of Motion to Dismiss and accompanying Memorandum of Law in support, have been sent via first class U.S. mail, postage paid on the 8th day of January, 2008, to counsel for the parties addressed as follows:

>Charles von Simson, Esq.
>Stephen M. Chin, Esq.
>von Simson & Chin LLP
>62 William Street, 6th Floor
>New York, New York 10005
>
>Sheldon Palmer, Esq.
>Galvin & Palmer
>630 Third Avenue, 23rd Floor
>New York, New York 10017
>
>Philip Furgang, Esq.
>Furgang & Adwar, L.L.P.
>1325 Avenue of the Americas, 28th Floor
>New York, New York 10019
>
>David Jaroslawicz, Esq.
>Jaroslawicz & Jaros, LLC
>225 Broadway, 24th Floor
>New York, New York 10007

I further certify that I caused the foregoing documents to be filed electronically with the U.S. District Court for the Southern District of New York on January 8, 2008 through the Court's ECF System.

/s/ Yuval H. Marcus