UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY GUSLER,

               Plaintiff,

        v.

MATTHEW FISCHER, SALVATORE
GUERRERI, PETER J. LISTRO ASSOCIATES,
LTD., UNISAR, INC., AVITA CORPORATION,
TARGET CORPORATION, TOYS "R" US,
INC., AMAZON.COM, INC. and CHELSEA &
SCOTT, LTD. d/b/a ONESTEP AHEAD,

               Defendants.

Case No.  07 CV 9535 (RWS)


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND 56 OF
DEFENDANTS PETER J. LISTRO ASSOCIATES, INC., UNISAR, INC.,
TARGET CORPORATION, TOYS "R" US, INC., AMAZON.COM, INC.,
CHELSEA & SCOTT, LTD. AND WAL-MART STORES, INC.**

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ....................................................................................................................... 3

   I.   CORPORATE DEFENDANTS' MOTION TO DISMISS SHOULD BE  DENIED
      BECAUSE PLAINTIFF HAS PLED VALID COPYRIGHT INFRINGEMENT AND
      UNJUST ENRICHMENT CLAIMS.................................................................... 3

      A.   Plaintiff Has Pled a Valid Claim for Copyright Infringement Against Corporate
          Defendants. ............................................................................................... 4

      B.   Plaintiff Has Pled a Valid Claim for Unjust Enrichment Against Corporate
          Defendants................................................................................................. 4

   II.   THE COURT SHOULD NOT CONVERT CORPORATE DEFENDANTS'
      MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT.......... 5

   III.   IF THE COURT WERE TO CONSIDER CORPORATE DEFENDANTS'
      MOTION FOR SUMMARY JUDGMENT, IT SHOULD DENY THE MOTION
      BECAUSE SUBSTANTIAL SIMILARITY IS A FACT-INTENSIVE ISSUE
      THAT SHOULD NOT BE RESOLVED ON THE PLEADINGS OR BASED ON
      AN INCOMPLETE  FACTUAL "RECORD" OF UNAUTHENTICATED
      DOCUMENTS. ............................................................................................... 8

      A.   Substantial Similarity Is A Fact-Intensive Issue That Should Not Be Determined
          on the Pleadings. ........................................................................................ 8

      B.   Substantial Similarity Should Not Be Determined on a Pre-Discovery "Record" .of
          Unauthenticated Documents......................................................................... 9

   IV.   PLAINTIFF'S COPYRIGHT IN HIS DESIGN DRAWINGS PREVENTS
      DEFENDANTS FROM MAKING, SELLING OR DISTRIBUTING THE
      PRODUCT, WHICH IS ITSELF A COPY OF PLAINTIFF'S COPYRIGHTED
      DRAWINGS. ............................................................................................... 11

   V.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS ENTIRELY INDEPENDENT
      FROM HIS COPYRIGHT INFRINGEMENT CLAIM  AND IS NOT PREEMPTED
      BY THE COPYRIGHT ACT. ....................................................................... 13

   VI.   CORPORATE DEFENDANTS' APPLICATION FOR ATTORNEYS' FEES IS
      UTTERLY WITHOUT MERIT AND SHOULD BE DENIED............................. 15

CONCLUSION.................................................................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Ann Howard Designs, L.P. v. Southern Frills</u>, 7 F.Supp.2d 388, 390 (S.D.N.Y.1998) ......... 15

<u>Ariel (UK), Ltd. v. Reuters Group PLC</u>, 2007 WL 194683 at *2, 2007 U.S. Dist. LEXIS
7423, Case No. 05 Civ. 9646 (S.D.N.Y. January 24, 2007) ............................................... 15

<u>Axelrod v. Cherveny Architects, P.C.</u>, 2007 WL 708798, Case No. 05 Civ. 711 (E.D.N.Y.
March 6, 2007) ..................................................................................................................... 9

<u>Brandir Int'l, Inc. v. Cascade Pacific Lumber Co.</u>, 834 F.2d 1142, 1143 (2d Cir.1987) ........ 11

<u>Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.</u>, 373 F.3d 296 (2d Cir. 2004), <u>cert. denied</u>, 544
U.S. 949 (2005) ................................................................................................................... 14

<u>Brignoli v. Balch Hardy and Scheinman, Inc.</u>, 645 F. Supp. 1201, 1205 (S.D.N.Y. 1986)
(Sweet, District Judge) ....................................................................................................... 13

<u>Brown v. Perdue</u>, 177 Fed. Appx. 121, 79 U.S.P.Q.2d 1958 (2d Cir. 2006) .......................... 10

<u>Chambers v. Time Warner</u>, 282 F.3d 147, 153 (2d Cir. 2002) ................................................. 7

<u>Chivalry Film Productions v. NBC Universal, Inc.</u>, 2007 WL 4190793, 2007 U.S. Dist. Lexis
86889, Case No. 05 Civ. 5627 (S.D.N.Y. November 27, 2007) ......................................... 16

<u>Chosun Int'l, Inc. v. Chrisha Creations, Ltd.</u> 413 F.3d 324, 327 (2d Cir. 2005) ..................... 11

<u>Computer Associates Intern., Inc. v. Altai, Inc.</u>, 982 F.2d 693, 717 (2d Cir. 1992) .............. 14

<u>Cortec Indus., Inc. v. Sum Holding L.P.</u>, 949 F.2d 42, 47 (2d Cir. 1991) .......................... 6, 7

<u>Cox v. Microsoft Corp.</u>, 8. A.D.3d 39, 40-41, 778 N.Y.S.2d 147 (1st Dept. 2004) ................. 5

<u>Crescent Publishing Group, Inc. v. Playboy Enterprises, Inc.</u>, 246 F.3d 142 (2d Cir. 2001) . 16

<u>Dangler v. New York City Off Track Betting Corp.</u>, 193 F.3d 130, 138 (2d Cir.1999) ......... 3

<u>Dreick Finanz AG v. Sun</u>, Case No. 89 Civ. 4347, 1989 WL 96626 at *4 (S.D.N.Y. 1989) ... 5

<u>eScholar, LLC v. Otis Educational Systems, Inc.</u>, 2005 WL 2977569 at *28, Case No. 04
Civ. 4051 (S.D.N.Y. Nov. 3, 2005) ............................................................................... 9, 12

<u>Felix the Cat Prods, Inc. v. California Clock Co.</u>, 2007 WL 103226 at *3, Case No. 04 Civ.
5714 DAB (S.D.N.Y. March 30, 2007) .............................................................................. 8

Finkelstein v. Mardkha, 495 F.Supp.2d 329, 344 (S.D.N.Y. 2007) ........................................ 5

Great American Fun Corp. v. Hosung New York Trading, Inc., 1997 WL 129399, Case No. 96 Civ. 2986 (S.D.N.Y. March 21, 1997)........................................................................... 16

Hackney v. Lehrer McGovern Bovis, 42 U.S.P.Q.2d 1727 (E.D. Pa. 1997)......................... 12

Harper & Row, Publishers, Inc. v. Nation Enterprises, 723 F.2d 195, 200 (2d Cir.1983), rev'd on other grounds, 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985)......................... 13

Hoehling v. Universal City Studios, Inc., 618 F.2d 972, 977 (2d Cir. 1980) .......................... 9

Hudson v. Imagine Entertainment Corp., 128 Fed. Appx. 178 (2d Cir. 2005)................. 14-15

Kieselstein-Cord v. Accessories By Pearl, Inc., 632 F.2d 989, 992-93 (2d Cir.1980) .......... 11

Krijn v. Pogue Simone Real Estate Co. 896 F.2d 689 (2d Cir. 1990) ................................. 7-8

Nicholls v. Tufenkian Import/Export Ventures, Inc., 71 U.S.P.Q.2d 1478, 2004 WL 1399187 at *3, Case No. 04 Civ. 2110 WHP (S.D.N.Y. June 23, 2004) ........................................... 9

Niemi v. American Axle Manufacturing & Holding Inc. 2006, 2006 U.S. Dist. LEXIS 50153 (E.D. Mich. July 24, 2006) .............................................................................................. 12

Niemi v. NHK Spring Co., Ltd., 2007 U.S. Dist. LEXIS 63502 *8-9 (N.D. Ohio Aug. 27, 2007) .............................................................................................................................. 12

Phillips v. Audio Active, Ltd., 494 F.3d 378 (2d Cir. 2007) ................................................ 14

Polsby v. St. Martin's Press, Inc., 2007 WL 98057, 2000 U.S. Dist. Lexis 596, Case No. 97 Civ. 690 (S.D.N.Y. Jan. 18, 2000)................................................................................... 16

Price v. Fox Entertainment Group, Inc., 2007 WL 241389 at *6, Case No. 05 Civ. 5259 (S.D.N.Y. Jan. 26, 2007)................................................................................................... 9

Reading Int'l, Inc. v. Oaktree Capital Mgmt. 317 F. Supp.2d 301, 333-34 (S.D.N.Y. 2003).. 5

Seip v. Commonwealth Plastics, 85 F. Supp 741 (D. Mass. 1949) ....................................... 12

Sharp v. Patterson, 73 U.S.P.Q.2d 1481, 2004 WL 2480426 at *14, Case No. 03 Civ. 8772 (S.D.N.Y. Nov. 3, 2004) .................................................................................................. 12

Sperry v. Crompton Corp., 8 N.Y.3d 204, 215-16, 863 N.E.2d 1012 (N.Y. 2007)................. 5

Terrell v.Eisner, 104 Fed. Appx. 210 (2d Cir. 2004)........................................................... 15

U2 Home Entertainment, Inc. v. Kylin TV, Inc., 2007 WL 2028108 at *1, Case No. 06 Civ.
    02770 (E.D.N.Y. July 11, 2007) ..................................................................................... 4, 7

Williams v. Crichton, 84 F.3d 581, 587-88 (2 d Cir. 1996).................................................... 10

**Rules**

Fed.R.Civ.P 12(b)(6)............................................................................................................. 2
Fed.R.Civ.P. 8(a)(2)............................................................................................................. 3

Plaintiff Timothy Gusler, by his undersigned counsel, respectfully submits this Memorandum of Law in Opposition to the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 56 of Defendants Peter J. Listro Associates, Ltd. ("Listro"), Unisar, Inc. ("Unisar"), Target Corporation, Toys "R" Us, Inc., Amazon.com, Inc., Chelsea & Scott, Ltd. and Wal-Mart Stores, Inc. (collectively "Corporate Defendants") (Corporate Defendants' memorandum of law is cited herein as "Corporate Defendants Memo").

## **<u>INTRODUCTION</u>**

Plaintiff has pled the elements of meritorious copyright infringement (Complaint, Second and Third Causes of Action) and unjust enrichment (Sixth Cause of Action) claims against the Corporate Defendants.  In support of his copyright infringement causes of action, plaintiff alleges that he owns a copyright registration in his design drawings and that Corporate Defendants Unisar and Listro, in concert with the individual defendants, copied plaintiff's copyrighted design drawings into the Nasal Clear product. (Complaint ¶¶ 18, 38, 43).  Plaintiff also alleges that the infringing Nasal Clear product is currently being distributed and sold by Listro, Unisar, Target Corporation, Toys "R" Us, Inc., Amazon.com, Inc., Chelsea & Scott, Ltd. and Wal-Mart Stores, Inc. in violation of plaintiff's exclusive rights under the Copyright Act. 17 U.S.C. § 106. (Complaint ¶¶ 35, 47 and 48).  As set forth below, those allegations are more than adequate to state claims for copyright infringement and unjust enrichment.  Corporate Defendants' motion should be denied on those grounds alone.

In their motion to dismiss, Corporate Defendants assert that the Court should short-circuit the entire discovery process, convert their motion to dismiss into a motion for summary judgment and decide the fact-intensive issue of substantial similarity based on

unauthenticated photographs of the Nasal Clear product and a demonstrative exhibit that plaintiff had never seen before the motion was filed. (Corporate Defendant's Memo, Points I and II). Not surprisingly, Corporate Defendants do not cite a single case in which a court converted a motion to dismiss into a motion for summary judgment to consider documents unknown to the plaintiff prior to the motion.

Contrary to Corporate Defendants unfounded arguments, the Second Circuit has emphasized that courts should not convert motions to dismiss into motions for summary judgment unless the documents to be considered on summary judgment were actually relied on by the plaintiff in drafting the complaint. Furthermore, as discussed in detail below, courts have consistently denied motions to dismiss and for summary judgment based on the issue of substantial similarity because the comparison of the works at issue is a factual inquiry best left to the jury.

Corporate Defendants mischaracterize plaintiff's pleadings by arguing that plaintiff's copyright in his drawings does not allow him to prevent Corporate Defendants from manufacturing the Nasal Clear product based on those drawings. (Corporate Defendants' Memo, Point III). That argument does not address the allegations in the complaint. Plaintiff alleges that the Nasal Clear product is itself a copy of the design elements of his drawings, and therefore infringes his copyright. The law briefed below is clear that by copying original design elements of plaintiff's drawing into their product, and by distributing and selling the infringing product, Corporate Defendants are infringing plaintiff's copyright.

Corporate Defendants also mischaracterize plaintiff's unjust enrichment claim. (Corporate Defendants' Memo, Points IV and V). Corporate Defendants' arguments for dismissal are based on the incorrect premise that plaintiff's unjust enrichment claim is based

on the same allegations of unauthorized copying that support his copyright infringement

cause of action. That argument is incorrect.  Plaintiff's unjust enrichment claim addresses the

acquisition of plaintiff's confidential information by Corporate Defendants, which was

disclosed to and acquired by them in contravention of the non-disclosure agreement between

defendant Matthew Fischer and plaintiff.  (Complaint Exhibit B).  Consequently, Corporate

Defendants' two arguments for dismissal of plaintiff's unjust enrichment claim fail in

tandem: plaintiff has stated a valid infringement claim that is wholly distinct from his unjust

enrichment claim and the unjust enrichment claim is not preempted by the Copyright Act.

Finally, Corporate Defendants' application for attorneys' fees is absurd. (Corporate

Defendants' Memo, Point VI).  Plaintiff has properly stated claims for copyright

infringement and unjust enrichment, while Corporate Defendants have made an ill-

considered motion based on a mischaracterization of the allegations of the complaint and

several erroneous legal arguments based either on no relevant authority or outdated authority.

The application for fees should be denied.

## ARGUMENT

### I. CORPORATE DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED BECAUSE PLAINTIFF HAS PLED VALID COPYRIGHT INFRINGEMENT AND UNJUST ENRICHMENT CLAIMS.

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept

all factual allegations as true and draw all reasonable inferences in the non-moving party's

favor.  Fed.R.Civ.P 12(b)(6); Dangler v. New York City Off Track Betting Corp., 193 F.3d

130, 138 (2d Cir.1999). A motion to dismiss pursuant to Rule 12(b)(6) must be read in

conjunction with Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a) sets forth the

requirements for pleading a claim in federal court and directs that a pleading contain a "short

and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.

8(a)(2).   U2 Home Entertainment, Inc. v. Kylin TV, Inc., 2007 WL 2028108 at *1, Case No.

06 Civ. 02770 (E.D.N.Y. July 11, 2007).

### A.    Plaintiff Has Pled a Valid Claim for Copyright Infringement Against Corporate Defendants.

The elements of a copyright infringement claim are: (1) ownership of a valid copyright,

and (2) copying of constituent elements of the work that are original. See Feist Publ'ns, Inc.

v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Under

the case law of this Circuit, to plead those elements sufficiently for purposes of Rule 8, a

complaint must allege: (1) which specific original works are the subject of the copyright

claim; (2) that plaintiff owns the copyrights in those works; (3) that the copyrights have been

registered in accordance with the statute; and (4) a description of the specific acts, including

time frame, allegedly committed by the defendant that infringed on the copyright. U2 Home

Entertainment, 2007 WL 2028108 at *4.

Plaintiff has appended to his complaint the copyright registration for the work at issue

in this case.  The registration certificate satisfies the first three elements of the pleading

requirement: (1) it identifies the work that is the subject of the claim; (2) it demonstrates that

plaintiff owns the copyright in the work; and (3) it establishes that the copyright has been

registered in accordance with the statute.  Plaintiff has satisfied the fourth pleading

requirement by alleging that between Summer 2002 and Winter 2006, Corporate Defendants

copied plaintiff's Design Drawings in the NasalClear product and are now distributing and

selling the infringing product.  (Complaint ¶¶ 19, 34, 35 and 43).

### B.    Plaintiff Has Pled a Valid Claim for Unjust Enrichment Against Corporate Defendants.

Under New York law, the basic elements of an unjust enrichment claim are: 1)

defendant was enriched; 2) such enrichment was at the expense of the plaintiff; and 3) the

circumstances were such that in equity and good conscience the defendant should make restitution. Finkelstein v. Mardkha, 495 F.Supp.2d 329, 344 (S.D.N.Y. 2007).

Plaintiff need not allege a direct relationship with Corporate Defendants to state a claim for unjust enrichment. Dreick Finanz AG v. Sun, Case No. 89 Civ. 4347, 1989 WL 96626 at *4 (S.D.N.Y. 1989) (stating that unjust enrichment does not require "plaintiff and defendants to have had direct dealings with one another"); Sperry v. Crompton Corp., 8 N.Y.3d 204, 215-16, 863 N.E.2d 1012 (N.Y. 2007) ("[A] plaintiff need not be in privity with the defendant to state a claim for unjust enrichment", though the connection between the plaintiff and defendant in that case was, as a matter of fact, "simply too attenuated to support such a claim."); Cox v. Microsoft Corp., 8. A.D.3d 39, 40-41, 778 N.Y.S.2d 147 (1st Dept. 2004) (direct dealing not required to state a claim for unjust enrichment). Cf. Reading Int'l, Inc. v. Oaktree Capital Mgmt. 317 F. Supp.2d 301, 333-34 (S.D.N.Y. 2003) (claims for unjust enrichment require a relationship between plaintiff and defendant).

Plaintiff has stated a claim for unjust enrichment. Plaintiff alleges that Corporate Defendants acquired his confidential design drawings from defendants Fischer and/or Guerreri in violation of the non-disclosure agreement between plaintiff and Fischer. By acquiring the confidential drawings in contravention of the agreement, Corporate Defendants received a benefit at plaintiff's expense. Therefore, Corporate Defendants' motion to dismiss the unjust enrichment claims should be denied.

## II.  THE COURT SHOULD NOT CONVERT CORPORATE DEFENDANTS' MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT.

The Court should not convert Corporate Defendants' motion to dismiss into a motion for summary judgment because plaintiff did not rely in drafting his complaint on the photographs and purported demonstrative exhibit that Corporate Defendant has now

presented to the Court. (Corporate Defendants' Memo, Point I, pp. 6-7). Furthermore, plaintiff had no notice of those documents prior to receipt of the affirmation of Corporate Defendants' counsel.

Corporate Defendants have presented three exhibits in support of their purported motion for summary judgment. (Affirmation of Sheldon Palmer In Support of Motion to Dismiss ("Palmer Aff."), Exhibits 1 – 3). Exhibit 1 is a copy "of part of" plaintiff's design drawings, which were attached in full to the Complaint as Exhibit A. (Palmer Aff. ¶ 1). Exhibit 2 purports to be a copy of "on-line advertisements" for the Nasal Clear product. (Palmer Aff. ¶ 2). Exhibit 3 is a demonstrative exhibit purporting to be a "side-by-side comparison of the embodiment of plaintiff's drawing" and the Nasal Clear product. (Palmer Aff. ¶ 3).

Corporate Defendants argue that the Court should compare the "on-line advertisements" to "part of" plaintiff's drawings and an "embodiment" of plaintiff's drawings to make a factual determination of the issue of the substantial similarity between plaintiff's drawings and the product. Corporate Defendants argue that the exhibits should be considered because plaintiff  "had to have the accused product before him (how else could he accuse defendants of copying his technical drawings?). Therefore, Gusler can assert no sustainable claim of surprise or unpreparedness." (Corporate Defendants' Memo, pp. 6-7).

That argument fails because it ignores the governing law. On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b). Construing the rule, the Second Circuit Court of Appeals held in Cortec Indus., Inc. v. Sum

Holding L.P., 949 F.2d 42, 47  (2d Cir. 1991), that a court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, ... matters of which judicial notice may be taken, or ... documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Id. at 47.  In Chambers v. Time Warner, 282 F.3d 147, 153 (2d Cir. 2002), the Second Circuit emphasized that the key consideration was whether the plaintiff had relied on the document in question when it drafted the complaint: "Because this standard has been misinterpreted on occasion, we reiterate here that a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." Id. At 153 (emphasis in original).

In U2 Home Entertainment, 2007 WL 2028108, the court applied Cortec and Chambers in the context of defendants' request that its motion to dismiss a copyright infringement claim be converted into motion for summary judgment.  Based on the Cortect and Chambers holdings, the court converted the motion, but considered only pre-suit correspondence between the parties and not consider documents annexed as exhibits to an attorney affidavit.

Corporate Defendants' reliance on Krijn v. Pogue Simone Real Estate Co. 896 F.2d 689 (2d Cir. 1990) is unavailing.  As a threshold matter, that case was decided before either Cortec or Chambers and therefore does not cite those cases or their emphasis that reliance on a document in drafting the complaint is a prerequisite to consideration of that document on a motion to dismiss.  Furthermore, the Krijn court reversed the district court's decision to consider the documents in question, in substantial part because by doing so, the district court impermissibly deprived the plaintiff of a reasonable opportunity to present evidence to

support her claims.  According to the court: "It is quite clear that the court converted a motion addressed to the face of appellant's complaint into a test of her ultimate ability to substantiate the sufficient allegations it contained." Id. At 690.  "We express no view as to whether or not [defendants] are entitled to summary judgment on any of the grounds they press before us; we remand simply so that appellant may have a full opportunity to show that they are not." Id. At 690-91.

This Court should not undertake the determination of a complex factual issue by comparing a partial photograph of the Nasal Clear product to plaintiff's design drawings. Although plaintiff had an actual Nasal Clear product when he drafted the complaint, he did not have the photographs or demonstrative exhibit purportedly depicting the product.  He certainly did not rely on those documents in drafting his claims.  For the reasons set forth above, the Court should exclude the Palmer exhibits and deny Corporate Defendants' motion pursuant to Rule 12(b)(6).

**III.    IF THE COURT WERE TO CONSIDER CORPORATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, IT SHOULD DENY THE MOTION BECAUSE SUBSTANTIAL SIMILARITY IS A FACT-INTENSIVE ISSUE THAT SHOULD NOT BE RESOLVED ON THE PLEADINGS OR BASED ON AN INCOMPLETE  FACTUAL "RECORD" OF UNAUTHENTICATED DOCUMENTS.**

**A.    Substantial Similarity Is A Fact-Intensive Issue That Should Not Be Determined on the Pleadings.**

The weight of the authority in this Circuit supports the position that the issue of substantial similarity is highly fact-sensitive and should be determined by the jury, not on the pleadings.  Felix the Cat Prods, Inc. v. California Clock Co., 2007 WL 103226 at *3, Case No. 04 Civ. 5714 DAB (S.D.N.Y. March 30, 2007) ([W]hether there exists a substantial similarity between the two characters is a highly fact-specific question better left to the province of a jury.  Accordingly, Defendants motion to dismiss the copyright claim on this

basis is denied.") (motion to dismiss denied); <u>Nicholls v. Tufenkian Import/Export Ventures, Inc.</u>, 71 U.S.P.Q.2d 1478, 2004 WL 1399187 at *3, Case No. 04 Civ. 2110 WHP (S.D.N.Y. June 23, 2004) ("A determination of the extent of similarity that will constitute substantial similarity presents a highly fact specific question.  For that reason, copyright cases are rarely dismissed on a 12(b)(6) motion.") ((Internal citations omitted) (motion to dismiss denied). <u>Sharp v. Patterson</u>, 73 U.S.P.Q.2d 1481, 2004 WL 2480426 at *14, Case No. 03 Civ. 8772 GEL (S.D.N.Y. Nov. 3, 2004) (Determination of substantial similarity is "fact-intensive" and cannot be resolved on a motion to dismiss.).  Corporate Defendants' motion should be dismissed on these grounds alone.

    **B.**    **Substantial Similarity Should Not Be Determined on a Pre-Discovery "Record" of Unauthenticated Documents.**

        **1.**    **Even In the Context of a Full Factual Record, Substantial Similarity Should Ordinarily Be Determined By the Jury.**

Corporate Defendants argue that the issue of substantial similarity should be decided as a matter of law on their converted motion for summary judgment.  (Corporate Defendants Memo, Point II, p. 8).  However, even in the context of a fully developed factual record, courts have generally observed that "[s]ubstantial similarity is customarily an extremely close question of fact" that should be determined by the jury.  <u>Price v. Fox Entertainment Group, Inc.</u>, 2007 WL 241389 at *6, Case No. 05 Civ. 5259 (S.D.N.Y. Jan. 26, 2007) (citing <u>Hoehling v. Universal City Studios, Inc.</u>, 618 F.2d 972, 977 (2d Cir. 1980) (motion for summary judgment denied); <u>eScholar, LLC v. Otis Educational Systems, Inc.</u>, 2005 WL 2977569 at *28, Case No. 04 Civ. 4051 (S.D.N.Y. Nov. 3, 2005) (motion for summary judgment denied); <u>Axelrod v. Cherveny Architects, P.C.</u>, 2007 WL 708798, Case No. 05 Civ. 711 (E.D.N.Y. March 6, 2007) (motion for summary judgment on substantial similarity denied).

The cases cited by Corporate Defendants on this point are readily distinguishable from the

present case.  In <u>Williams v. Crichton</u>, 84 F.3d 581, 587-88 (2 d Cir. 1996), the district court

granted summary judgment only after the completion of discovery.  In that case, the plaintiff had

a full opportunity to present evidence in support of her claim and to test the scope and

sufficiency of defendant's proof.  In <u>Brown v. Perdue</u>, 177 Fed. Appx. 121, 79 U.S.P.Q.2d 1958

(2d Cir. 2006), the court converted declaratory judgment plaintiff's motion to dismiss into a

motion for summary judgment after accepting defendant's own book as material outside to be

considered outside the pleadings.

> **2.    The Photographs Presented by Corporate Defendants In Support of Their Motion Do Not Constitute A Meaningful Factual Record.**

The product photographs presented by Corporate Defendants in support of their

purported motion for summary judgment are wholly unauthenticated and do not provide the

Court with a meaningful basis of comparison between plaintiff's drawings and the Nasal Clear

product.  In his affirmation in support of Corporate Defendants' motion, counsel testifies that

Exhibit 2 to that affirmation, which purports to show the Nasal Clear product for comparison

purposes, is a copy of "on-line advertisements" for the product.  (Palmer Aff. ¶ 2).  But counsel

does not testify that the photo is an accurate depiction of the product itself, and it is impossible

for the Court to discern the accuracy of the photos from the record presented.  Furthermore, the

photograph depicts only a portion of the Nasal Clear product and is insufficiently clear to enable

an observer to identify all the product features.  In addition, the demonstrative exhibit purports to

show an "embodiment" of plaintiff's drawings, without any explanation of what "embodiment"

means in this context.  In short, the "record" presented by Corporate Defendants raises many

more questions (and issues of fact) than it answers.  Therefore, the Court cannot make a

comprehensive comparison between plaintiff's design drawings and the actual Nasal Clear

product based on that record.

Corporate Defendants do not cite a single case in which a court granted a motion for summary judgment prior to discovery, based solely on unauthenticated documents unknown to the plaintiff before the motion was filed. Their ill-considered purported motion for summary judgment should be denied.

**IV.    PLAINTIFF'S COPYRIGHT IN HIS DESIGN DRAWINGS PREVENTS DEFENDANTS FROM MAKING, SELLING OR DISTRIBUTING THE PRODUCT, WHICH IS ITSELF A COPY OF PLAINTIFF'S COPYRIGHTED DRAWINGS.**

Defendants mischaracterize plaintiff's allegations in their argument concerning the copyright afforded to useful articles. (Corporate Defendants' Memo, Point III, pp. 9-10). Plaintiff does not allege, as defendants contend, that his copyright in his design drawings prohibits defendants from manufacturing any nasal aspirator device based on his drawings. Rather, plaintiff alleges that Corporate Defendants are infringing his copyrights by marketing, distributing and selling the infringing Nasal Clear product, which incorporates original design elements copied from his drawings.  (Complaint ¶¶ 43 and 47).

While "useful articles," taken as a whole are not eligible for copyright protection, the design elements comprising such items are protectable. Chosun Int'l, Inc. v. Chrisha Creations, Ltd. 413 F.3d 324, 327 (2d Cir. 2005). The line between protectable separable design elements and unprotectable inseparable functional elements is not always clear. See Brandir Int'l, Inc. v. Cascade Pacific Lumber Co., 834 F.2d 1142, 1143 (2d Cir.1987) ("the line Congress attempted to draw between copyrightable art and noncopyrightable design" is not clear); Kieselstein-Cord v. Accessories By Pearl, Inc., 632 F.2d 989, 992-93 (2d Cir.1980) ("[N]one of the authorities . . . offer any ready answer to the line-drawing problem." (internal quotation marks omitted).  Therefore, detailed factual evidence is often necessary to properly distinguish between protectable and non-protectable elements.  Even

"[e]xpert testimony may be required to determine if any elements are necessary to the function of the works in question, and thus unprotectable. eScholar, 2005 WL 2977569 at *24.

The cases cited by Corporate Defendants are easily distinguishable from the instant case. In both Niemi v. American Axle Manufacturing & Holding Inc. 2006, 2006 U.S. Dist. LEXIS 50153 (E.D. Mich. July 24, 2006) and Niemi v. NHK Spring Co., Ltd., 2007 U.S. Dist. LEXIS 63502 *8-9 (N.D. Ohio Aug. 27, 2007), the copyrighted drawings were used to build an industrial machine for manufacturing automobile stabilizer bars. The machinery was purely functional and did not incorporate any sort of original design elements. Hence those courts did not have to consider alleged copying of original design elements of the copyrighted drawings.[1] In the instant case, the copyrighted drawing depicts a consumer product that includes original design elements intended to appeal to consumers, not to enhance its functionality.

Corporate Defendants' reliance on Seip v. Commonwealth Plastics, 85 F. Supp 741 (D. Mass. 1949) and Hackney v. Lehrer McGovern Bovis, 42 U.S.P.Q.2d 1727 (E.D. Pa. 1997) is also misplaced. Both courts found that any potentially copyrightable design elements in the drawings were not copied. The Seip court noted that "[t]he article which he copyrighted, namely, the physical hand-drawn picture of the idea which he possessed, bears no resemblance whatsoever to the display card with which the defendant advertises its product." Likewise, Hackney dealt with a copyright for a 13-inch scale model of an elevated conveyor belt system. The court noted that the only design aspect that the plaintiff claimed

---

[1] Contrary to Corporate Defendants' contention, the NHK court did not reach any holding concerning the scope of copyright in drawings of a chair, automobile, industrial machine or a dress.

was copied was the fact that the device was elevated, which the court found to be
uncopyrightable. Neither case stands for the proposition that the design elements of a useful
article cannot infringe on a copyrighted drawing.

**V.     PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS ENTIRELY
        INDEPENDENT FROM HIS COPYRIGHT INFRINGEMENT CLAIM
        AND IS NOT PREEMPTED BY THE COPYRIGHT ACT.**

Plaintiff's unjust enrichment claim is based on the same allegations that support his
claims for breach of the non-disclosure agreement and misappropriation of trade secrets
against Fischer and Guerreri: Corporate Defendants were unjustly enriched by their
acquisition of plaintiff's confidential information from defendant Fischer, who provided the
information to the Corporate Defendants in violation of the non-disclosure Agreement.
Consequently, Corporate Defendants' argument that the unjust enrichment claim fails with
the copyright infringement claim is meritless, especially since plaintiff has stated a valid
claim for copyright infringement. (Corporate Defendants' Memo, Point IV, p. 11).  Corporate
Defendants' argument that plaintiff's unjust enrichment claim is preempted by the Copyright
Act (Corporate Defendants' Memo, Point V, p. 12) also fails because the unjust infringement
action involves breach of the confidentiality agreement, not merely copying of plaintiff's
drawings.

This Court has held that common law claims involving trade secrets or breach of
confidentiality are different in kind from copyright infringement and are not preempted by
Section 301 of the Copyright Act. Brignoli v. Balch Hardy and Scheinman, Inc., 645 F. Supp.
1201, 1205 (S.D.N.Y. 1986) (Sweet, District Judge). "Pre-emption will not occur 'when a
state law violation is predicated upon an act incorporating elements beyond mere
reproduction or the like.'" Id. (quoting Harper & Row, Publishers, Inc. v. Nation Enterprises,
723 F.2d 195, 200 (2d Cir.1983), rev'd on other grounds, 471 U.S. 539, 105 S.Ct. 2218, 85

L.Ed.2d 588 (1985)).  In Brignoli, this Court found that plaintiff's claim for breach of an agreement or duty of confidentiality regarding material that may have been subject to copyright was not equivalent to a copyright infringement claim.  Brignoli, 645 F. Supp. At 1205.

The Second Circuit has held that where the plaintiff's claims are "grounded upon a defendant's breach of a duty of trust or confidence to the plaintiff through improper disclosure of confidential information . . . [t]he defendant's breach of duty is the gravamen of such trade secret claims and supplies the 'extra element' that qualitatively distinguishes such trade secret causes of action from claims for copyright infringement that are based solely on copying." Computer Associates Intern., Inc. v. Altai, Inc.,  982 F.2d 693, 717 (2d Cir. 1992). Although this case is concededly different from Computer Associates in that the Corporate Defendants acquired rather than disclosed the confidential information, the claim is nonetheless grounded in the disclosure of confidential information, and therefore distinct from a claim for copyright infringement.

The primary case cited by Corporate Defendants on this point supports plaintiff's argument. In Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004), cert. denied, 544 U.S. 949 (2005), the court held that plaintiff's claim for a breach of fiduciary duty was not preempted by the Copyright Act because alleged fiduciary duty added an extra element that made the claim qualitatively different from a claim of copyright infringement. Id. at 307. (citing Computer Associates, 982 F.2d at 717).

None of the other cases cited by Corporate Defendants addresses the breach of a duty of confidentiality, or any analogous duty. Phillips v. Audio Active, Ltd., 494 F.3d 378 (2d Cir. 2007)(discussed applicability of forum selection clauses); Hudson v. Imagine

14

Entertainment Corp., 128 Fed. Appx. 178 (2d Cir. 2005) (unfair competition claim

preempted, no duty of confidentiality alleged); Terrell v.Eisner, 104 Fed. Appx. 210 (2d Cir.

2004) (claim for misappropriation of proposals for films and sitcoms preempted; no duty of

confidentiality alleged).

Plaintiff's claim that Corporate Defendants have been unjustly enriched by their

acquisition of his design drawings in contravention of the confidentiality agreement between

plaintiff and Matthew Fischer incorporates the "extra element" that distinguishes it from an

action based simply on unauthorized copying. Therefore, plaintiff's unjust enrichment claim

is not preempted by the Copyright Act.

## VI.    CORPORATE DEFENDANTS' APPLICATION FOR ATTORNEYS' FEES
##         IS UTTERLY WITHOUT MERIT AND SHOULD BE DENIED.

For the reasons set forth above, plaintiff has pled valid, legally-sound causes of action

for copyright infringement and unjust enrichment against Corporate Defendants.  In

considering an award of fees in the copyright context, courts have generally concluded that

only those claims that are "clearly without merit or otherwise patently devoid of legal or

factual basis ought to be deemed objectively unreasonable." Ariel (UK), Ltd. v. Reuters

Group PLC, 2007 WL 194683 at *2, 2007 U.S. Dist. LEXIS 7423, Case No. 05 Civ. 9646

(S.D.N.Y. January 24, 2007) (Internal citations omitted).  The mere fact that a defendant has

prevailed does not necessarily equate with an objectively unreasonable claim. Id. (Citing Ann

Howard Designs, L.P. v. Southern Frills, 7 F.Supp.2d 388, 390 (S.D.N.Y.1998). Similarly,

the fact that a defendant has prevailed on a motion to dismiss or on summary judgment does

not require the court to award fees.  Id. Therefore, even in the unlikely event that Corporate

Defendants succeed on some aspect of their motion, there is no basis whatsoever for an

award of attorneys fees pursuant to the prevailing party provision of the Copyright Act.

The principal cases cited by Corporate Defendants demonstrate the sharp difference between this case and cases in which fees were properly awarded. In Crescent Publishing Group, Inc. v. Playboy Enterprises, Inc., 246 F.3d 142 (2d Cir. 2001), the district court dismissed plaintiff's claim for copyright infringement after plaintiff conceded at a pre-trial conference that it did not have proof of its ownership of the copyrights at issue in the case. The court then awarded defendant's fees sua sponte. Id. at 144. On appeal, the Second Circuit reversed the district court's award of fees, finding that the lower court abused its discretion in awarding fees before resolving certain factual issues. Id. at 147. The court in Chivalry Film Productions v. NBC Universal, Inc., 2007 WL 4190793, 2007 U.S. Dist. Lexis 86889, Case No. 05 Civ. 5627 (S.D.N.Y. November 27, 2007) awarded fees following its decision in favor of defendants on their motion for summary judgment on a full evidentiary record. The court found in awarding fees that the plaintiff had failed to provide any basis for concluding that defendants had infringed elements of his work. Id. at *3.

The other cases cited by Corporate Defendants are even further from the facts of this case. In Polsby v. St. Martin's Press, Inc., 2007 WL 98057, 2000 U.S. Dist. Lexis 596, Case No. 97 Civ. 690 (S.D.N.Y. Jan. 18, 2000), the court granted defendants' motion for summary judgment and then awarded fees in substantial part to deter plaintiff's appetite for vexatious litigation, finding that plaintiff had commenced a similarly meritless lawsuit in the District of Columbia for violation of her rights of privacy and publicity, as well as defamation, stemming from the same facts underlying her copyright infringement claim. Id. at *2. The plaintiff in Great American Fun Corp. v. Hosung New York Trading, Inc., 1997 WL 129399, Case No. 96 Civ. 2986 (S.D.N.Y. March 21, 1997), filed a sworn affidavit from the inventor of the allegedly copyrighted product on a critical issue of fact in the case. The court awarded

16

attorneys fees after the plaintiff conceded that the affidavit was "incorrect and misleading."

None of the elements present in the cited cases are present in this case. As an initial matter, no factual record at all has been developed on which to analyze the merits or reasonableness of the parties' respective positions. Furthermore, the plaintiffs have provided proof of their copyright ownership and have alleged a more than sufficient factual basis on which to claim copyright infringement and unjust enrichment. Corporate Defendants' conclusory and unsubstantiated opinions of plaintiff's claims do not provide any meaningful basis for a fee application.

## <u>CONCLUSION</u>

For the foregoing reasons, Corporate Defendants' motion to dismiss and purported motion for summary judgment should be denied.

Dated: New York, New York
      January 13, 2008

                                  Charles von Simson /s
                                  _____
                                  Stephen M. Chin (SC 8094)
                                  Charles von Simson (CV 1038)
                                  von Simson & Chin LLP
                                  62 William Street, Sixth Floor
                                  New York, New York 10005
                                  Telephone: (212) 514-8645
                                  Facsimile: (212) 514-8648

                                  Attorneys for Plaintiff Timothy Gusler