UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY GUSLER,

        Plaintiff,

    v.

MATTHEW FISCHER, SALVATORE GUERRERI, PETER J. LISTRO ASSOCIATES, LTD., UNISAR, INC., AVITA CORPORATION, TARGET CORPORATION, TOYS "R" US, INC., AMAZON.COM, INC. and CHELSEA & SCOTT, LTD. d/b/a ONESTEP AHEAD,

        Defendants.

Case No.  07 CV 9535 (RWS)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SALVATORE GUERRERI'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND 12(B)(1) AND REQUEST FOR COSTS AND ATTORNEY FEES PURSUANT TO 17 U.S.C. § 505**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ........................................................................................................................ 3

    I.    GUERRERI'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE PLAINTIFF HAS PLED VALID COPYRIGHT INFRINGEMENT, MISAPPROPRIATION OF TRADE SECRETS AND UNJUST ENRICHMENT CLAIMS…………………………………………………………………………..3

        A.    Plaintiff Has Pled a Valid Claim for Copyright Infringement Against Guerreri. ................................................................................................ 3

        B.    Plaintiff Has Pled a Valid Misappropriation of Trade Secrets Claim Against Guerreri. ................................................................................................ 4

        C.    Plaintiff Has Pled a Valid Claim for Unjust Enrichment Against Guerreri.... 5

    II.    THE COURT SHOULD NOT CONVERT GUERRERI'S MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT……………………………6

    III.    THE COURT SHOULD DENY GUERRERI'S MOTION FOR SUMMARY JUDGMENT BECAUSE SUBSTANTIAL SIMILARITY IS A FACT-INTENSIVE ISSUE THAT SHOULD NOT BE RESOLVED ON THE PLEADINGS OR BASED ON AN INCOMPLETE FACTUAL "RECORD" OF UNAUTHENTICATED DOCUMENTS………………………………………..9

        A.    Substantial Similarity Is A Fact-Intensive Issue That Should Not Be Determined on the Pleadings. ............................................................... 9

        B.    Substantial Similarity Should Not Be Determined on a Pre-Discovery "Record" of Unauthenticated Documents.......................................... 9

    IV.    PLAINTIFF'S MISAPPROPRIATION OF TRADE SECRETS AND UNJUST ENRICHMENT CLAIMS ARE NOT PREEMPTED BY THE COPYRIGHT ACT…………………………………………………………………………...11

    V.    THE COURT SHOULD EXERCISE PENDENT JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS EVEN IN THE UNLIKELY EVENT HIS COPYRIGHT INFRINGEMENT CLAIMS ARE DISMISSED………………….13

    VI.    GUERRERI'S APPLICATION FOR ATTORNEYS' FEES IS UTTERLY WITHOUT MERIT AND SHOULD BE DENIED……………………………..14

CONCLUSION................................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

American Movie Classics Co. v. Turner Entertainment Co., 922 F. Supp. 926 (S.D.N.Y. 1996) .................................................................................................................. 13

Ann Howard Designs, L.P. v. Southern Frills, 7 F.Supp.2d 388 (S.D.N.Y.1998) .................. 14

Ariel (UK), Ltd. v. Reuters Group PLC, 2007 WL 194683, 2007 U.S. Dist. LEXIS 7423, Case No. 05 Civ. 9646 (S.D.N.Y. January 24, 2007) .......................................... 14

Arpaia v. Anheuser Busch Companies, Inc., 55 F. Supp.2d 151 (W.D.N.Y. 1999).......... 12-13

Axelrod v. Cherveny Architects, P.C., 2007 WL 708798, Case No. 05 Civ. 711 (E.D.N.Y. March 6, 2007).................................................................................................. 10

Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004), cert. denied, 544 U.S. 949 (2005)................................................................................................ 12

Brignoli v. Balch Hardy and Scheinman, Inc., 645 F. Supp. 1201 (S.D.N.Y. 1986) ......... 4, 12

Brown v. Perdue, 177 Fed. Appx. 121, 79 U.S.P.Q.2d 1958 (2d Cir. 2006).......................... 10

Chambers v. Time Warner, 282 F.3d 147 (2d Cir. 2002)........................................................ 7

Computer Associates Intern., Inc. v. Altai, Inc.,  982 F.2d 693 (2d Cir. 1992)...................... 12

Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42  (2d Cir. 1991)..................................... 7

Dangler v. New York City Off Track Betting Corp., 193 F.3d 130 (2d Cir.1999) .................. 3

eScholar, LLC v. Otis Educational Systems, Inc., 2005 WL 2977569, Case No. 04 Civ. 4051 (S.D.N.Y. Nov. 3, 2005) .................................................................................... 10

Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)................................................................................................................. 3

Felix the Cat Prods, Inc. v. California Clock Co., 2007 WL 103226, Case No. 04 Civ. 5714 DAB (S.D.N.Y. March 30, 2007)........................................................................ 9

Finkelstein v. Mardkha, 495 F.Supp.2d 329 (S.D.N.Y. 2007) ................................................ 5

Harper & Row, Publishers, Inc. v. Nation Enterprises, 723 F.2d 195 (2d Cir.1983) ............. 12

Hoehling v. Universal City Studios, Inc., 618 F.2d 972 (2d Cir. 1980) .................................. 10

Krijn v. Pogue Simone Real Estate Co. 896 F.2d 689 (2d Cir. 1990) ....................................... 8

Nicholls v. Tufenkian Import/Export Ventures, Inc., 71 U.S.P.Q.2d 1478, 2004 WL 1399187,
    Case No. 04 Civ. 2110 WHP (S.D.N.Y. June 23, 2004) ....................................................... 9

Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182 (2d Cir. 1996) .......................... 13

Phillips v. Audio Active, Ltd., 494 F.3d 378 (2d Cir. 2007) ..................................................... 13

Price v. Fox Entertainment Group, Inc., 2007 WL 241389, Case No. 05 Civ. 5259 (S.D.N.Y.
    Jan. 26, 2007) ........................................................................................................................ 10

Sharp v. Patterson, 73 U.S.P.Q.2d 1481, 2004 WL 2480426, Case No. 03 Civ. 8772 GEL
    (S.D.N.Y. Nov. 3, 2004) ......................................................................................................... 9

U2 Home Entertainment, Inc. v. Kylin TV, Inc., 2007 WL 2028108 .............................. 3, 4,7

Williams v. Crichton, 84 F.3d 581(2d Cir. 1996) .................................................................... 10

Wolff v. Institute of Elec. and Electronics Engineers, 768 F. Supp. 66 (S.D.N.Y. 1991) ...... 13

**Statutes**

28 U.S.C. § 1367(a) ................................................................................................................... 13

**Rules**

Fed.R.Civ.P 12(b)(6) .................................................................................................................... 3

Plaintiff Timothy Gusler, by his undersigned counsel, respectfully submits this Memorandum of Law in Opposition to Defendant Salvatore Guerreri's Motion to Dismiss Pursuant Fed. R. Civ. P. 12(b)(6) and 12(b)(1) and for Attorney Fees Pursuant to 17 U.S.C. § 505 ("Guerreri Memo").

**INTRODUCTION**

Plaintiff has pled the elements of meritorious copyright infringement (Complaint, First Cause of Action), misappropriation of trade secrets (Fifth Cause of Action) and unjust enrichment (Sixth Cause of Action) claims against Guerreri. In support of his copyright infringement causes of action, plaintiff alleges that he owns a copyright registration in his design drawings and that Guerreri, along with defendant Matthew Fischer and the corporate defendants Unisar, Inc. and Peter J. Listro Associates, Ltd., copied plaintiff's copyrighted design drawings into the Nasal Clear product. (Complaint ¶¶ 18, 38, 43). Plaintiff also alleges that the infringing Nasal Clear product is currently being distributed and sold by Listro. Unisar, Target Corporation, Toys "R" Us, Inc., Amazon.com, Inc., Chelsea & Scott, Ltd. and Wal-Mart Stores, Inc. in violation of plaintiff's exclusive rights under the Copyright Act. (Complaint ¶¶ 35, 47 and 48). As set forth below, those allegations are more than adequate to state claims for copyright infringement, misappropriation of trade secrets and unjust enrichment. Guerreri's motion should be denied on those grounds alone.

Gurerreri argues that plaintiff's claims for misappropriation of trade secrets and unjust enrichment are preempted by the Copyright Act, because there is no "qualitative difference" between plaintiff's state law claims and his copyright infringement causes of action. (Guerreri Memo, Point III(A)). That argument fails when considered in the context of the Non-Disclosure Agreement between plaintiff and Guerreri's associate, defendant

1

Matthew Fischer, which protected not only plaintiff's design drawings, but also his "trade secrets, know-how, designs, formulations, . . . [and] samples." (Non-Disclosure Agreement ¶ 2) (Complaint Exhibit 2). As set forth below, the rights and interests protected by the Non-Disclosure Agreement go far beyond the scope of plaintiff's copyright and fall well outside the scope of copyright preemption.

In support of his purported motion for summary judgment, Guerreri adopts the arguments of the Corporate Defendants that the Court should convert their motion to dismiss into a motion for summary judgment and decide the fact-intensive issue of substantial similarity based on unauthenticated photographs of the Nasal Clear product and a demonstrative exhibit that plaintiff had never seen before the motion was filed. (Guerreri Memo, Point II, adopting the arguments set forth in Corporate Defendants' Memo, Points I and II). Guerreri adopts Corporate Defendants arguments despite the fact that they do not cite a single case in which a court converted a motion to dismiss into a motion for summary judgment to consider documents unknown to the plaintiff prior to the motion.

Contrary to Corporate Defendants' unfounded arguments, the Second Circuit has emphasized that courts should not convert motions to dismiss into motions for summary judgment unless the documents to be considered on summary judgment were actually relied on by the plaintiff in drafting the complaint. Furthermore, as discussed in detail below, courts have consistently denied motions to dismiss and for summary judgment based on the issue of substantial similarity because the comparison of the works at issue is a factual inquiry best left to the jury.

Finally, Guerreri's application for attorney's fees is utterly without merit. (Guerreri Memo, Defendants' Memo, Point IV). Plaintiff has properly stated claims for copyright

2

infringement, misappropriation of trade secrets and unjust enrichment, while Guerreri has adopted some of corporate defendants ill-considered arguments and mischaracterizations, as well as presenting his own.  Guerreri's application for fees should be denied.

## ARGUMENT

I. **GUERRERI'S MOTION TO DISMISS SHOULD BE DENIED BECAUSE PLAINTIFF HAS PLED VALID COPYRIGHT INFRINGEMENT, MISAPPROPRIATION OF TRADE SECRETS AND UNJUST ENRICHMENT CLAIMS.**

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations as true and draw all reasonable inferences in the non-moving party's favor.  Fed.R.Civ.P 12(b)(6); Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (2d Cir.1999). A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a) sets forth the requirements for pleading a claim in federal court and directs that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).   U2 Home Entertainment, Inc. v. Kylin TV, Inc., 2007 WL 2028108 at *1, Case No. 06 Civ. 02770 (E.D.N.Y. July 11, 2007).

    A. **Plaintiff Has Pled a Valid Claim for Copyright Infringement Against Guerreri.**

The elements of a copyright infringement claim are: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Under the case law of this Circuit, to plead those elements sufficiently for purposes of Rule 8, a complaint must allege: (1) which specific original works are the subject of the copyright claim; (2) that plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) a description of the specific acts, including

3

time frame, allegedly committed by the defendant that infringed on the copyright. U2 Home Entertainment, 2007 WL 2028108 at *4.

Plaintiff has appended to his complaint the copyright registration for the work at issue in this case. The registration certificate satisfies the first three elements of the pleading requirement: (1) it identifies the work that is the subject of the claim; (2) it demonstrates that plaintiff owns the copyright in the work; and (3) establishes that the copyright has been registered in accordance with the statute. Plaintiff has satisfied the fourth pleading requirement by alleging that between Summer 2002 and Winter 2006, Guerreri copied plaintiff's design drawings and distributed the drawings, either directly or indirectly, to the corporate defendants. (Complaint ¶¶ 19, 34, 35 and 38).

### B. Plaintiff Has Pled a Valid Misappropriation of Trade Secrets Claim Against Guerreri.

Plaintiff alleges that he provided his trade secrets to Guerreri in his role as a purported associate and affiliate of co-defendant Fischer for the sole purpose of allowing them to evaluate the commercial potential of his designs and concepts. (Complaint ¶¶ 25-27). Plaintiff took all reasonable efforts to protect the confidentiality of his trade secrets by disclosing them to Fischer and Guerreri only after Fischer had signed the Non-Disclosure Agreement.

To state a claim for misappropriation of trade secrets, plaintiff must allege that (1) he possessed a trade secret and (2) defendants used that trade secret in violation of an agreement, confidence or duty, or as a result of discovery by improper means. Brignoli v. Balch Hardy and Scheinman, Inc., 645 F. Supp. 1201, 1205 (S.D.N.Y. 1986) (Sweet, District Judge).

Plaintiff alleges that Fischer and Guerreri misappropriated plaintiff's trade secrets by

disclosing them to third parties in violation of the Non-Disclosure agreement. (Complaint ¶¶ 59-59). The Non-Disclosure Agreement provides that the information, including the design drawings, that plaintiff disclosed to Fischer were plaintiff's "inventions described in a confidential project . . ., trade secrets and know-how." (Non-Disclosure Agreement First "Wherefore Clause"). The agreement defined plaintiff's Confidential Information as:

> "all tangible and intangible information, whether oral or in writing or in any other medium relating to the management, operations, product and Inventions of the Owner, including, without limitations, any and all trade secrets, know how, designs, formulations, ingredients, samples, processes, machines, processing and control information, product performance data, manuals, supplier lists, customer lists, purchase and sale records, marketing information and computer programs . . . ." (Non-Disclosure Agreement ¶ 1).

Pursuant to the agreement, Fischer acknowledged that he understood and agreed that he could not "without prior written consent of the owner, disclose, utilize, exploit or distribute the Confidential Information or cause the Confidential Information to be exploited or distributed to any third-party other than representatives of [Fischer] to whom such disclosure is necessary for the purpose of evaluating [Fischer's] interest in the Inventions . . . ." (Non-Disclosure Agreement¶ 3(ii)).

Plaintiff has pled the elements of a misappropriation of trade secrets claim. Guerreri's motion to dismiss this cause of action should be denied.

### C. Plaintiff Has Pled a Valid Claim for Unjust Enrichment Against Guerreri.

Under New York law, the basic elements of an unjust enrichment claim are: 1) defendant was enriched; 2) such enrichment was at the expense of the plaintiff; and 3) the circumstances were such that in equity and good conscience the defendant should make restitution. Finkelstein v. Mardkha, 495 F.Supp.2d 329, 344 (S.D.N.Y. 2007).

Plaintiff has stated a claim for unjust enrichment against Guerreri.  Plaintiff alleges that Guerreri disclosed plaintiff's drawings to Corporate Defendants in contravention of the Non-Disclosure Agreement.  By disclosing and exploiting plaintiff's drawings, Guerreri benefited at plaintiff's expense.  Therefore, Guerreri's motion to dismiss the unjust enrichment claims should be denied.

## II. THE COURT SHOULD NOT CONVERT GUERRERI'S MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT.

Guerreri has joined the Corporate Defendants' arguments regarding substantial similarity. However, the Court should not convert defendants' motions to dismiss into motions for summary judgment because plaintiff did not rely in drafting his complaint on the photographs and purported demonstrative exhibit that Corporate Defendants have now presented to the Court. (Corporate Defendants' Memo, Point I, pp. 6-7).  Furthermore, plaintiff had no notice of those documents prior to receipt of the affirmation of Corporate Defendants' counsel.

Corporate Defendants have presented three exhibits in support of their purported motion for summary judgment.  (Affirmation of Sheldon Palmer In Support of Motion to Dismiss ("Palmer Aff."), Exhibits 1 – 3).  Exhibit 1 is a copy "of part of" plaintiff's design drawings, which were attached in full to the Complaint as Exhibit A. (Palmer Aff. ¶ 1). Exhibit 2 purports to be a copy of "on-line advertisements" for the Nasal Clear product. (Palmer Aff. ¶ 2).  Exhibit 3 is a demonstrative exhibit purporting to be a "side-by-side comparison of the embodiment of plaintiff's drawing" and the Nasal Clear product.  (Palmer Aff. ¶ 3).

Corporate Defendants argue that the Court should compare the "on-line advertisements" to "part of" plaintiff's drawings and an "embodiment" of plaintiff's

6

drawings to make a factual determination of the issue of the substantial similarity between plaintiff's drawings and the product. Corporate Defendants argue that the exhibits should be considered because plaintiff "had to have the accused product before him (how else could he accuse defendants of copying his technical drawings?). Therefore, Gusler can assert no sustainable claim of surprise or unpreparedness." (Defendants' Memo, pp. 6-7).

That argument fails because it ignores the governing law. On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b). Construing the rule, the Second Circuit Court of Appeals held in <u>Cortec Indus., Inc. v. Sum Holding L.P.</u>, 949 F.2d 42, 47 (2d Cir. 1991), that a court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, ... matters of which judicial notice may be taken, or ... documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." <u>Id.</u> at 47. In <u>Chambers v. Time Warner</u>, 282 F.3d 147, 153 (2d Cir. 2002), the Second Circuit emphasized that the key consideration was whether the plaintiff had relied on the document in question when it drafted the complaint: "Because this standard has been misinterpreted on occasion, we reiterate here that a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." <u>Id.</u> At 153 (emphasis in original).

In <u>U2 Home Entertainment</u>, 2007 WL 2028108, the court applied <u>Cortec</u> and <u>Chambers</u> in the context of defendants' request that its motion to dismiss a copyright infringement claim be converted into motion for summary judgment. Based on <u>Cortec</u> and

7

Chambers holdings, the court converted the motion and considered pre-suit correspondence between the parties, but did not consider documents annexed as exhibits to an attorney affidavit.

Corporate Defendants' reliance on Krijn v. Pogue Simone Real Estate Co. 896 F.2d 689 (2d Cir. 1990) is unavailing. As a threshold matter, that case was decided before either Cortec or Chambers and therefore does not cite those cases or their emphasis that reliance on a document in drafting the complaint is a prerequisite to consideration of that document on a motion to dismiss. Furthermore, the Krijn court reversed the district court's decision to consider the documents in question, in substantial part because by doing so, the district court impermissibly deprived the plaintiff of a reasonable opportunity to present evidence to support her claims. According to the court: "It is quite clear that the court converted a motion addressed to the face of appellant's into a test of her ultimate ability to substantiate the sufficient allegations it contained." Id. At 690. "We express no view as to whether or not [defendants] are entitled to summary judgment on any of the grounds they press before us; we remand simply so that appellant may have a full opportunity to show that they are not." Id. At 690-91.

This Court should not undertake the determination of a complex factual issue by comparing a partial photograph of the Nasal Clear product to plaintiff's design drawings. Although plaintiff had an actual Nasal Clear product when he drafted the complaint, he did not have the photographs or demonstrative exhibit purportedly depicting the product. He certainly did not rely on those documents in drafting his claims. For the reasons set forth above, the Court should exclude the Palmer exhibits and deny Guerreri's motion pursuant to Rule 12(b)(6).

**III.     THE COURT SHOULD DENY GUERRERI'S MOTION FOR SUMMARY JUDGMENT BECAUSE SUBSTANTIAL SIMILARITY IS A FACT-INTENSIVE ISSUE THAT SHOULD NOT BE RESOLVED ON THE PLEADINGS OR BASED ON AN INCOMPLETE FACTUAL "RECORD" OF UNAUTHENTICATED DOCUMENTS.**

**A.     Substantial Similarity Is A Fact-Intensive Issue That Should Not Be Determined on the Pleadings.**

The weight of the authority in this Circuit supports the position that the issue of substantial similarity is highly fact-sensitive and should be determined by the jury, not on the pleadings. Felix the Cat Prods, Inc. v. California Clock Co., 2007 WL 103226 at *3, Case No. 04 Civ. 5714 DAB (S.D.N.Y. March 30, 2007) ([W]hether there exists a substantial similarity between the two characters is a highly fact-specific question better left to the province of a jury. Accordingly, Defendants motion to dismiss the copyright claim on this basis is denied.") (motion to dismiss denied); Nicholls v. Tufenkian Import/Export Ventures, Inc., 71 U.S.P.Q.2d 1478, 2004 WL 1399187 at *3, Case No. 04 Civ. 2110 WHP (S.D.N.Y. June 23, 2004) ("A determination of the extent of similarity that will constitute substantial similarity presents a highly fact specific question. For that reason, copyright cases are rarely dismissed on a 12(b)(6) motion.") ((Internal citations omitted) (motion to dismiss denied). Sharp v. Patterson, 73 U.S.P.Q.2d 1481, 2004 WL 2480426 at *14, Case No. 03 Civ. 8772 GEL (S.D.N.Y. Nov. 3, 2004) (Determination of substantial similarity is "fact-intensive" and cannot be resolved on a motion to dismiss.) Guerreri's motion should be dismissed on those grounds alone.

**B.     Substantial Similarity Should Not Be Determined on a Pre-Discovery "Record" of Unauthenticated Documents.**

Guerreri has joined Corporate Defendants' argument that the issue of substantial similarity should be decided as a matter of law on his converted motion for summary judgment. (Defendants Memo, Point II, p. 8). However, even in the context of a fully developed factual

9

record, courts have generally observed that "[s]ubstantial similarity is customarily an extremely close question of fact" that should be determined by the jury.  Price v. Fox Entertainment Group, Inc., 2007 WL 241389 at *6, Case No. 05 Civ. 5259 (S.D.N.Y. Jan. 26, 2007) (citing Hoehling v. Universal City Studios, Inc., 618 F.2d 972, 977 (2d Cir. 1980) (motion for summary judgment denied);  eScholar, LLC v. Otis Educational Systems, Inc., 2005 WL 2977569 at *28, Case No. 04 Civ. 4051 (S.D.N.Y. Nov. 3, 2005) (motion for summary judgment denied); Axelrod v. Cherveny Architects, P.C., 2007 WL 708798, Case No. 05 Civ. 711 (E.D.N.Y. March 6, 2007) (motion for summary judgment on substantial similarity denied).

    The cases cited by Corporate Defendants on this point are readily distinguishable from the present case.  In Williams v. Crichton, 84 F.3d 581, 587-88 (2d Cir. 1996), the district court granted summary judgment only after the completion of discovery.  In that case, the plaintiff had a full opportunity to present evidence in support of her claim and to test the scope and sufficiency of defendant's proof.  In Brown v. Perdue, 177 Fed. Appx. 121, 79 U.S.P.Q.2d 1958 (2d Cir. 2006), the court converted declaratory judgment plaintiff's motion to dismiss into a motion for summary judgment after accepting defendant's own book as material outside to be considered outside the pleadings.

    The product photographs presented by Corporate Defendants in support of their purported motion for summary judgment do not provide the basis for a meaningful comparison between plaitniff's drawings and the Nasal Clear product.  In his affirmation in support of Corporate Defendants' motion, counsel testifies that Exhibit 2 to that affirmation, which purports to show the Nasal Clear product for comparison purposes, is a copy of "on-line advertisements" for the product.  (Palmer Aff. ¶ 2).  But counsel does not testify that the photo is an accurate depiction of the product itself, and it is impossible for the Court to discern the accuracy of the

10

photos from the record presented. Furthermore, the photograph depicts only a portion of the Nasal Clear product and is insufficiently clear to enable an observer to identify all the product features. In addition, the demonstrative exhibit purports to show an "embodiment" of plaintiff's drawings, without any explanation of what "embodiment" means in this context. In short, the "record" presented by Corporate Defendants raises many more questions (and issues of fact) than it answers. Therefore, the Court cannot make a comprehensive comparison between plaintiff's design drawings and the actual Nasal Clear product based on that record.

Corporate Defendants do not cite a single case in which a court granted a motion for summary judgment prior to discovery, based solely on unauthenticated documents unknown to the plaintiff before the motion was filed. Plaintiff has argued that Corporate Defendants' ill-considered motion for summary judgment should be denied. Guerreri's motion for summary judgment should be denied on the same grounds.

## IV. PLAINTIFF'S MISAPPROPRIATION OF TRADE SECRETS AND UNJUST ENRICHMENT CLAIMS ARE NOT PREEMPTED BY THE COPYRIGHT ACT.

Plaintiff's misappropriation of trade secrets and unjust enrichment claims against Guerreri are based on his willful disclosure of plaintiff's drawings in violation of the terms of the non-disclosure agreement between plaintiff and Guerreri's associate, defendant Matthew Fischer. Both claims involve the "extra element" of a breach of a duty of confidentiality which places them outside the scope of preemption under the Copyright Act. Therefore, Guerreri's argument on this point is meritless.

This Court has held that common law claims involving trade secrets or breach of confidentiality are different in kind from copyright infringement and are not preempted by Section 301 of the Copyright Act. <u>Brignoli</u>, 645 F. Supp. 1201, 1205. "Pre-emption will not occur 'when a state law violation is predicated upon an act incorporating elements beyond

11

mere reproduction or the like.'" Id. (quoting Harper & Row, Publishers, Inc. v. Nation Enterprises, 723 F.2d 195, 200 (2d Cir.1983), rev'd on other grounds, 471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985)). In Brignoli, this Court found that plaintiff's claim for breach of an agreement or duty of confidentiality regarding material that may have been subject to copyright was not equivalent to a copyright infringement claim. Brignoli, 645 F. Supp. At 1205.

The Second Circuit Court of Appeals has held that where the plaintiff's claims are "grounded upon a defendant's breach of a duty of trust or confidence to the plaintiff through improper disclosure of confidential information . . . [t]he defendant's breach of duty is the gravamen of such trade secret claims and supplies the 'extra element' that qualitatively distinguishes such trade secret causes of action from claims for copyright infringement that are based solely on copying. Computer Associates Intern., Inc. v. Altai, Inc., 982 F.2d 693, 717 (2d Cir. 1992).

The relevant cases cited by Guerreri on this point support plaintiff's argument. As discussed above, the Computer Associates holding directly contradicts Guerreri's position. Similarly, in Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296 (2d Cir. 2004), cert. denied, 544 U.S. 949 (2005), the court held that plaintiff's claim for a breach of fiduciary duty was not preempted by the Copyright Act because the fact that these claims require a finding that there was a breach of fiduciary duty to begin with adds an extra element that makes the claims qualitatively different from a claim of copyright infringement. Id. at 307. (citing Computer Associates, 982 F.2d at 717).

None of the author cases cited by Guerreri addresses the breach of a duty of confidentiality, or any analogous duty. Arpaia v. Anheuser Busch Companies, Inc., 55 F.

12

Supp.2d 151, 161 (W.D.N.Y. 1999) (alleged implied contract based expressly on use of plaintiff's "copyrighted works"); American Movie Classics Co. v. Turner Entertainment Co., 922 F. Supp. 926, 931-32 (S.D.N.Y. 1996) (alleged breach of exclusive exhibition right did not constitute an "extra element"); Wolff v. Institute of Elec. and Electronics Engineers, 768 F. Supp. 66, 69 (S.D.N.Y. 1991); Phillips v. Audio Active, Ltd., 494 F.3d 378 (2d Cir. 2007) (discussed applicability of forum selection clauses).

Plaintiff's claim that Guerreri was an associate and affiliate of Fischer and disclosed plaintiff's confidential information and trade secrets in violation of the Non-Disclosure Agreement incorporates the "extra element" that distinguishes it from an action based simply on unauthorized copying. Therefore, plaintiff's misappropriation of trade secrets and unjust enrichment claims are not preempted by the Copyright Act.

### V. THE COURT SHOULD EXERCISE PENDENT JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS EVEN IN THE UNLIKELY EVENT HIS COPYRIGHT INFRINGEMENT CLAIMS ARE DISMISSED.

Under 28 U.S.C. § 1367(a), district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The district court may, at its discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, (2d Cir. 1996) (exercised pendent jurisdiction over plaintiff's state law claims after dismissing all claims that conferred original federal jurisdiction).

In the unlikely event the Court dismisses plaintiff's copyright infringement claims, it should exercise its discretion and maintain jurisdiction over plaintiff's state law causes of action.

13

## VI. GUERRERI'S APPLICATION FOR ATTORNEYS' FEES IS UTTERLY WITHOUT MERIT AND SHOULD BE DENIED.

For the reasons set forth above, plaintiff has pled a valid, legally-sound cause of action for copyright infringement against Guerreri. In considering an award of fees in the copyright context, courts have generally concluded that only those claims that are "clearly without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable." Ariel (UK), Ltd. v. Reuters Group PLC, 2007 WL 194683 at *2, 2007 U.S. Dist. LEXIS 7423, Case No. 05 Civ. 9646 (S.D.N.Y. January 24, 2007) (Internal citations omitted). The mere fact that a defendant has prevailed does not necessarily equate with an objectively unreasonable claim. Id. (Citing Ann Howard Designs, L.P. v. Southern Frills, 7 F.Supp.2d 388, 390 (S.D.N.Y.1998). Similarly, the fact that a defendant has prevailed on a motion to dismiss or on summary judgment does not require the court to award fees. Id. Therefore, even in the unlikely event that Guerreri succeed on some aspect of their motion, there is no basis whatsoever for an award of attorneys fees pursuant to the prevailing party provision of the Copyright Act.

### CONCLUSION

For the foregoing reasons, Guerreri's motion to dismiss the complaint and for an award of attorneys' fees should be denied.

Dated: New York, New York
      January 13, 2008                    Charles von Simson /s

                                                    Stephen M. Chin (SC 8094)
                                                    Charles von Simson (CV 1038)
                                                    von Simson & Chin LLP
                                                    62 William Street, Sixth Floor
                                                    New York, New York 10005
                                                    Telephone: (212) 514-8645
                                                    Facsimile: (212) 514-8648

                                                    Attorneys for Plaintiff Timothy Gusler