# Furgang & Adwar, L.L.P.

COUNSELORS IN INTELLECTUAL PROPERTY AND ENTERTAINMENT LAW

Philip Furgang
Stephanie Furgang Adwar

Of Counsel:
Sheldon Palmer
Bertrand M. Lanchner

1325 Avenue of the Americas
28th Floor
New York, NY 10019

Telephone: (212) 725-1818
Facsimile: (212) 941-9711

www.furgang.com
info@furgang.com

January 14, 2008

**VIA ECF, COURTESY COPY VIA FEDERAL EXPRESS**

Hon. Robert W. Sweet
United States District Judge
United States District Court
    Southern District of New York
Hon. Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 1920
New York, NY 10007

RE:    Gusler v. Fischer
        Case No.   :     07 CV 9535 (RWS)
        Our File No. :     9868

Dear Judge Sweet:

      We are attorneys representing defendants: Peter J. Listro Associates, Ltd.; Unisar, Inc.; Target Corporation; Toys "R Us, Inc.; Amazon.com, Inc.; Wal-Mart Stores, Inc.; and Chelsea & Scott, Ltd (the "Corporate Defendants"). Defendants Fischer and Guerrieri (the "Individual Defendants") are represented by the firm of Gottlieb, Rackman & Reisman, P.C.

      This court has schedule the first pre-trial conference for January 23rd. We make this application on behalf of all defendants for an adjournment of the conference and a stay of all discovery pursuant to Fed. R. Civ. P. 26(c) because of the likelihood that the pending dispositive motions will be granted and that there is the potential for a significant amount of discovery which may be eliminated altogether or minimized. We have spoken with plaintiff's attorneys, von Simson & Chin, about this application. Plaintiff does not consent.

White Plains  11 Martine Avenue, Penthouse, White Plains, NY 10606  Tel: (914) 428-5300  Fax: (914) 428-0226
West Nyack  Centerock East, 2 Crosfield Avenue, Suite 210, West Nyack, NY 10994  Tel: (845) 353-1818  Fax: (845) 353-1996

PATENTS   ❖   TRADEMARKS   ❖   COPYRIGHTS   ❖   ENTERTAINMENT

Furgang & Adwar, L.L.P.

Hon. Robert W. Sweet
January 14, 2008
Page 2

### Summary of This Action:

Plaintiff Timothy Gusler has a copyright registration in technical drawings which show, in schematic representation, a nasal sprayer (**Exhibit 1**). The Corporate Defendants distribute a nasal sprayer of their own design (**Exhibit 2**). Gusler accuses defendants of acts of copyright infringement in violation of the Copyright Act (17 U.S.C. § 101 *et seq.*) and a state claim of unjust enrichment arising from the alleged acts of copyright infringement. He also asserts state law claims alleging that the Individual Defendants have stolen his trade secrets in the drawing he deposited to obtain his copyright.

### Status of the Action:

Gusler commenced this action on October 25, 2007. Before answering, all defendants made timely motions to dismiss under Fed. R. Civ. P. 12(b)(6). These motions are now pending. Plaintiff, on January 13th, filed opposing briefs.

### Plaintiff's Action is Without Merit:

Defendants show in their motion that this action must be dismissed as being without merit. Defendants are accused of infringing a copyright in plaintiff's technical drawings by the distribution and sale of a useful article: a nasal spray device for infants.

There is no question that, under the Copyright Act, defendants cannot be held to infringe a copyright in technical drawings by the copying, making, or selling of a useful article.

Aside from asserting his copyright, plaintiff has no patent or other statutory rights to assert.

### There Is No Support in Law for Plaintiff's Action:

Defendants cannot, as a matter of law, be held to infringe by making or selling a useful article. (*See* 17 U.S.C. § 101 (definition of "useful article") and *Niemi v. American Axle Manufacturing & Holding Inc.*, 2006 U.S. Dist. LEXIS 50153 *3 (E.D.Mich. July 24, 2006) *Niemi v. NHK Spring Co., Ltd.*, 2007 U.S. Dist. LEXIS

Furgang & Adwar, L.L.P.

Hon. Robert W. Sweet
January 14, 2008
Page 3

63502 *8-9 (N.D.Ohio Aug. 27, 2007); *Seip v. Commonwealth Plastics*, 85 F. Supp. 741, 742 (D. Mass. 1949); *Hackney v. Lehrer McGovern Bovis of Pennsylvania*, 42 U.S.P.Q.2d 1727 (E.D. Pa. 1997) and U.S. Copyright Office Circular 40. (For the convenience of the court, copies of all Lexis/Nexis, U.S.P.Q. Appellate Appendix, and Copyright Office citations are attached to this letter as **Exhibit 4**.)

It is also well established that there cannot be any infringement as a matter of law because a necessary element of a claim of copyright infringement is missing; there must be substantial similarity between the copyrighted work and the accused work. Here, the accused product looks nothing like plaintiff's technical drawing. (see **Exhibit 3**, a comparison of plaintiff's technical drawing with Corporate Defendants' product).

This lack of substantial similarity means plaintiff's claim must, as a matter of law, fail. *Brown v. Perdue,* 177 Fed. Appx. 121, 123, 79 U.S.P.Q.2d 1958 (2d Cir. 2006): *Feist Pub'n, Inc. v. Rural Tel. Sen. Co.. Inc.*, 499 U.S. 340, 361 (1991)

All defendants move to dismiss plaintiff's state law claims on the ground these causes of action are preempted by the Copyright Act.

All defendants are accused of unjust enrichment (the sixth cause of action). The only factual allegation is that defendants profited by the sale of their useful product. This cause of action is preemption by the Copyright Act (*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004), *cert. denied*.544 U.S. 949 (2005); see, also *Phillips v. Audio Active, Ltd.*, 494 F.3d 378 (2d Cir. 2007); *Hudson v. Imagine Entm't Corp.*, 128 Fed. Appx. 178, 179 (2d Cir. 2005) *cert. denied* 547 U.S. 1070 (2006); and *Terrell v. Eisner*, 104 Fed. Appx. 210, 212 (2d Cir. 2004)). Because the court lacks subject matter jurisdiction over this claim it should, on its own motion, dismiss this cause of action.

The Individual Defendant move separately to dismiss the remaining state claims directed to each of them (but not the Corporate Defendants) because the underlying factual allegations are that the Individual Defendants copied and distributed

Furgang & Adwar, L.L.P.

Hon. Robert W. Sweet
January 14, 2008
Page 4

plaintiffs copyrighted drawings, rights protected by the Copyright Act. These state law claims are also preempted.

**The Difficulty in Conducting Discovery Before the Court Decides the Motions:**
There are presently nine defendants in this action. Four have their offices outside of the State of New York and, of these, three are located at a great distance (Arkansas, Minnesota, and the State of Washington). Therefore, arranging and conducting discovery will be burdensome and complicated.

Defendants fully expect that their motions will be granted and the case closed. On the other hand, any other decision (except for outright denial) may vastly change the nature of the case and, thus, the scope of discovery. Considering the costs, distances, and complexity of discovery, plaintiff's objection is unreasonable.

**Plaintiff's Position is Unreasonable:**
Plaintiff opposes defendants' motion for a stay on the ground that he wants to actively pursue discovery while the dispositive motions are pending.

**This Court Is Justified in Issuing a Stay:**
A district court has the discretion under Fed. R. Civ. P. 26(c) to stay discovery for good cause shown and shall not be reversed except upon a showing of abuse of discretion. *See, e.g., Niv v. Hilton Hotels Corp.*, 2007 U.S. Dist. LEXIS 12776, *5 (Feb. 15, 2007) (granting a stay). In that case, the court held that:

> Good cause may be shown where a party has filed, or has sought leave to file, a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the order. (Citing *Spencer Trask Software & Information Services, LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y., 2002); and *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 U.S. Dist. LEXIS 2684, at *6, 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)). *Id.*, at *5-*6 (emphasis added)

In another decision, this court held that the factors to be considered in ordering a stay include: (a) the breadth of discovery sought; (b) the burden of responding to it; and (c) if a "motion to dismiss is *potentially dispositive* and appears to be not

Furgang & Adwar, L.L.P.

Hon. Robert W. Sweet
January 14, 2008
Page 5

unfounded in the law." *Spencer Trask Software and Information Services, LLC v. Rpost International Ltd.*, 206 F.R.D. 367, 368 (quoting *Gandler v. Nazarov*, 1994 U.S. Dist. LEXIS 17885,*4 (S.D.N.Y. Dec. 14, 1994).

All of the factors support defendants' application for a stay:

- Plaintiff commenced his action over two months ago and has not sought a preliminary injunction.
- The accused product looks nothing remotely like the copyrighted work (**Exhibit 4**).
- Defendants' useful article cannot be held, as a matter of law, to infringe a copyrighted work.
- Plaintiff's action, entirely based directly or indirectly upon the Copyright Act, is, therefore, unsupported by the law.
- Plaintiff has no patent or other statutory rights to assert.
- Discovery will be lengthy and complicated and may change upon a decision by this court other than outright dismissal.
- Each of the Corporate defendants are well able to respond in damages in the unlikely event that their motion to dismiss is not granted and plaintiff ultimately prevails on his claims.
- The stay sought is only for the time required for this court to address the pending motions to dismiss.
- There is no prejudice to plaintiff by a stay of discovery for this brief period of time.

For the facts, law, and argument set forth above, defendants respectfully request that the pre-trial conference be adjourned and discovery stayed until the motions to dismiss are decided.

Furgang & Adwar, L.L.P.

Hon. Robert W. Sweet
January 14, 2008
Page 6

                                              Respectfully submitted,
                                              FURGANG & ADWAR, L.L.P.


                                              /Philip Furgang/
                                              PHILIP FURGANG (PF-5654)
                                              *philip@furgang.com*

                                              **Galvin & Palmer**

                                              /Sheldon Palmer/
                                              Sheldon Palmer (SP-9703)
                                              630 Third Avenue - 23rd Floor
                                              New York NY 10017
                                              212-983-9800
                                              *palmersp@aol.com*

PF:cr
Enc.
cc:    Gottlieb, Rackman & Reisman (via ECF filing)
        Jaroslawicz & Jaros, LLC (via ECF filing)
        von Simons & Chin (via ECF filing)

Furgang & Adwar, L.L.P.