UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY GUSLER,<br><br>               Plaintiff,<br><br>        v.<br><br>MATTHEW FISCHER, SALVATORE GUERRERI, PETER J. LISTRO ASSOCIATES, LTD., UNISAR, INC., AVITA CORPORATION, TARGET CORPORATION, TOYS "R" US, INC., AMAZON.COM, INC. and CHELSEA & SCOTT, LTD. d/b/a ONESTEP AHEAD,<br><br>               Defendants. | Case No.  07 CV 9535 (RWS) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY ALL DISCOVERY PENDING RESOLUTION OF THEIR MOTIONS TO DISMISS**

    Plaintiff Timothy Gusler, by his undersigned counsel, respectfully submits this Memorandum of Law In Opposition to Defendants' Motion to Stay All Discovery Pending Resolution of Their Motions to Dismiss.[1]

**INTRODUCTION**

    The Court should deny defendants' motion to stay discovery because the pending motions to dismiss are utterly without merit. For the reasons set forth in plaintiff's memoranda in opposition to defendants' motions to dismiss, the motions are based on a mischaracterization of the pleadings and are directly contradicted by the relevant law.

---

[1] Defendants' motion was brought by letter to the Court dated January 14, 2008.

Furthermore, defendants' motions are not even potentially dispositive of all of plaintiff's claims. Even in the unlikely event the Court dismisses plaintiff's copyright infringement claims, and declines to exercise pendent jurisdiction over his state law claims, the state law claims will proceed in state court. Consequently, regardless of the outcome of the motions, discovery will be necessary against all defendants on the core factual issues in the case. In addition, plaintiff does not anticipate that discovery will be either complex or burdensome. Moreover, plaintiff will be prejudiced by a stay because he will be prevented from expeditiously and efficiently pursuing the damages to which he is entitled.

### THE COURT SHOULD NOT STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS

Pursuant to Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a motion to dismiss for "good cause" shown. Hollins v. U.S. Tennis Ass'n, 469 F. Supp.2d 67 (E.D.N.Y. 2006). The burden is on the moving party to establish "good cause." U.S. v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y. 1999). The mere filing of a motion to dismiss does not constitute "good cause" for the issuance of a stay. Hollins, 469 F.Supp.2d at 78. Courts consider the following factors in determining whether a stay is appropriate: 1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay. Id.

The Hollins court denied the moving parties' motion to stay discovery while their motion to dismiss was pending. The court denied the motion in substantial part based on its finding that the pending motions to dismiss were not dispositive of all issues in the litigation:

> Even if the moving defendants' motions to dismiss are granted, this action will proceed and discovery will be conducted. Given the allegations in the complaints, the moving defendants are important witnesses in this case. Even assuming the moving defendants' are dismissed, it is likely that the plaintiffs will continue to conduct discovery regarding these defendants as non-parties. Although the moving defendants correctly note that non-party discovery involves different mechanisms to ensure compliance, the absence of a stay would not create an undue burden on the moving defendants. Discovery of the moving defendants is inevitable regardless of the outcome of their motion to dismiss. Id. at 78-79.

As in Hollins, defendants' motions in this case are not potentially dispositive of all of plaintiff's claims. Regardless of how the motions are decided, every defendant now in the case will remain a defendant, either in a copyright infringement action before this Court or in state law causes of action in state court. For example, even if the Court were to grant defendants' motions, dismiss plaintiff's copyright infringement claims, and decline to exercise pendent jurisdiction over plaintiff's state law claims, the state law claims will proceed against all defendants in state court. If the Court were to deny defendants' motion with respect to plaintiff's copyright claims, but dismiss plaintiff's state law claims as preempted by the Copyright Act, plaintiff's copyright infringement claims will proceed against all defendants before this Court. Therefore, no matter what the outcome of defendants' motions to dismiss, the parties will have to conduct discovery on the factual issues underlying plaintiff's claims.

Furthermore, discovery will not be complex or burdensome. Defendants' only support for their argument on this point is their statement that there are nine defendants, four of which have offices outside the state of New York. "Therefore, arranging and conducting discovery will be burdensome and complicated." (January 14, 2008 Letter, p. 4). That argument ignores the basic fact that written discovery will be the first step in the process and is not affected by the location of the parties. Plaintiff does not anticipate

3

voluminous document production, so production of documents will not likely require travel or any significant shipping or storage expense. Plaintiff anticipates that his counsel will travel to the depositions of the defendants at his own expense. Therefore, the distance between the parties presents the same relatively limited expense to plaintiff that it does to defendants.

The other factors cited by defendants in support of a stay are similarly unavailing. (January 14, 2008 Letter, p. 5). The fact that plaintiff has not brought a preliminary injunction is not relevant to the need to conduct discovery. Any delay in moving the case forward was caused by defendants' multiple requests for extensions of their time to answer or move, which plaintiff granted as a courtesy. The time necessary to decide the motions is uniquely the Court's prerogative: Neither plaintiff nor defendants can or should anticipate how long the motions will be pending. The ability of the defendants to satisfy a judgment against them is also irrelevant. Plaintiff is entitled—even required—to move his case forward as expeditiously as possible.

Defendants' motions to dismiss should be denied. But regardless of the disposition of the motions, discovery of all of the defendants is inevitable. Therefore, defendants' motions to stay discovery should be denied and discovery should proceed without further delay.

**CONCLUSION**

For the foregoing reasons, defendants' motion to stay discovery should be denied.

Dated:   New York, New York
         January 17, 2008

              Charles von Simson /s
              _____
              Stephen M. Chin (SC 8094)
              Charles von Simson (CV 1038)
              von Simson & Chin LLP
              62 William Street, Sixth Floor
              New York, New York 10005
              Telephone: (212) 514-8645
              Facsimile: (212) 514-8648

              Attorneys for Plaintiff Timothy Gusler