**GALVIN & PALMER**
Sheldon Palmer (SP-9703)
630 Third Avenue - 23rd Floor
New York NY 10017
212-983-8900

**FURGANG & ADWAR, L.L.P.**
Philip Furgang (PF-5654)
1325 Avenue of the Americas – 28th Floor
New York NY 10019
212-725-1818

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X    07 CV 9535 (RWS)
TIMOTHY GUSLER,

                        Plaintiff,

      -against-

MATTHEW FISCHER, SALVATORE GUERRERI,
PETER J. LISTRO ASSOCIATES, LTD., UNISAR, INC.,
AVITA CORPORATION, TARGET CORPORATION,
TOYS "R" US, INC., AMAZON.COM, INC.,
WAL-MART STORES, INC., and CHELSEA &
SCOTT, LTD. d/b/a ONESTEP AHEAD,

                        Defendants.
-----------------------------------------------------------------X

## REPLY BRIEF IN SUPPORT OF
## THE MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND 56

**By Defendants:**

      **PETER J. LISTRO ASSOCIATES, LTD., UNISAR INC.,**
**TARGET CORPORATION,  TOYS "R" US, INC., AMAZON.COM, INC.,**
**CHELSEA & SCOTT, LTD., AND  WAL-MART STORES, INC.**

**Table of Contents**

**GALVIN & PALMER**
Sheldon Palmer (SP-9703)
630 Third Avenue - 23rd Floor
New York NY 10017
212-983-8900

**FURGANG & ADWAR, L.L.P.**
Philip Furgang (PF-5654)
1325 Avenue of the Americas – 28th Floor
New York NY 10019
212-725-1818

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X   07 CV 9535 (RWS)

TIMOTHY GSUB,

Plaintiff,

-against-

MATTHEW FISCHER, SALVATORE GUERRERI, PETER J. LISTRO

ASSOCIATES, LTD., UNISAR, INC., AVITA CORPORATION, TARGET CORPORATION, TOYS "R" US, INC., AMAZON.COM, INC., WAL-MART STORES, INC., and CHELSEA & SCOTT, LTD. d/b/a ONE STEP AHEAD,

Defendants.
-----------------------------------------------------------X

**REPLY BRIEF IN SUPPORT OF THE MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND 56**

**By Defendants**

**PETER J.**

LISTRO ASSOCIATES, LTD., UNISAR INC., TARGET CORPORATION, TOYS "R" US, INC., AMAZON.COM, INC., CHELSEA & SCOTT, LTD., AND WAL-MART STORES, INC.

**Table of Contents**

**Table of Authories**

**Federa**

**Cases:**

*Wrap-N-Pack, Inc. v. Eisenberg,* 04-cv-4887 2007 U.S. Dist. LEXIS 23084 (E.D.N.Y. March 29, 2007) -5-

**Federal Rules**

I. INTRODUCTION . . . -1-

II. PLAINTIFF'S FACTUAL ADMISSIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-
    A.    Plaintiff's Objection to Consideration of Defendants' Exhibit 2 Is Incorrect as a Matter of Law and Fact. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-
    B.    Defendant Makes Claims That Are Unsupported by Any Evidence. . . . . . . . -2-

    C.     Plaintiff Defends His Action for Unjust Enrichment on Factual Allegations Not Alleged      In the Complaint
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

III ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
    Point I:     Summary Judgement must Be Granted Because Plaintiff Provides No Contradictory Evidence.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
    Point II.     This Court Can Decide on this Motion If Defendants Infringe Plaintiff's Copyright
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-
    Point III.     Plaintiff's Erroneous Representations of the Law as to Consideration of Evidence Rule 12(b)(6)/56 Motion . . . . . . . . . . . . . . . . . . . . . . . . . -4-
    Point IV:     Even under a Motion to Dismiss, There Is Sufficient Evidence to Dismiss The Causes of Action for Copyright Infringement
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
    Point V.     Plaintiff's Cause of Action for Unjust Enrichment must Be Dismissed
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

V. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

## Table of Authories

**Federal Cases:**

*Wrap-N-Pack, Inc. v. Eisenberg,* 04-cv-4887 2007 U.S. Dist. LEXIS 23084 (E.D.N.Y. March 29, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*Baez v. Kahanowicz*, 469 F. Supp. 2d 171 (S.D.N.Y. 2007). . . . . . . . . . . . . . . . . . . . . . -5-

*Chambers v. Time Warner, Inc.,* 282 F.3d 147 (2d Cir. 2002). . . . . . . . . . . . . . . . . -4-, -5-

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991). . . . . . . . . . . . -4-, -5-

*Delaware & H. R. Co. v. Conrail,* 902 F.2d 174 (2d Cir. 1990). . . . . . . . . . . . . . . . . . . -3-

*Jordan v. United States*, Civil No. 3:05V00865 2006 U.S. Dist. LEXIS 51158 (D.Conn. July 12, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*Krijn v. Pogue Simone Real Estate Co.*, 896 F.2d 687 (2d Cir. 1990) . . . . . . . . . . . . . . -5-

*Mallory v. NBC Universal, Inc.*, 07 Civ. 2250 2007 U.S. Dist. LEXIS 88960 (S.D.N.Y. Dec. 3, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*National Ass'n of Pharmaceutical Mfrs., v. American Home Products Corp,* 850 F.2d 904, 911 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*Rivera v. Pataki*, 2005 U.S. Dist. LEXIS 2747 04 Civ. 1286 (S.D.N.Y. Feb. 7, 2005). . . . -5-

*Rule v. Brine, Inc.,* 85 F.3d 1002 (2d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

*Rutigliano v. City of New York*, 07 Civ. 4614 2008 U.S. Dist. LEXIS 781 (S.D.N.Y. Jan. 2, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*Tardd v. Brookhaven Nat'l Lab.*, 407 F. Supp. 2d 404 (E.D.N.Y. 2006); . . . . . . . . . . . -5-

*Tedder Boat Ramp Sys., Inc. v. Hillsborough County*, 54 F. Supp. 2d 1300 (D. Fla. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

*U2 Home Entertainment, Inc v. Kylin TV, Inc. ,* 06-CV-02770  2007 U.S. Dist. LEXIS 50131 (E.D.N.Y. July 10, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*Wrap-N-Pack, Inc. v. Eisenberg,* 04-cv-4887 2007 U.S. Dist. LEXIS 23084 (E.D.N.Y. March 29, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

**Federal Rules**

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-, -4-, -5-

Fed. R. Civ. P. 56.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-, -4-, -5-

*Fed. R. Evid.* 201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

## I. INTRODUCTION

Defendants Peter J. Listro Associates, Ltd. (Listro), Unisar Inc., Amazon.com, Inc. (Amazon.com), Chelsea & Scott, Ltd., Target Corporation (Target), Toys "R" Us, Inc. (TRU), and Wal-Mart Stores, Inc (Wal-Mart). (the Corporate Defendants) bring this motion to dismiss and for summary judgment under Fed. R. Civ. P. 12(b)(6) and 56 against plaintiff Timothy Gusler (Gusler). Plaintiff opposes the Corporate Defendants motion. (Each 'Individual Defendant' (i.e., Matthew Fischer and Salvatore Guerrieri) has separately made his own motion to dismiss/summary judgment which plaintiff also opposes.)

This brief replies to plaintiff's opposition to Corporate Defendants' motion. Defendants show that plaintiff has erroneously interpreted the law and ignored guiding precedent, and has failed to offer any evidence to create any factual issues.

## II. PLAINTIFF'S FACTUAL ADMISSIONS

**A.  Plaintiff's Objection to Consideration of Defendants' Exhibit 2 Is Incorrect as a Matter of Law and Fact**

Plaintiff objects to defendants' Exhibit 2 because it was not attached to the complaint and that he did not have the *specific* exhibit before him when he prepared the motion. (Opposition Brief at 2, 11). This position is without merit legal and factually.

Legally, as will be more fully argued below, defendants' motion gives plaintiff actual notice that if the court, in its discretion, determines that this is not a Rule 12(b)(6) motion, then it should be considered as a Rule 56 motion and the basis of their motion. Nothing more need be given plaintiff; that is all that is required.

Also, plaintiff does not deny his actual knowledge of the contents of the exhibit: that Exhibit 2 shows the Product, that the depiction is accurate, nor that he was unaware of the web sites, and that he is not surprised by this depiction of the accused device. He cannot claim surprise because he admits that he "had an actual Nasal Clear [i.e., the Product] when he drafted his complaint" (Opposing brief at 8) and admits in his complaint:

> Mr. Gusler [plaintiff] further *became aware* that the NasalClear product … *was being offered for sale by defendants* Target. Toys R Us, Amazon, Wal-Mart and OneStep Ahead, *as well as by a number of on-line discount retailers*. (¶ 35). (emphasis added)

Indeed, one of defendants making this motion is Amazon.com an on-line marketer whose web page advertising the Product is part of Exhibit 2.

(It should be noted that defendants' Exhibit 2 is not comprised of photographs, as plaintiff represents, but are printouts of the web sites of defendants Listro, Amazon.com, Target, TRU, and Wal-Mart.[1])

**B.    Defendant Makes Claims That Are Unsupported by Any Evidence**

Plaintiff claims that defendants' Product has design elements not shown in Exhibit 2 (Opposition Brief at 11) but fails to identify any such copyrightable and copied design features. (Defendants will submit to the court the physical useful article for its inspection at the hearing.)

Plaintiff also claims that to determine whether or not there is substantial similarity between his copyrighted technical drawings and defendants' useful article requires "a fact-intensive issue"

---

[1] See, e.g., the upper right hand side of the first page of Exhibit 2, defendant Listro's URL at http://bebesounds.com/content/products/nasalclear/popup.html.

(Opposition Brief at 1 and at Point III) and that this case presents "a complex factual issue" (*Id.* at 8) but fails to identify any disputed facts, complex or otherwise.

**C.     Plaintiff Defends His Action for Unjust Enrichment on Factual Allegations Not Alleged In the Complaint**

Plaintiff represents that his unjust enrichment cause of action pleads that Corporate Defendants acquired confidential information from the Individual Defendants (Opposition brief at 13). The complaint makes no such allegation. He alleges only that: Corporate Defendants made copies of "Mr. Gusler's Copyrighted Drawing." (Complaint at ¶35); that defendant Fischer advised plaintiff that he, Fischer, knew who had disclosed the Copyrighted Drawing to third parties (*Id.,* at ¶ 36); that Individual Defendants published plaintiff's "Copyright Drawing" without authorization (*Id.,* at ¶ 38); and that on "information and belief" defendants Unisar and/or [unserved] Avita copied the Copyrighted Drawing." (*Id.,* at ¶ 43). However, as will be discussed below, as a matter of law, there can be no trade secrets in 'Copyrighted Drawings' because to secure the copyright registration plaintiff admittedly deposited the work to be available to the public in the U.S. Copyright Office.

## III ARGUMENT

**Point I:     Summary Judgement must Be Granted Because Plaintiff Provides No Contradictory Evidence.**

It is well established that, where a movant submits evidence to support its motion, to defeat that motion the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried and this must be more than a scintilla of evidence. *See Rule v. Brine, Inc.,* 85 F.3d 1002, 1011 (2d Cir. 1996); *Delaware & H. R. Co. v. Conrail,*

902 F.2d 174, 178 (2d Cir. 1990). Plaintiff offers none and summary judgment must, therefore, be entered.

**Point II.     This Court Can Decide on this Motion If Defendants Infringe Plaintiff's Copyright**

Plaintiff argues that there is no case in which a court will consider, on a motion to dismiss, let alone one converted to a motion for summary judgment, whether two works are substantially similar. Supposedly, this is such a "fact intensive" and should not now be addressed by this court. Although, what those "facts" may be, plaintiff is curiously silent.

The court has the discretion to consider obvious non-infringement of a copyrighted work and enter judgment against plaintiff. *Mallory v. NBC Universal, Inc.*, 07 Civ. 2250 2007 U.S. Dist. LEXIS 88960 *5-6 (S.D.N.Y. Dec. 3, 2007) (Cote, D.J.)("'However, a district court may determine noninfringement as a matter of law on a motion for summary judgment either when the similarity concerns only noncopyrightable elements of plaintiff work, or when no reasonable trier of fact could find the works substantially similar.' (*Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir. 1986); *see also Williams v. Crichton,* 84 F.3d 581, 587 (2d Cir. 1996).")

**Point III.    Plaintiff's Erroneous Representations of the Law as to Consideration of Evidence Rule 12(b)(6)/56 Motion**

Plaintiff argues that, because he did not have the actual pages of Exhibit 2 before him when his complaint was drafted, this court may not consider the exhibit. In support of this position plaintiff cites *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991); *Chambers v. Time Warner*, *Inc.,* 282 F.3d 147, 153 (2d Cir. 2002); and *U2 Home Entertainment, Inc v. Kylin TV, Inc.,* 06-CV-02770 2007 U.S. Dist. LEXIS 50131 *8 (E.D.N.Y. July 10, 2007). He

asserts that these precedents overrule *Krijn v. Pogue Simone Real Estate Co.*, 896 F.2d 687, 689 (2d Cir. 1990) (cited by defendants in their brief).  Plaintiff is in error.

To make the argument that *Krijn* has been overruled, plaintiff quotes the *Cortec* and *Chambers* decisions out of context and conflates two different types of motions considered by those two decisions: (1) a Rule 12(b)(6) motion to dismiss as distinguished from (2) a motion under Rule 12(b)(6) with notice that if not a motion to dismiss, the court is requested to convert the motion to a Rule 56 motion. *National Ass'n of Pharmaceutical Mfrs., v. American Home Products Corp,* 850 F.2d 904, 911 (2d Cir. 1986) ( held a non-movant was on notice when, among other things, the motion was captioned "motion to dismiss *or, in the alternative, for summary judgment*")

The plaintiff has erroneously represented the holdings in *Cortec* and *Chambers*.  Both cases expressly affirm the rule as expressed by *Krijn*. *See Cortec,* 949 F.2d at 48 and *Chambers,* 282 F.3d at 153.  The *U2* decision does not attempt to alter this law.

For recent cases enforcing the rule that, once notice is given, a court may convert a motion to dismiss to a motion for summary judgment see: *Rutigliano v. City of New York*, 07 Civ. 4614 2008 U.S. Dist. LEXIS 781 *6 (S.D.N.Y. Jan. 2, 2008); *Baez v. Kahanowicz*, 469 F. Supp. 2d 171, 175 (S.D.N.Y. 2007); *Wrap-N-Pack, Inc. v. Eisenberg,* 04-cv-4887 2007 U.S. Dist. LEXIS 23084 *15-16 (E.D.N.Y. March 29, 2007); *Tardd v. Brookhaven Nat'l Lab.*, 407 F. Supp. 2d 404 (E.D.N.Y. 2006); *Jordan v. United States*, Civil No. 3:05V00865 2006 U.S. Dist. LEXIS 51158 *1, fn 1  (D.Conn. July 12, 2006); *Rivera v. Pataki*, 2005 U.S. Dist. LEXIS 2747 *27 04 Civ. 1286 (S.D.N.Y. Feb. 7, 2005); and many other cases.

**Point IV:    Even under a Motion to Dismiss, There Is Sufficient Evidence to Dismiss The Causes of Action for Copyright Infringement**

Plaintiff admits that prior to bringing this action he was well aware of Internet sales and has sued here the Internet seller Amazon.com.  He does not deny that the Product in Exhibit 2 is the accused device.

This court may, in its discretion, grant judicial notice as to Exhibit 2 because it comprises publicly known information (i.e., the websites) or events *Fed. R. Evid.* 201.  These websites selling defendants' Product are:

Wal-Mart: http://www.walmart.com/catalog/product.do?product_id=8154693

Amazon.com:
http://www.amazon.com/s/ref=nb_ss_gw/002-7566184-6780807?url=search-alias%3_Daps&field-keywords=nasalclear&x=22&y=20

Target:      http://www.target.com/gp/detail.html/sr=1-1/qid=1200706668/ref=gp_se_search-results-asin-redirect/601-9741425-6017725?ie=UTF8&asin=B000HVDZKE

TRU:  http://www.toysrus.com/product/index.jsp?productId=2585646 and

Listro: http://www.bebesounds.com/products_nasalclear_description.asp.

**Point V.    Plaintiff's Cause of Action for Unjust Enrichment must Be Dismissed**

Plaintiff now claims, without any evidence, that the Corporate Defendants obtained plaintiff's trade secrets.  As pointed out in the Facts, above, the pleading only alleges that defendants copied a "Copyrighted Drawing" (plaintiff's own characterization of the work).  Any work deposited with the U.S. Copyright Office is open to the public to be searched (*see, e.g.,* http://www.copyright.gov/records/ ) *Tedder Boat Ramp Sys., Inc. v. Hillsborough County*, 54 F. Supp. 2d 1300, 1305 (D. Fla. 1999).  Therefore, not only was the wrongful obtaining of a trade secret not plead, there are no trade secrets.

In almost every aspect plaintiff he consistently and erroneously presented both the law and the facts.[2]

## V. CONCLUSION

Plaintiff has made admissions and presented no evidence or law or fact that rebut the showings with respect to either a motion to dismiss or a motion for summary judgment.

Judgement must be entered for Corporate Defendants, dismissing Causes of Action Second, Third, and Sixth and awarding Corporate Defendants their reasonable attorneys fees.

Attorneys for Defendants:

        Respectfully submitted,

        **Peter J. Listro Associates, Ltd.**
        **Unisar Inc.**
        **Amazon.com, Inc.**
        **Chelsea & Scott, Ltd.**
        **Target Corporation**
        **Toys "R" Us, Inc.**
        **Wal-Mart Stores, Inc.**

        **FURGANG & ADWAR, L.L.P.**

        /Philip Furgang/
        Philip Furgang (PF-5654)
        1325 Avenue of the Americas
           28th Floor
        New York NY10019
        212-725-1818

---

[2] In passing it is respectfully noted that plaintiff also misconstrued the holding *Dreick Finanz AG v. Sun,* 89 Civ. 4347, 1989 U.S. Dist. LEXIS 9623, 1989 WL 96626 (S.D.N.Y. Aug. 14, 1989). Relying on that case, plaintiff asserts that there is no requirement to plead a connection with the Corporate Defendants to establish unjust enrichment. While this issue is moot, it should be noted that the decisional law is in conflict. *Bildstein v. MasterCard Int'l, Inc.*, No. 03 Civ.9826, 2005 U.S. Dist. LEXIS 10763 (S.D.N.Y. June 6, 2005).

and

**GALVIN & PALMER**

<u>/Sheldon Palmer/</u>
Sheldon Palmer (SP-9703)
630 Third Avenue  -  23rd Floor
New York NY 10017
212-983-9800