**GALVIN & PALMER**
Sheldon Palmer (SP-9703)
630 Third Avenue - 23rd Floor
New York NY 10017
212-983-8900

**FURGANG & ADWAR, L.L.P.**
Philip Furgang (PF-5654)
1325 Avenue of the Americas – 28th Floor
New York NY 10019
212-725-1818

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X    07 CV 9535 (RWS)
TIMOTHY GUSLER,

                                                 Plaintiff,

       -against-

MATTHEW FISCHER, SALVATORE GUERRERI,
PETER J. LISTRO ASSOCIATES, LTD., UNISAR, INC.,
AVITA CORPORATION, TARGET CORPORATION,
TOYS "R" US, INC., AMAZON.COM, INC.,
WAL-MART STORES, INC., and CHELSEA &
SCOTT, LTD. d/b/a ONESTEP AHEAD,

                                                 Defendants.
-----------------------------------------------------------------X

## REPLY BRIEF IN SUPPORT OF THE
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND 56

**By Defendants:**

       **PETER J. LISTRO ASSOCIATES, LTD., UNISAR INC.,**
**TARGET CORPORATION,  TOYS "R" US, INC., AMAZON.COM, INC.,**
**CHELSEA & SCOTT, LTD., AND  WAL-MART STORES, INC.**

**Table of Contents**

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

II. PLAINTIFF'S FACTUAL ADMISSIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    A.    Plaintiff's Objection to Consideration of Defendants' Exhibit 2 Is Incorrect as a Matter of Law and Fact. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

    B.    Defendant Makes Claims That Are Unsupported by Any Evidence. . . . . . . . -2-

    C.    Plaintiff Defends His Action for Unjust Enrichment on Factual Allegations Not Alleged In the Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . -2-

III    ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

    Point I:    Summary Judgement must Be Granted Because Plaintiff Provides No Contradictory Evidence... . . . . . . . . . . . . . . . . . . . . . . -3-

    Point II.    This Court Can Decide on this Motion If Defendants Do Not Infringe Plaintiff's Copyright. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

    Point III.    Plaintiff's Erroneous Representations of the Law as to Consideration of Evidence Rule 12(b)(6)/56 Motion .. . . . . . . . . . . . . . . . . . . . . . . -4-

    Point IV:    Even under a Motion to Dismiss, There Is Sufficient Evidence to Dismiss The Causes of Action for Copyright Infringement. . . . . . . . . . . . . . -5-

    Point V.    Plaintiff's Cause of Action for Unjust Enrichment must Be Dismissed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

V.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -8-

## Table of Authorities

**Federal Cases:**

*Baez v. Kahanowicz*, 469 F. Supp. 2d 171 (S.D.N.Y. 2007). . . . . . . . . . . . . . . . . . . . . -5-

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296 (2004),
    *cert. denied*.544 U.S. 949 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-, -7-

*Brignoli v. Balch Hardy and Scheinman, Inc.*, 645 F. Supp. 1201 (S.D.N.Y. 1986) . . . . . . -6-

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002). . . . . . . . . . . . . . . . . -4-, -5-

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991). . . . . . . . . . . . -4-, -5-

*Delaware & H. R. Co. v. Conrail,* 902 F.2d 174 (2d Cir. 1990). . . . . . . . . . . . . . . . . . . -3-

*Jordan v. United States*, Civil No. 3:05V00865 2006 U.S. Dist. LEXIS 51158
    (D.Conn. July 12, 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*Krijn v. Pogue Simone Real Estate Co.*, 896 F.2d 687 (2d Cir. 1990) . . . . . . . . . . . . -4-, -5-

*Mallory v. NBC Universal, Inc.*, 07 Civ. 2250 2007 U.S. Dist. LEXIS 88960
    (S.D.N.Y. Dec. 3, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-

*National Ass'n of Pharmaceutical Mfrs., v. American Home Products Corp,*
    850 F.2d 904, 911 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*Rivera v. Pataki*, 2005 U.S. Dist. LEXIS 2747 04 Civ. 1286 (S.D.N.Y. Feb. 7, 2005). . . . -5-

*Rule v. Brine, Inc.,* 85 F.3d 1002 (2d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

*Rutigliano v. City of New York*, 07 Civ. 4614 2008 U.S. Dist. LEXIS 781
    (S.D.N.Y. Jan. 2, 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-

*Tardd v. Brookhaven Nat'l Lab.*, 407 F. Supp. 2d 404 (E.D.N.Y. 2006); . . . . . . . . . . . . -5-

*U2 Home Entertainment, Inc v. Kylin TV, Inc. ,* 06-CV-02770
    2007 U.S. Dist. LEXIS 50131 (E.D.N.Y. July 10, 2007). . . . . . . . . . . . . . . . . . . -4-

*Wrap-N-Pack, Inc. v. Eisenberg*, 04-cv-4887 2007 U.S. Dist. LEXIS 23084
    (E.D.N.Y. March 29, 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-, -5-

**Federal Rules**

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-, -4-

Fed. R. Civ. P. 56.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-, -4-, -5-

*Fed. R. Evid.* 201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

## I. INTRODUCTION

Defendants Listro), Unisar and The Retailers move to dismiss and for summary judgment under Fed. R. Civ. P. 12(b)(6) and 56 against plaintiff Timothy Gusler (Gusler). Plaintiff opposes the Corporate Defendants motion. (The 'Individual Defendant' (i.e., Fischer and Guerrieri) separately make their own motions to dismiss and for summary judgment which plaintiff also opposes.)

This brief replies to plaintiff's opposition to the motion by Listro, Unisar, and The Retailers and demonstrates that plaintiff erroneously interprets the law and ignores controlling precedent, and fails to offer any evidence to create triable factual issues.

## II. PLAINTIFF'S FACTUAL ADMISSIONS

**A.   Plaintiff's Objection to Consideration of Defendants' Exhibit 2 Is Incorrect as a Matter of Law and Fact**

Plaintiff objects to defendants' Exhibit 2 because it was not attached to the complaint and that he did not have the *specific* exhibit before him when he prepared the motion. (Opposition Brief at 2, 11). This position is without merit legal and factually.

As will be more fully argued below, the decisional law only requires that notice be given that defendants motion under Rule 12(b)(6) seeks a determination under Rule 56. Plaintiff's argument that he is required to have considered the actual exhibit is erroneous.

Moreover, plaintiff does not deny his actual knowledge of the contents of the exhibit: that Exhibit 2 shows the Product and that the depiction is accurate. He cannot claim surprise because he admits that he "had an actual Nasal Clear [i.e., the Product] when he drafted his complaint" (Opposing brief at 8). Plaintiff also admits in his complaint:

> Mr. Gusler [plaintiff] further *became aware* that the NasalClear product … *was being offered for sale by defendants* Target. Toys R Us, Amazon, Wal-Mart and OneStep Ahead, *as well as by a number of on-line discount retailers*. (¶ 35). (emphasis added)

Indeed, one of the moving defendants is Amazon.com, an on-line marketer whose web page advertising the Product is part of Exhibit 2.

(It should be noted that defendants' Exhibit 2 is not comprised of photographs, as plaintiff represents, but are printouts of the web sites of defendants Listro, Amazon.com, Target, TRU, and Wal-Mart.[1])

**B.  Defendant Makes Claims That Are Unsupported by Any Evidence**

Plaintiff claims that defendants' Product has design elements not shown in Exhibit 2 (Opposition Brief at 11 ). However, he fails to identify any such copyrightable and copied design features. (Defendants will, with the consent of the court, submit the physical useful article (the Product) for its inspection at the hearing.)

Plaintiff also claims that to determine whether or not there is substantial similarity between his copyrighted technical drawings and defendants' useful article requires "a fact-intensive issue" (Opposition Brief at 1 and at Point III) and that this case presents "a complex factual issue" (*Id*. at 8). However, plaintiff fails to identify any disputed facts, complex or otherwise.

**C.  Plaintiff Defends His Action for Unjust Enrichment on Factual Allegations Not Alleged In the Complaint**

Plaintiff represents that his unjust enrichment cause of action pleads that the moving defendants acquired confidential information from the Individual Defendants (Opposition brief at

---

[1] See, e.g., the upper right hand side of the first page of Exhibit 2, defendant Listro's URL at http://bebesounds.com/content/products/nasalclear/popup.html.

13). The complaint makes no such allegation. He alleges only that: the moving defendants made copies of "Mr. Gusler's Copyrighted Drawing." (Complaint at ¶35); that defendant Fischer advised plaintiff that he, Fischer, knew who had disclosed the Copyrighted Drawing to third parties (*Id.,* at ¶ 36); that Individual Defendants published plaintiff's "Copyright Drawing" without authorization (*Id.,* at ¶ 38); and that on "information and belief" defendants Unisar and/or [unserved] Avita copied the Copyrighted Drawing." (*Id.,* at ¶ 43). Thus, the moving defendants are only accused of having profited from selling the Copyrighted Drawings, an action wholly within the Copyright Act and preempted.

### III ARGUMENT

**Point I:   Summary Judgement must Be Granted Because Plaintiff Provides No Contradictory Evidence.**

It is well established that, where a movant submits evidence to support its motion for summary judgment, to defeat that motion, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried and that these facts must be based on more than a scintilla of evidence. *See Rule v. Brine, Inc.,* 85 F.3d 1002, 1011 (2d Cir. 1996); *Delaware & H. R. Co. v. Conrail,* 902 F.2d 174, 178 (2d Cir. 1990). Plaintiff, however, offers no such facts. Summary judgment must, therefore, be entered.

**Point II.   This Court Can Decide on this Motion If Defendants Do Not Infringe Plaintiff's Copyright**

Plaintiff argues that there is no case in which a court will consider, on a motion to dismiss, let alone one converted to a motion for summary judgment, whether two works are substantially similar. Supposedly, substantial similarity is so "fact intensive" that it should not now be

addressed by this court. Plaintiff has erred once again. Indeed, his silence, failing to identify any such 'facts' is striking.

Indeed, the court has the discretion to consider obvious non-infringement of a copyrighted work and enter judgment against plaintiff. *Mallery v. NBC Universal, Inc.*, 07 Civ. 2250 2007 U.S. Dist. LEXIS 88960 *5-6 (S.D.N.Y. Dec. 3, 2007) (Cote, D.J.)("'However, a district court may determine noninfringement as a matter of law on a motion for summary judgment either when the similarity concerns only noncopyrightable elements of plaintiff work, or when no reasonable trier of fact could find the works substantially similar.' (*Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir. 1986); *see also Williams v. Crichton,* 84 F.3d 581, 587 (2d Cir. 1996).")

**Point III.    Plaintiff's Erroneous Representations of the Law as to Consideration of Evidence Rule 12(b)(6)/56 Motion**

Plaintiff argues that, because he did not have the actual pages of Exhibit 2 before him when his complaint was drafted, this court may not consider the exhibit. In support of this position plaintiff cites *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991); *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002); and *U2 Home Entertainment, Inc v. Kylin TV, Inc. ,* 06-CV-02770 2007 U.S. Dist. LEXIS 50131 *8 (E.D.N.Y. July 10, 2007). He asserts that these precedents overrule *Krijn v. Pogue Simone Real Estate Co.*, 896 F.2d 687, 689 (2d Cir. 1990) (cited by defendants in their brief). Plaintiff is in error.

To make the argument that *Krijn* has been overruled, plaintiff quotes the *Cortec* and *Chambers* decisions out of context and conflates two different types of motions considered by those two decisions: (1) a Rule 12(b)(6) motion to dismiss as distinguished from (2) a motion under Rule 12(b)(6) with notice that if not a motion to dismiss, the court is requested to convert

the motion to a Rule 56 motion. *National Ass'n of Pharmaceutical Mfrs., v. American Home Products Corp,* 850 F.2d 904, 911 (2d Cir. 1986) ( held, a non-movant was on notice when, among other things, the motion was captioned 'motion to dismiss *or, in the alternative, for summary judgment*')

The plaintiff has erroneously represented the holdings in *Cortec* and *Chambers*. Both cases expressly affirm the rule as expressed by *Krijn*. *See Cortec,* 949 F.2d at 48 and *Chambers,* 282 F.3d at 153. The *U2* decision does not attempt to alter this law.

For recent cases following the rule that, once notice is given, a court may convert a motion to dismiss to a motion for summary judgment see: *Rutigliano v. City of New York*, 07 Civ. 4614 2008 U.S. Dist. LEXIS 781 *6 (S.D.N.Y. Jan. 2, 2008); *Baez v. Kahanowicz*, 469 F. Supp. 2d 171, 175 (S.D.N.Y. 2007);*Wrap-N-Pack, Inc. v. Eisenberg,* 04-cv-4887 2007 U.S. Dist. LEXIS 23084 *15-16 (E.D.N.Y. March 29, 2007); *Tardd v. Brookhaven Nat'l Lab.*, 407 F. Supp. 2d 404 (E.D.N.Y. 2006); *Jordan v. United States*, Civil No. 3:05V00865 2006 U.S. Dist. LEXIS 51158 *1, fn 1 (D.Conn. July 12, 2006); *Rivera v. Pataki*, 2005 U.S. Dist. LEXIS 2747 *27 04 Civ. 1286 (S.D.N.Y. Feb. 7, 2005); and many other cases.

**Point IV:**    **Even under a Motion to Dismiss, There Is Sufficient Evidence to Dismiss The Causes of Action for Copyright Infringement**

Plaintiff admits that prior to bringing this action he was well aware of Internet sales and has sued here the Internet seller Amazon.com. He does not deny that the Product in Exhibit 2 is the accused device.

This court may, in its discretion, grant judicial notice as to Exhibit 2 because it comprises publicly known information (i.e., the websites) or events *Fed. R. Evid.* 201. These websites selling defendants' Product are:

Wal-Mart: http://www.walmart.com/catalog/product.do?product_id=8154693

Amazon.com: http://www.amazon.com/s/ref=nb_ss_gw/002-7566184-6780807?url=search-alias%3_Daps&field-keywords=nasalclear&x=22&y=20

Target: http://www.target.com/gp/detail.html/sr=1-1/qid=1200706668/ref=gp_se_search-results-asin-redirect/601-9741425-6017725?ie=UTF8&asin=B000HVDZKE

TRU: http://www.toysrus.com/product/index.jsp?productId=2585646 and

Listro: http://www.bebesounds.com/products_nasalclear_description.asp.

**Point V.      Plaintiff's Cause of Action for Unjust Enrichment must Be Dismissed**

Plaintiff now claims, without any evidence, that the Corporate Defendants obtained plaintiff's trade secrets. As pointed out in the Facts, above, the pleading only alleges that defendants copied a "Copyrighted Drawing" (plaintiff's own characterization of the work).

Plaintiff argues that the law, as expressed by this court in *Brignoli v. Balch Hardy and Scheinman, Inc.*, 645 F. Supp. 1201, 1205 (S.D.N.Y. 1986) is that it is the law if an act complained of includes more than copying, there is no preemption.

The Second Circuit *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2004), *cert. denied*.544 U.S. 949 (2005) (cited in the brief in support of this motion) teaches how the preemption doctrine is to be applied. The court explains that there is a two-pronged test that determines whether or not preemption applies.

First the work which is the subject of the must be one of those works protected by the Copyright Act. There can be little doubt of that here, since the entire claim against defendants Listro, Unisar and The Retailers is that they copied the work and distributed the copies that were made.

The second prong is that "the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106. *See* 17 U.S.C. § 301(a); *Nat'l Basketball Ass'n v. Motorola, Inc.,* 105 F.3d 841, 848 (2d Cir. 1997)." 373 F.3d at 305. As to this prong, plaintiff only asserts that the extra element is an unpleaded claim against these defendants of deserving of equitable relief because the benefitted from the Individual Defendants disclosing of the Copyrighted Drawings. But, as shown, that is an equitable relief coextensive with the rights provided by the Copyright Act.

In sum, defendants Listro, Unisar, and The Retailers are accused of copying (complaint at ¶ 43) and to have thereby infringed Gusler's copyright (*Id.,* at ¶ 44) and that defendants Listro, Unisar, and The Retailers then profited by distributing their copies of the work (*Id.* At ¶ 48). When one arrives at the Sixth Cause of Action, defendants Listro, Unisar, and the Retailers are accused of unjustly enriching themselves by benefitting from Gusler's "drawings, designs and concepts" (*Id.,* at ¶ 62). The remedy for this unjust enrichment is the benefits obtained by defendants from these acts, a remedy provided by the Copyright Act.

As the court held in *Briarpatch:*

> Given the Supreme Court's approach in [*Beneficial National Bank v. Anderson,* 539 U.S. 1, 156 L. Ed. 2d 1, 123 S. Ct. 2058 (2003)], we conclude that it means to extend the complete preemption doctrine to any federal statute that both preempts state law and substitutes a federal remedy for that law, thereby creating an exclusive federal cause of action. *Id.*

Plaintiff argument that there is an 'extra element' fails for this reason. Notably, he cites not one case that supports his asserts.

## V. CONCLUSION

In almost every aspect of plaintiff's opposition to this motion, he has consistently erroneously represented both the law and the facts.[2] Plaintiff has admitted that defendants Product is a useful article, has failed in his burden to support any of his unsworn to representations of existing "complex facts' 'copyrightable designs' or any other fact or law that rebuts defendants' showing.

Judgement must be entered for defendants Listro, Unisar and the Retailers, dismissing Causes of Action Second and Third (for copyright infringement and the Sixth Cause of Action (for unjust enrichment) and awarding these defendants their reasonable attorneys fees.

Respectfully submitted,

Attorneys for defendants:

**Peter J. Listro Associates, Ltd.**
**Unisar Inc.**
**Amazon.com, Inc.**
**Chelsea & Scott, Ltd.**
**Target Corporation**
**Toys "R" Us, Inc.**
**Wal-Mart Stores, Inc.**

---

[2] In passing it is respectfully noted that plaintiff also misconstrued the holding *Dreick Finanz AG v. Sun,* 89 Civ. 4347, 1989 U.S. Dist. LEXIS 9623, 1989 WL 96626 (S.D.N.Y. Aug. 14, 1989). Relying on that case, plaintiff asserts that there is no requirement to plead a connection with the Corporate Defendants to establish unjust enrichment. While this issue is moot, it should be noted that the decisional law is in conflict. *Bildstein v. MasterCard Int'l, Inc.*, No. 03 Civ.9826, 2005 U.S. Dist. LEXIS 10763 (S.D.N.Y. June 6, 2005).

**GALVIN & PALMER**

/Sheldon Palmer/
Sheldon Palmer (SP-9703)
630 Third Avenue  -  23rd Floor
New York NY 10017
212-983-9800

and

**FURGANG & ADWAR, L.L.P.**

/Philip Furgang/
Philip Furgang (PF-5654)
1325 Avenue of the Americas
         28th Floor
New York NY10019
212-725-1818

New York, New York
January 21, 2008