UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
:
TIMOTHY GUSLER, :
:
                Plaintiff, :
:
         v. :    07 Civ. 9535 (RWS)
:
MATTHEW FISCHER, SALVATORE GUERRERI, :
PETER J. LISTRO ASSOCIATES, LTD., UNISAR, :
INC., AVITA CORPORATION, TARGET :
CORPORATION, TOYS "R US, INC., AMAZON.COM, :
INC., WAL-MART STORES, INC., and CHELSEA & :
SCOTT, LTD. d/b/a ONESTEP AHEAD, :
:
                Defendants. :
---------------------------------------------------------------------------X

**DEFENDANT MATTHEW FISCHER'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) and 12(b)(1); AND REQUEST FOR COSTS AND ATTORNEY FEES PURSUANT TO 17 U.S.C. § 505**

                                                GOTTLIEB, RACKMAN & REISMAN, P.C.
                                                Michael I. Rackman, Esq.
                                                Jeffrey M. Kaden, Esq.
                                                Yuval H. Marcus, Esq.
                                                270 Madison Avenue
                                                New York, New York 10016
                                                (212) 684-3900

## TABLE OF CONTENTS

**ARGUMENT** ………………………………………………………………………...1

I.    PLAINTIFF'S COPYRIGHT CLAIM AGAINST FISCHER SHOULD
BE DISMISSED……………………………………………………………… 1

II.    PLAINTIFF'S STATE LAW CLAIMS MUST ALSO BE DISMISSED ………3

    A.    Plaintiff's Fourth, Fifth and Sixth Causes of Action are Preempted
By the Copyright Act …………………………………………………….3

    B.    Plaintiff's Fourth, Fifth and Sixth Causes of Action Should Be
Dismissed For Lack of Subject Matter Jurisdiction …………………..6

**CONCLUSION** …………………………………………………………………...7

## TABLE OF AUTHORITIES

**Cases**

*Brignoli v. Balch Hardy and Scheinman, Inc.,* 645 F. Supp. 1201 (S.D.N.Y. 1986) ......... 5

*Computer Assocs. Int'l. Inc. v. Altai, Inc.,* 982 F.2d 693, 716 (2d Cir. 1992) ................... 3

*Mallery v. NBC Universal, Inc.*, 07 Civ. 2250, 2007 U.S. DIST. LEXIS 88960 (Dec. 3, 2007) ................................................................................................................................. 2

*Walker v. Time Life Films*, 784 F.2d 44 (2d Cir. 1986) ..................................................... 2

*Williams v. Crichton*, 84 F.3d 581 (2d Cir. 1996) ............................................................. 2

**Statutes**

17 U.S.C. § 505 ................................................................................................................... 1

**Rules**

Fed. R. Civ. P. 12(b)(1) ...................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 1

Defendant Matthew Fischer[1] respectfully submits this Reply Memorandum: (a) in further support of his Motion to Dismiss all of the causes of action asserted against him in the Complaint of Plaintiff Timothy Gusler, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and 12(b)(1) for lack of subject matter jurisdiction; and (b) in further support of his request for recoupment of his costs and reasonable attorney fees pursuant to U.S. Copyright Law, 17 U.S.C. § 505.

## **ARGUMENT**

I. PLAINTIFF'S COPYRIGHT CLAIM
   AGAINST FISCHER SHOULD BE DISMISSED

The primary basis for Fischer's motion to dismiss the copyright infringement claim against him is that Plaintiff does not and cannot plead a claim for copyright infringement because the NasalClear Product is not substantially similar as a matter of law to the Gusler Drawings.[2] Plaintiff fails to rebut this statement. Notably absent from Plaintiff's opposition papers is any argument affirmatively stating that the NasalClear Product _is_ substantially similar to the Gusler Drawings. Instead, Plaintiff offers arguments as to why the Court should not make the comparison.[3] These arguments do not withstand scrutiny and should be rejected. For example, Plaintiff claims that the Court cannot rely on the photographs of the NasalClear Product that were submitted

---

[1] Defendant Fischer incorporates by reference the defined terms used in the Memorandum of Law submitted in support of his motion to dismiss.
[2] Plaintiff concedes that the alleged actions by Fischer that purportedly give rise to a claim of copyright infringement against him are that he, along with other defendants, "copied plaintiff's copyrighted design drawings into the NasalClear product." Plaintiff's Memorandum of Law in Opposition to Defendant Matthew Fischer's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) and 12(B)(1) and Request for Costs and Attorneys Fees Pursuant to 17 U.S.C. § 505 ("Opp. Br."), p. 1.
[3] It is more than curious that Plaintiff did not attach a photograph of the allegedly infringing NasalClear Product to the Complaint.

because Plaintiff did not rely on these photographs. Plaintiff does not dispute, however, that the photographs submitted by the NasalClear Product Defendants are of the correct product. Further, Plaintiff concedes that he relied upon "an actual Nasal Clear product when he drafted the complaint." Opp. Br., p. 9. It is hard to understand how Plaintiff is prejudiced by the Court's consideration of photographs of the same product that Plaintiff used to draft the Complaint. In any event, a specimen of the actual NasalClear Product is being submitted by the NasalClear Product Defendants to the Court for consideration, thereby mooting Plaintiff's arguments.

Similarly, Plaintiff argues that a determination of substantial similarity is a fact sensitive issue that cannot be decided as a matter of law. This is simply a gross misstatement. There is ample authority in the Second Circuit for the Court to grant a motion to dismiss or for summary judgment based upon a determination that no reasonable trier of fact could find that the alleged infringing work is substantially similar to the copyrighted work. Walker v. Time Life Films, 784 F.2d 44 (2d Cir. 1986)(affirming grant of summary judgment on copyright infringement claim based on finding of no substantial similarity as a matter of law); Williams v. Crichton, 84 F.3d 581 (2d Cir. 1996)(same); Mallery v. NBC Universal, Inc., 07 Civ. 2250, 2007 U.S. DIST. LEXIS 88960 (Dec. 3, 2007)(converting motion to dismiss to motion for summary judgment and granting motion based on finding of no substantial similarity as matter of law). This is precisely the case here and the Court should dismiss Plaintiff's First Cause of Action for Copyright Infringement.

With respect to Plaintiff's remaining arguments, Fischer adopts and incorporates by reference the arguments of the NasalClear Product Defendants as set forth in their

Reply Brief in Further Support of Their Motion to Dismiss filed on January 21, 2008.

## II. PLAINTIFF'S STATE LAW CLAIMS MUST ALSO BE DISMISSED

### A. Plaintiff's Fourth, Fifth and Sixth Causes of Action are Preempted by the Copyright Act

The State Law Claims against Fischer should be dismissed as well because they are preempted by the Copyright Act. Accordingly if Plaintiff's copyright infringement claim is dismissed, there is no subject matter jurisdiction for these remaining claims. Plaintiff's argument against preemption is that the State Law Claims include an extra element beyond that of the copyright infringement claim because Fischer breached a duty of confidentiality. As the Second Circuit has held, however, an extra element will only defeat preemption where the extra element "changes the nature of the action so that it is <u>qualitatively</u> different from a copyright infringement claims." <u>Computer Assocs. Int'l. Inc. v. Altai, Inc.</u>, 982 F.2d 693, 716 (2d Cir. 1992). The problem with Plaintiff's argument is that in this case, the same exact acts that are alleged as the basis for the copyright infringement claim, namely, the copying and distribution of the Gusler Drawings, are also alleged as the basis for the breach of contract, misappropriation of trade secrets and unjust enrichment claims. Plaintiff seemingly concedes this point in his opposition papers, stating in connection with the unjust enrichment claim that: "Plaintiff alleges that Fischer disclosed <u>plaintiff's drawings</u> to Corporate Defendants in contravention of the non-disclosure agreement that he signed. By disclosing and exploiting <u>plaintiff's drawings</u>, Fischer benefited at plaintiff's expense." Opp. Br., p. 6 (emphasis added). Since the only acts that form the basis for the State Law Claims are the copying and distributing of the Gusler Drawings, Plaintiff has failed to allege rights

3

that are qualitatively different from its rights under the Copyright Act, namely, the rights of reproduction and distribution.  As such, all of the State Law Claims are preempted by the Copyright Act.

Plaintiff relies heavily on his allegations relating to the Non-Disclosure Agreement ("NDA") to establish that there is an "extra element" that defeats preemption.  A closer look at the allegations relating to that agreement, however, reveals that the breach of contract (and the derivative misappropriation of trade secret and unjust enrichment claims)[4] are not qualitatively different from the copyright infringement claims.  The actions that are alleged to have been taken by Fischer to violate the NDA are that he copied and distributed the Gusler Drawings.  Thus, the Complaint alleges that "prior to showing <u>his drawings</u> to Mr. Fischer, Mr. Gusler requested that Mr. Fischer sign a non-disclosure agreement ('NDA')."  Complaint, ¶ 20 (emphasis added).  The NDA includes broad language about the types of information that <u>could</u> be included within the definition of "Confidential Information" if such information was disclosed to Fischer, but does not at all state what was actually disclosed to Fischer.  <u>See</u> Complaint, Exh. B.  Indeed, the third WHEREAS clause of the NDA states that Plaintiff is only willing to disclose "certain Confidential Information" and paragraph 3 of the NDA gives Plaintiff sole discretion to determine what Confidential Information to disclose.  On its face, therefore, the NDA does not allege that the Confidential Information that was disclosed to Fischer consisted of anything more than the Gusler Drawings.  Thus, Fischer's

---

[4] Both the misappropriation of trade secrets and unjust enrichment claims are based on Fischer's alleged breach of the NDA.  The alleged duty not to disclose the Gusler Drawings that underlies the misappropriation of trade secrets claim is based on Fischer entering into the NDA.  Similarly, the unjust enrichment claim is based on the allegation that Fischer was unjustly enriched when he violated the NDA and disclosed the Gusler Drawings.

obligations under the NDA were the same as those covered by the Copyright Act -- not to copy and not to distribute the Gusler Drawings.

This understanding that the Gusler Drawings are the only Confidential Information that Fischer had an obligation not to disclose under the NDA is confirmed by Plaintiff's allegations in the Complaint. Plaintiff repeatedly identifies the Gusler Drawings but alleges no other facts detailing other confidential information that Fischer obtained and disclosed. In paragraph 24 of the Complaint, Plaintiff alleges that "Mr. Fischer made and retained copies of the <u>drawings</u> shown to him at the meeting." Complaint, ¶ 23 (emphasis added). Later on, the Complaint alleges that "Mr. Fischer never requested permission to copy or distribute copies of the <u>drawings</u>." Complaint, ¶ 28 (emphasis added). Again in paragraph 33, the Complaint alleges that "[a]s before, Mr. Fischer never requested permission to copy the <u>drawings</u> or to distribute or show the <u>drawings</u> to third parties." Complaint, ¶ 33 (emphasis added). Accordingly, the sole allegations relating to the NDA are that Fischer had an obligation to maintain the confidentiality of the Gusler Drawings and breached that obligation by copying and disclosing the Gusler Drawings to third parties. Since these allegations involved rights protected by the Copyright Act, the State Law Claims are preempted.

Plaintiff's reliance on <u>Brignoli v. Balch Hardy and Scheinman, Inc.</u>, 645 F. Supp. 1201 (S.D.N.Y. 1986) is misplaced because the facts in that case are distinguishable. As a preliminary matter, the <u>Brignoli</u> case involved a contract where the plaintiff was to be compensated for the use of a software program. The extra element in that case was "the promise to pay plaintiff for the use of his product." <u>Brignoli</u>, 645 F. Supp. at 1205. Here, the NDA does not contain a promise to compensate Plaintiff. The only obligation

5

is not to copy and distribute the Gusler Drawings. Similarly, the misappropriation of trade secrets claim in that case was also based on facts that are different from the facts in this case. In Brignoli, the misappropriation claim was not based on allegations of the copying and distribution of the copyrighted work, as is the case here, but rather was based on the allegations that the defendant contacted the plaintiff's employees and induced them to disclose other confidential information about plaintiff. As the Court noted in Brignoli, "[a] claim that a defendant made unauthorized use of copyrightable material falls squarely within § 301 and is pre-empted." Brignoli, 645 F. Supp. at 1205. Since the facts alleged in this case consist of nothing more than allegations that Fischer copied and distributed the Gusler Drawings, all of the State Law Claims are preempted and should be dismissed.

    B. Plaintiff's Fourth, Fifth and Sixth Causes of Action
       Should Be Dismissed For Lack of Subject Matter Jurisdiction

Even if the Court denies Fischer's preemption assertion, the State Law Claims should still be dismissed. Thus, to the extent that the Court dismisses the copyright infringement claim against defendant Fischer, since Plaintiff's remaining pendant State Law Claims are not supported by a valid federal claim, there is no supplemental jurisdiction for the State Law Claims and they must be dismissed.

## **CONCLUSION**

For all of the reasons stated above, the First, Fourth, Fifth and Sixth Causes of Action of Plaintiff's Complaint should be dismissed, and Defendant Fischer should be awarded his reasonable costs and attorney fees.

Respectfully submitted,

**GOTTLIEB RACKMAN & REISMAN**
Attorneys for Defendant Matthew Fischer
270 Madison Avenue, 8th Floor
New York, NY 10016
(212) 684-3900

DATED:   New York, New York
         January 22, 2008

By:   /s/_Yuval H. Marcus
      Michael I. Rackman (MR 2142)
      Jeffrey M. Kaden (JK 2632)
      Yuval H. Marcus (YM 5348)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of **Defendant Matthew Fischer's Reply Memorandum of Law in Further Support of His Motion to Dismiss,** has been sent via first class U.S. mail, postage paid on the 22nd day of January, 2008, to counsel for the parties addressed as follows:

> Charles von Simson, Esq.
> Stephen M. Chin, Esq.
> von Simson & Chin LLP
> 62 William Street, 6th Floor
> New York, New York 10005
>
> Sheldon Palmer, Esq.
> Galvin & Palmer
> 630 Third Avenue, 23rd Floor
> New York, New York 10017
>
> Philip Furgang, Esq.
> Furgang & Adwar, L.L.P.
> 1325 Avenue of the Americas, 28th Floor
> New York, New York 10019
>
> David Jaroslawicz, Esq.
> Jaroslawicz & Jaros, LLC
> 225 Broadway, 24th Floor
> New York, New York 10007

I further certify that I caused the foregoing documents to be filed electronically with the U.S. District Court for the Southern District of New York on January 22, 2008 through the Court's ECF System.

/s/ Yuval H. Marcus