UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
:
TIMOTHY GUSLER, :
:
:
Plaintiff, :
:
v. :
: 07 Civ. 9535 (RWS)
:
MATTHEW FISCHER, SALVATORE GUERRERI, :
PETER J. LISTRO ASSOCIATES, LTD., UNISAR, :
INC., AVITA CORPORATION, TARGET :
CORPORATION, TOYS "R US, INC., AMAZON.COM, :
INC., WAL-MART STORES, INC., and CHELSEA & :
SCOTT, LTD. d/b/a ONESTEP AHEAD, :
:
Defendants. :
---------------------------------------------------------------------------X

**DEFENDANT SALVATORE GUERRIERI'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) and 12(b)(1); AND REQUEST FOR COSTS AND ATTORNEY FEES PURSUANT TO 17 U.S.C. § 505**

GOTTLIEB, RACKMAN & REISMAN, P.C.
Michael I. Rackman, Esq.
Jeffrey M. Kaden, Esq.
Yuval H. Marcus, Esq.
270 Madison Avenue
New York, New York 10016
(212) 684-3900

**TABLE OF CONTENTS**

**ARGUMENT** …………………………………………………………………………...1

I.      PLAINTIFF'S COPYRIGHT CLAIM AGAINST GUERRIERI SHOULD
        BE DISMISSED………………………………………………………………….. 1

II.     PLAINTIFF'S STATE LAW CLAIMS MUST ALSO BE DISMISSED ……….3

        A.     Plaintiff's Fifth and Sixth Causes of Action are Preempted
               By the Copyright Act …………………………………………………….3

              1.     Plaintiff's Claim for Misappropriation of Trade Secrets
                     Against Guerrieri Should be Dismisses As Preempted……….3

              2.     Plaintiff's Claim from Unjust Enrichment Against Guerrieri
                     Should Be Dismissed As Preempted …………………………..4

        B.     Plaintiff's Fifth and Sixth Causes of Action Should Be
               Dismissed For Lack of Subject Matter Jurisdiction …………………..6

**CONCLUSION** ………………………………………………………………………...7

## TABLE OF AUTHORITIES

**Cases**

*Mallery v. NBC Universal, Inc.*, 07 Civ. 2250, 2007 U.S. DIST. LEXIS 88960 (Dec. 3, 2007) ................................................................................................... 2

*Walker v. Time Life Films*, 784 F.2d 44 (2d Cir. 1986) ................................................... 2

*Williams v. Crichton*, 84 F.3d 581 (2d Cir. 1996) ........................................................... 2

**Statutes**

17 U.S.C. § 505 ................................................................................................................ 1

**Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................................... 1
Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1

Defendant Salvatore Guerrieri[1] respectfully submits this Reply Memorandum: (a) in further support of his Motion to Dismiss all of the causes of action asserted against him in the Complaint of Plaintiff Timothy Gusler, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and 12(b)(1) for lack of subject matter jurisdiction; and (b) in further support of his request for recoupment of his costs and reasonable attorney fees pursuant to U.S. Copyright Law, 17 U.S.C. § 505.

## **ARGUMENT**

I. PLAINTIFF'S COPYRIGHT CLAIM
   AGAINST GUERRIERI SHOULD BE DISMISSED

The primary basis for Guerrieri's motion to dismiss the copyright infringement claim against him is that Plaintiff does not and cannot plead a claim for copyright infringement because the NasalClear Product is not substantially similar as a matter of law to the Gusler Drawings.[2]  Plaintiff fails to rebut this statement.  Notably absent from Plaintiff's opposition papers is any argument affirmatively stating that the NasalClear Product is substantially similar to the Gusler Drawings.  Instead, Plaintiff offers arguments as to why the Court should not make the comparison.[3]   These arguments do not withstand scrutiny and should be rejected.  For example, Plaintiff claims that the Court cannot rely on the photographs of the NasalClear Product that were submitted

---

[1] Defendant Guerrieri incorporates by reference the defined terms used in the Memorandum of Law submitted in support of his motion to dismiss.
[2] Plaintiff concedes that the alleged actions by Guerrieri that purportedly give rise to a claim of copyright infringement against him are that he, along with other defendants, "copied plaintiff's copyrighted design drawings into the NasalClear product."  Plaintiff's Memorandum of Law in Opposition to Defendant Salvatore Guerrieri's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) and 12(B)(1) and Request for Costs and Attorneys Fees Pursuant to 17 U.S.C. § 505 ("Opp. Br."), p. 1.
[3] It is more than curious that Plaintiff did not attach a photograph of the allegedly infringing NasalClear Product to the Complaint.

1

because Plaintiff did not rely on these photographs.  Plaintiff does not dispute, however, that the photographs submitted by the NasalClear Product Defendants are of the correct product.  Further, Plaintiff concedes that he relied upon "an actual Nasal Clear product when he drafted the complaint."  Opp. Br., p. 9.  It is hard to understand how Plaintiff is prejudiced by the Court's consideration of photographs of the same product that Plaintiff used to draft the Complaint.  In any event, a specimen of the actual NasalClear Product is being submitted by the NasalClear Product Defendants to the Court for consideration, thereby mooting Plaintiff's arguments.

Similarly, Plaintiff argues that a determination of substantial similarity is a fact sensitive issue that cannot be decided as a matter of law.  This is simply a gross misstatement.  There is ample authority in the Second Circuit for the Court to grant a motion to dismiss or for summary judgment based upon a determination that no reasonable trier of fact could find that the alleged infringing work is substantially similar to the copyrighted work.  Walker v. Time Life Films, 784 F.2d 44 (2d Cir. 1986)(affirming grant of summary judgment on copyright infringement claim based on finding of no substantial similarity as a matter of law); Williams v. Crichton, 84 F.3d 581 (2d Cir. 1996)(same); Mallery v. NBC Universal, Inc., 07 Civ. 2250, 2007 U.S. DIST. LEXIS 88960 (Dec. 3, 2007)(converting motion to dismiss to motion for summary judgment and granting motion based on finding of no substantial similarity as matter of law).  This is precisely the case here and the Court should dismiss Plaintiff's First Cause of Action for Copyright Infringement.

With respect to Plaintiff's remaining arguments, Guerrieri adopts and incorporates by reference the arguments of the NasalClear Product Defendants as set

forth in their Reply Brief in Further Support of Their Motion to Dismiss filed on January 21, 2008.

## II. PLAINTIFF'S STATE LAW CLAIMS MUST ALSO BE DISMISSED

### A. Plaintiff's Fifth and Sixth Causes of Action are Preempted by the Copyright Act

Plaintiff's State Law Claims against Guerrieri for misappropriation of trade secrets and unjust enrichment should be dismissed because they are preempted.

#### 1. Plaintiff's Claim for Misappropriation of Trade Secrets Against Guerrieri Should Be Dismissed As Preempted

Plaintiff's misappropriation of trade secrets claim is preempted because it is not qualitatively different from Plaintiff's copyright infringement claim. As set forth in detail in the Reply Brief of defendant Fischer, the alleged confidential information that was disclosed by Guerrieri was nothing more that the Gusler Drawings. Accordingly, since the only allegations are that Guerrieri distributed the Gusler Drawings to third parties, the very same rights protected by the Copyright Act, there is no qualitative difference between the misappropriation of trade secrets claim and the copyright infringement claim and thus the misappropriation of trade secrets claim is preempted.

Even if the Court determines that, in this case, a duty of confidentiality is an extra element that creates a qualitative difference from the copyright infringement claim, preemption still applies and the misappropriation of trade secrets claim against Guerrieri should be dismissed. This is because Plaintiff has failed to allege that Guerrieri had any such duty of confidentiality.

Plaintiff argues that he has stated a claim against Guerrieri for misappropriation because "Guerrieri misappropriated plaintiff's trade secrets by disclosing them to third

parties in violation of the Non-Disclosure Agreement". Opp. Mem., pp. 4-5. In support of this argument, Plaintiff then quotes language from the Non-Disclosure Agreement ("NDA") between Plaintiff and Fischer. There is, however, a fundamental flaw with Plaintiff's argument -- it is undisputed that Guerrieri is not a party to the NDA.

Moreover, Plaintiff does not even allege that he asked Guerrieri to sign a NDA, that he told Guerrieri that the information disclosed to Guerrieri was confidential or that he asked Guerrieri to keep the information confidential. All that is alleged is that Plaintiff "believed that Mr. Guerrieri was an affiliate of Mr. Fischer's and would be bound by the terms of the NDA." Complaint, ¶ 26. Clearly, Plaintiff's belief, which was not conveyed to Guerrieri, does not impose any duty or obligation upon Guerrieri to keep information confidential.

Accordingly, the misappropriation of trade secrets claim must be dismissed because there is no meaningful distinction between the misappropriation of trade secrets claim and Plaintiff's copyright infringement claim. In any event, Plaintiff has not alleged that Guerrieri had any duty of confidentiality.[4]

### 2. Plaintiff's Claim for Unjust Enrichment Against Guerrieri Should Be Dismissed As Preempted

The unjust enrichment claim against Guerrieri should similarly be dismissed. Plaintiff all but concedes that there is no extra element for this claim and it is based solely on the allegation of the copying and distributing of the Gusler Drawings. In the

---

[4] Apart from the preemption argument, the misappropriation of trade secrets claim against Guerrieri should also be dismissed on the ground that it fails to state a claim because Plaintiff has failed to allege one of the required elements of a misappropriation of trade secrets claim against Guerrieri, namely, that Guerrieri disclosed an alleged trade secret in violation of an agreement, confidence or duty. There is no allegation in the Complaint that Guerrieri had a duty to keep any of Plaintiff's alleged trade secrets confidential. Even if we accept as true for the purposes of this motion that Guerrieri did disclose Plaintiff's confidential information to third parties, which Guerrieri denies, there is no allegation in the

section of Plaintiff's opposition brief relating to the preemption of the unjust enrichment claim, Plaintiff does not even attempt to explain what "extra element" exists, and just suggests, in conclusory language at the end of the argument relating to the misappropriation of trade secrets claim, that the unjust enrichment claim should not be preempted. Opp. Br, pp. 11-13. Plaintiff's own characterization in its opposition brief of the copyright infringement and unjust enrichment claims confirms that there is no qualitative difference between these two claims:

> Copyright Infringement Claim
> Plaintiff has satisfied the fourth pleading requirement by alleging that between Summer 2002 and Winter 2006, Guerrieri copied plaintiff's design drawings and distributed the drawings, either directly or indirectly, to the corporate defendants". Opp. Br., p. 4.
>
> Unjust Enrichment Claim
> Plaintiff alleges that Guerrieri disclosed plaintiff's drawings to Corporate Defendants in contravention of the Non-Disclosure Agreement. By disclosing and exploiting plaintiff's drawings, Guerrieri benefited at Plaintiff's expense. Opp. Br., p. 6.

Thus, both claims are based on the very same alleged copying by Guerrieri of the Gusler Drawings and distribution of these drawings to the NasalClear Product Defendants.

As set forth in Guerrieri's opening Memorandum of Law,[5] courts have routinely dismissed as preempted unjust enrichment claims, such as this one, which are predicated on rights protected by the Copyright Act, namely, the copying and distribution of the copyrighted work. This Court should similarly dismiss Plaintiff's unjust enrichment claim against Guerrieri as preempted.

---

Complaint that Guerrieri had any obligation not to disclose such information.
[5] Plaintiff has failed to distinguish any of the legal authorities cited by Guerrieri in support of his argument that Plaintiff's unjust enrichment claim is preempted.

B. Plaintiff's Fifth and Sixth Causes of Action
   <u>Should Be Dismissed For Lack of Subject Matter Jurisdiction</u>

Even if the Court denies Guerrieri's preemption assertion, the State Law Claims should still be dismissed. Thus, to the extent that the Court dismisses the copyright infringement claim against defendant Guerrieri, since Plaintiff's remaining pendant State Law Claims are not supported by a valid federal claim, there is no supplemental jurisdiction for the State Law Claims.

## CONCLUSION

For all of the reasons stated above, the First, Fifth and Sixth Causes of Action of Plaintiff's Complaint should be dismissed, and Defendant Guerrieri should be awarded his reasonable costs and attorney fees.

Respectfully submitted,

**GOTTLIEB RACKMAN & REISMAN**
Attorneys for Defendant Salvatore Guerrieri
270 Madison Avenue, 8th Floor
New York, NY 10016
(212) 684-3900

DATED:  New York, New York
        January 22, 2008

By: /s/ Yuval H. Marcus
    Michael I. Rackman (MR 2142)
    Jeffrey M. Kaden (JK 2632)
    Yuval H. Marcus (YM 5348)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of **Defendant Salvatore Guerrieri's Reply Memorandum of Law in Further Support of His Motion to Dismiss**, has been sent via first class U.S. mail, postage paid on the 22nd day of January, 2008, to counsel for the parties addressed as follows:

> Charles von Simson, Esq.
> Stephen M. Chin, Esq.
> von Simson & Chin LLP
> 62 William Street, 6th Floor
> New York, New York 10005
>
> Sheldon Palmer, Esq.
> Galvin & Palmer
> 630 Third Avenue, 23rd Floor
> New York, New York 10017
>
> Philip Furgang, Esq.
> Furgang & Adwar, L.L.P.
> 1325 Avenue of the Americas, 28th Floor
> New York, New York 10019
>
> David Jaroslawicz, Esq.
> Jaroslawicz & Jaros, LLC
> 225 Broadway, 24th Floor
> New York, New York 10007

I further certify that I caused the foregoing documents to be filed electronically with the U.S. District Court for the Southern District of New York on January 22, 2008 through the Court's ECF System.


/s/ Yuval H. Marcus