# Furgang & Adwar, L.L.P.

COUNSELORS IN INTELLECTUAL PROPERTY AND ENTERTAINMENT LAW

Philip Furgang
Stephanie Furgang Adwar

Of Counsel:
Sheldon Palmer
Bertrand M. Lanchner

Centerock East
2 Crosfield Avenue, Suite 210
West Nyack, NY 10994

Tel: (845) 353-1818
Fax: (845) 353-1996

www.furgang.com
info@furgang.com

February 11, 2008

**VIA ECF, CHAMBERS VIA FEDERAL EXPRESS**

Hon. Robert W. Sweet
United States District Judge
United States District Court
    Southern District of New York
Hon. Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 1920
New York, NY 10007

RE:    Gusler v. Fischer
          Case No.    :    07 CV 9535 (RWS)
          Our File No.  :    9868

Dear Judge Sweet:

        We represent and write on behalf of all nine corporate defendants in this action.

        **Status:** Pending before the court are the corporate defendants' and each of the individual defendant's motions to dismiss under Rules 12(b)(6) and 56. These motions have been fully briefed and orally argued.

        Plaintiff, in a letter to the court dated February 1, requests a status conference which, under Rule 26, will trigger the commencement of discovery. The court treats this request as a motion for a status conference with a return date, on submission, of February 13. (Plaintiff's letter accurately notes the positions of defendants and the court as expressed at the hearing.)

        This letter opposes plaintiff's request as being premature in view of prevailing precedent. As shown below, the court should not initiate expensive discovery until it has had an opportunity to rule on the motions.

New York City  1325 Avenue of the Americas, 28th Floor, New York, NY 10019  Tel: (212) 725-1818  Fax: (212) 941-9711
White Plains  11 Martine Avenue, Penthouse, White Plains, NY 10606  Tel: (914) 428-5300  Fax: (914) 428-0226

PATENTS  ❖  TRADEMARKS  ❖  COPYRIGHTS  ❖  ENTERTAINMENT

Furgang & Adwar, L.L.P.

Hon. Robert W. Sweet
February 11, 2008
Page 2

**Factual Background:** Corporate defendants distribute and sell a useful article, namely a nasal sprayer. Plaintiff accuses corporate defendants of infringing the copyright in his technical drawings by their distribution and sale of this nasal sprayer. He also alleges that defendants have been unjustly enriched by their alleged copying, distribution, and sale of the nasal sprayer.

Defendants argue that the case is ripe for determination, and should be dismissed on motion on the pleadings as a matter of fact and law because (a) plaintiff's drawings are facially not substantially similar to the nasal sprayer and (b) even if the nasal sprayer is found to be similar (which, we submit, is not), defendants' sprayer is a useful article and useful articles, as a matter of law, cannot infringe a copyrighted work.

(Plaintiff objected to the Rule 56 prong of defendants' motions on the ground that the specific evidence – web pages selling defendants nasal sprayer – were not physically in plaintiff's possession when he prepared his complaint although he admits using defendants' physical sprayer. Defendants have addressed at length the lack of merit to plaintiff's opposition. However, this is now moot because the physical exemplar of defendants' nasal sprayer was submitted on notice to the court and the court may decide this motion on Rule 12(b)(6) (*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-3 (2d Cir. 2002) a case cited by plaintiff).[1]

**The Rule 26 Hearing at this Time Is Premature:** Plaintiff failed to provide any evidence at the oral hearing to support his arguments. He argued in his brief that issues of copyright infringement, including substantial similarity, are far too complex to be submitted to the court at this stage and cites in support a number of fact-specific district court cases in which the district court declined to make such a determination.

---

[1] Defendants have also argued that the allegations of unjust enrichment are preempted by the Copyright Act.

Furgang & Adwar, L.L.P.

Hon. Robert W. Sweet
February 11, 2008
Page 3

However, as held in *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294 (S.D.N.Y. 2005)

> ***Courts in this district have dismissed meritless copyright infringement claims on Rule 12(b)(6) motions where no substantial similarity was found.*** See, e.g., Boyle v. Stephens, Inc., No. 97-1351, 1998 U.S. Dist. LEXIS 1968, 1998 WL 80175, at *4 (S.D.N.Y. Feb 25, 1998); Bell v. Blaze Magazine, No. 99-12342, 2001 U.S. Dist. LEXIS 2783, 2001 WL 262718, at *3 (S.D.N.Y. Mar. 16, 2001); Buckman [v. Citicorp, No. 95-0773, 1996 U.S. Dist. LEXIS 891, 1996 WL 34158], at *3 [(S.D.N.Y. Jan 30, 1996), aff'd 101 F.3d 1393 (2d Cir. 1996)]. (emphasis added).

*Mallory v. NBC Universal, Inc.*, 07 Civ. 2250 2007 U.S. Dist. LEXIS 88960 *5-6 (S.D.N.Y. Dec. 3, 2007), and *Zella v. The E.W. Scripps Co.*, CV 06-7055, 2007 U.S. Dist. LEXIS 95181 (N.D.Cal. Dec. 18, 2007) (holding that this is well established law, citing decisions going back at least 50 years).

Plaintiff also alleged in his brief that there are copyrightable features in defendants' nasal sprayer. However, his brief and oral argument are notable for his inability to identify any such features, even with the physical sprayer in the court's possession.

It is respectfully submitted that the court need only compare plaintiff's copyrighted drawing with defendants' nasal sprayer to see that (a) they bear not the slightest resemblance to one another and (b) the nasal sprayer is a useful article without any copyrightable features.

The issues raised in the pending motions are all at the center of this litigation. There are no others upon which discovery can go forward and not be substantially effected by the court's determinations.

In view of the potentially dispositive nature and the scope of the issues in the pending motions, subjecting defendants to an early Rule 26 hearing is not warranted in the interest of judicial economy and basic fairness. As held, a court should not proceed with discovery where a "motion to dismiss is ***potentially dispositive*** and appears to be not unfounded in the law." *Spencer Trask Software and Information Services, LLC v.*

Furgang & Adwar, L.L.P.

Hon. Robert W. Sweet
February 11, 2008
Page 4

*Rpost International Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (quoting *Gandler v. Nazarov,* 94 Civ. 2272, 1994 U.S. Dist. LEXIS 17885,*4 (S.D.N.Y. Dec. 14, 1994). (emphasis added). Similarly, the denial of an early Rule 26 hearing does not materially adversely affect the plaintiff.

         Respectfully submitted,
         GALVIN & PALMER


         /Sheldon Palmer/
         Sheldon Palmer (SP-9703)
         630 Third Avenue - 23rd Floor
         New York NY 10017
         212-983-9800
         *palmersp@aol.com*


         FURGANG & ADWAR, L.L.P.


         /Philip Furgang/
         PHILIP FURGANG (PF-5654)
         *philip@furgang.com*

PF:cr
Enc.
cc: Gottlieb, Rackman & Reisman (via ECF filing)
   Jaroslawicz & Jaros, LLC (via ECF filing)
   von Simons & Chin (via ECF filing)