UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY GUSLER,

                Plaintiff,

       v.

MATTHEW FISCHER, SALVATORE
GUERRERI, PETER J. LISTRO ASSOCIATES,
LTD., UNISAR, INC., AVITA CORPORATION,
TARGET CORPORATION, TOYS "R" US,
INC., AMAZON.COM, INC. and CHELSEA &
SCOTT, LTD. d/b/a ONESTEP AHEAD,

                Defendants.

Case No.  07 CV 9535 (RWS)

**PLAINTIFF'S RULE 26(f) REPORT**

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, plaintiff Timothy

Gusler, by his undersigned counsel, respectfully submits this Rule 26(f) Report.   Counsel for

defendants refused to participate in a Rule 26(f) conference and have not participated in the

drafting or filing of this report.[1]

      Pursuant to Rule 26(f)(3), counsel for plaintiff proposes the following discovery plan:

---

[1] On February 28, 2008, undersigned counsel for plaintiff wrote to counsel for defendants to schedule a Rule 26(f) conference based on the timing prescribed by Rules 16(b)(2) and 26(f)(1).  (A copy of the February 28, 2008 letter is attached hereto as Exhibit A).  On March 3, 2008, counsel for defendants responded that they would not participate in a Rule 26(f) conference because undersigned counsel was reading the rules incorrectly.  (A copy of the March 3, 2008 letter is attached hereto as Exhibit B).  Upon request for further clarification, counsel for defendants wrote an email explaining their reasoning.  (A copy of the March 3, 2008 email is attached hereto as Exhibit C).  A draft of this Rule 26(f) Report was sent to counsel for defendants on March 7, 2008.  On March 8, 2008, counsel for defendants informed undersigned counsel that they objected to the filing of this report.

(A)     *Automatic Disclosures:* No changes are necessary to the timing, form or requirement of disclosure set forth in Rule 26(a). Plaintiff is prepared to exchange initial disclosures immediately.

(B)     *Discovery Scope and Schedule:*

1.     Plaintiff presently anticipates that he will seek discovery on the following issues:

a.     Party Discovery

i.     Plaintiff will seek documents and testimony regarding defendants' efforts to commercially exploit plaintiff's design drawings.

ii.     Plaintiff will seek documents and testimony regarding the defendants' efforts to design, market, manufacture and sell the infringing nasal aspirator product.

iii.     Plaintiff will seek documents and testimony regarding the sale, revenue and profit from the infringing nasal aspirator product.

b.     Non-Party Discovery

i.     Plaintiff will seek documents and testimony from J. Marvin Feigenbaum regarding Mr. Feigenbaum's experience in the medical device industry, his meetings with plaintiff, his meetings and relationships with defendants regarding plaintiff's invention and his efforts to exploit plaintiff's drawings and invention.

ii.     Plaintiff will seek documents and testimony from SPO Medical, Inc. on the limited issue of the company's business dealings, if any, with defendant Avita Corporation.

2.      Fact discovery should be completed within four months of the service of initial disclosures.

3.      Plaintiff proposes that experts be identified thirty days prior to the close of fact discovery, along with a description of the issues on which each expert will offer testimony.  Expert reports will be served on the final day of fact discovery.  Contradictory or rebuttal expert designations and reports will be made according to the provisions of Rule 26(a)(2)(C)(ii).

(C)      *Electronic Information:*

1.      Plaintiff will seek several categories of email correspondence from each defendant.  Plaintiff anticipates that the emails will be stored on individual computers and network servers that can be searched with conventional search tools.  Consequently, it will not be expensive or burdensome for defendants to find and retrieve responsive documents.  Plaintiff will request that all emails be produced electronically in native file format, with all attachments.

2.      Plaintiff will seek books and records regarding sales of the infringing nasal aspirator and documents regarding purchase orders, invoices, warehouse inventories and related records.  Those documents are likely to be available in electronic format stored in spreadsheets, as electronic documents or as images of paper documents stored electronically.  The documents can be identified with conventional search tools and will not be burdensome or expensive to produce.

(D)      *Privilege Issues:*  Plaintiff does not anticipate the need for any procedures that differ from the procedures in Rule 26(b)(2)(B).

     (E)    *Discovery Limits*:  Plaintiff does not anticipate a need to change the limits imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

     (F)    *Other Orders*: Plaintiff does not anticipate the need for any additional orders.

Dated: New York, New York
       March 10, 2008

_____
Stephen M. Chin (SC 8094)
Charles von Simson (CV 1038)
von Simson & Chin LLP
62 William Street, Sixth Floor
New York, New York 10005
Telephone: (212) 514-8645
Facsimile: (212) 514-8648

Attorneys for Plaintiff Timothy Gusler

**EXHIBIT A**



VON SIMSON & CHIN LLP

CHARLES VON SIMSON
*Attorney at Law*
62 William Street · Sixth Floor
New York, New York 10005
ph 212·514·8645
direct dial 212·514·8652
fax 212·514·8648
cvs@vsandc.com

February 28, 2008

BY EMAIL AND MAIL

Sheldon Palmer, Esq.
Galvin & Palmer
630 Third Avenue, 23rd Floor
New York, New York 10017

Jeffrey M. Kaden, Esq.
Michael I. Rackman, Esq.
Yuval H. Marcus, Esq.
Gottlieb Rackman & Reisman, P.C.
270 Madison Avenue
New York, New York 10016

Phillip Furgang, Esq.
Furgang & Adwar L.L.P.
1325 Avenue of the Americas, 28th Floor
New York, New York 10019

David Jaroslawicz, Esq.
Jaroslawicz & Jaros
225 Broadway, 24 th Floor
New York, New York 10007

Re:    Timothy Gusler v. Matthew Fischer, Salvatore Guerreri, Peter J. Listro
       Associates, Inc., Unisar, Inc., Avita Corporation, Target Corporation, Toys "R"
       Us, Inc., Amazon.com, Inc., Chelsea & Scott, Ltd. and Wal-Mart Stores, Inc.,
       Case No. 07 CV 9535 (RWS)

Dear Counsel:

        Rule 26(f) of the Federal Rules of Civil Procedure requires the parties to confer
regarding discovery at least 21 days before a scheduling order is due pursuant to Rule
16(b). A scheduling order is due in this case not later than April 2, 2008, 90 days
following the January 3, 2008 Notices of Appearance by counsel for Corporate
Defendants.

        Accordingly, please advise me as to your availability for a Rule 26(f) conference
on or before March 12, 2008.

                                        Very truly yours,

                                        Charles von Simson

**<u>EXHIBIT B</u>**

# Furgang & Adwar, L.L.P.

COUNSELORS IN INTELLECTUAL PROPERTY AND ENTERTAINMENT LAW

Philip Furgang
Stephanie Furgang Adwar

Of Counsel:
Sheldon Palmer
Bertrand M. Lanchner

1325 Avenue of the Americas
28th Floor
New York, NY 10019

Telephone: (212) 725-1818
Facsimile: (212) 941-9711

www.furgang.com
info@furgang.com

March 3, 2008

**VIA E-MAIL ONLY**

Charles von Simson, Esq.
von Simson & Chin LLP
62 William Street - Sixth Floor
New York, New York 10005

RE:    Gusler v. Fischer
        Case No.    :    07 CV 9535 (RWS)
        Our File No.  :    9868

Dear Charlie:

Thank you for your letter of February 28, 2008.

We respectfully note that your interpretation of the Rules is in error and we will not proceed as you request.

Cordially,
FURGANG & ADWAR, L.L.P

PHILIP FURGANG for the Firm
philip@furgang.com

PF:cr
cc:    Sheldon Palmer, Esq. (via e-mail only)
        Jeffery M. Kaden, Esq. (via e-mail only)
        Michael I. Rackman, Esq. (via e-mail only)
        Yuval H. Marcus, Esq. (via e-mail only)
        David Jaroslawicz, Esq. (via e-mail only)

White Plains  11 Martine Avenue, Penthouse, White Plains, NY 10606 Tel: (914) 428-5300 Fax: (914) 428-0226
West Nyack  Centerock East, 2 Crosfield Avenue, Suite 210, West Nyack, NY 10994 Tel: (845) 353-1818 Fax: (845) 353-1996
P A T E N T S  ❖  T R A D E M A R K S  ❖  C O P Y R I G H T S  ❖  E N T E R T A I N M E N T

**<u>EXHIBIT C</u>**

**Subject: RE: Gusler v. Fischer**
**Date:** Monday, March 3, 2008 4:03 PM
**From:** Philip Furgang <philip@furgang.com>
**Reply-To:** philip@furgang.com
**To:** 'Charles von Simson' <cvs@vsandc.com>, <sheryl@furgang.com>, "'Sheldon Palmer Esq. Esq.'"
<palmersp@aol.com>, <jkaden@grr.com>, <mrackman@grr.com>, <ymarcus@grr.com>,
<davidjaroslawicz@yahoo.com>
**Priority:** Highest

Charlie:

Thank you for your e-mail.  In response:

First, no answers have been served in this matter.  As a practical matter
there is nothing to exchange at this point.

Second, Rule 26(f)(1) directs that the parties "must confer ... at least 21
days  before a scheduling conference is to be held... ."   A scheduling
conference was ordered by and then adjourned by the court.

The alternative, under Rule 26(f)(1) is "a scheduling order is due under Rule
16(b)" does not apply here. The plain reading of Rule 16 makes that very
clear: A judge must issue a scheduling order (A) after receiving the parties'
report under 26(f) or (B) at a scheduling conference (which, as noted, has
been adjourned).

Rule 16 is not self-executing.  It requires the judge's order and none has
been issued.

Therefore, we conclude that your interpretation of the Rules is in error.

If we may be of further assistance, please do not hesitate to contact us.

Best personal regards,
Phil
Philip Furgang
FURGANG & ADWAR, L.L.P.
Counselors in Intellectual Property and Entertainment Law
1325 Avenue of the Americas -- 28th Floor

New York, New York, 10019
Tel.: 212-725-1818
Fax: 212-941-9711

The information contained in this email message is privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this email is strictly prohibited. If you have received this email in error, please immediately notify us by reply.

---

**From:** Charles von Simson [mailto:cvs@vsandc.com]
**Sent:** Monday, March 03, 2008 2:20 PM
**To:** sheryl@furgang.com; Sheldon Palmer Esq. Esq.; jkaden@grr.com; mrackman@grr.com; ymarcus@grr.com; davidjaroslawicz@yahoo.com
**Cc:** philip@furgang.com
**Subject:** Re: Gusler v. Fischer

Phil:

So we can dispense with the pre-motion "meet and confer," can you give me some idea of why you think I'm wrong?

Charlie

Charles von Simson, Esq.
von Simson & Chin LLP
62 William Street – Sixth Floor
New York, New York 10005
ph (212) 514-8645
direct dial (212) 514-8652
fax (212) 514-8648

cvs@vsandc.com

---

**From:** Sheryl Britney <Sheryl@furgang.com>
**Organization:** Furgang & Adwar, L.L.P.
**Reply-To:** <sheryl@furgang.com>
**Date:** Mon, 03 Mar 2008 12:56:59 -0500
**To:** <cvs@vsandc.com>, "Sheldon Palmer Esq. Esq." <palmersp@aol.com>,
<jkaden@grr.com>, <mrackman@grr.com>, <ymarcus@grr.com>,
<davidjaroslawicz@yahoo.com>
**Cc:** <philip@furgang.com>
**Subject:** Gusler v. Fischer

RE:    Gusler v. Fischer
        Case No. 07CV9535 (RWS)
        Our File No.  9868

Attached is sent on behalf of Philip Furgang, Esq.

**FURGANG & ADWAR, L.L.P.**
1325 Avenue of the Americas
28th Floor
New York, NY  10019
212-725-1818
*philip@furgang.com*