UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

TIMOTHY GUSLER,

                    Plaintiff,                    07 Civ. 9535

        -against-                                 OPINION

MATTHEW FISCHER, SALVATORE GUERRERI,
PETER J. LISTRO ASSOCIATES, LTD.,
UNISAR, INC., AVITA CORPORATION,
TARGET CORPORATION, TOYS "R" US,
INC., AMAZON.COM, INC., WAL-MART
STORES, INC., and CHELSEA & SCOTT,
LTD. d/b/a ONESTEP AHEAD,

                    Defendants.

------------------------------------X

A P P E A R A N C E S:


            Attorneys for Plaintiff

            VON SIMSON & CHIN LLP
            62 William Street, 6th Floor
            New York, NY  10005
            By:  Charles von Simson, Esq.

            Attorneys for Defendants, Peter J. Listro Associates,
            Ltd.; Unisar Inc.; Amazon.com,
            Inc.; Chelsea & Scott, Ltd.; Target Corporation;
            Toys "R" Us, Inc.; Wal-Mart Stores, Inc.

            GALVIN & PALMER
            630 Third Avenue, 23rd Floor
            New York, NY  10017
            By:  Sheldon Palmer, Esq.

            FURGANG & ADWAR, L.L.P.
            1325 Avenue of the Americas, 28th Floor
            New York, NY  10019
            By:  Philip Furgang, Esq.

Attorneys for Defendant, Salvatore Guerreri

GOTTLIEB, RACKMAN & REISMAN, P.C.
270 Madison Avenue
New York, NY  10016
By:  Michael I. Rackman, Esq.
     Jeffrey M. Kaden, Esq.
     Yuval H. Marcus, Esq.

**Sweet, D.J.**

Defendants Peter J. Listro Associates, Ltd.
("Listro"), Unisar Inc. ("Unisar"), Target Corporation
("Target"), Toys "R" Us, Inc. ("Toys 'R' Us"), Amazon.com, Inc.
("Amazon"), Chelsea & Scott, Ltd., and Wal-Mart Stores, Inc.
("Wal-Mart") (collectively, the "Corporate Defendants"), Matthew
Fischer ("Fischer") and Salvatore Guerreri ("Guerreri") have
moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the claims
against them asserted in the complaint filed by Timothy Gusler
("Gusler" or the "Plaintiff"). The Defendants have moved, in
the alternative, for summary judgment under Fed. R. Civ. P. 56.
Fischer and Guerreri have further moved, in the alternative, for
dismissal of the state law claims against them pursuant to Fed.
R. Civ. P. 12(b)(1). For the reasons set forth below, the
Corporate Defendants are granted summary judgment. Fischer and
Guerreri's motions to dismiss are granted in part and denied in
part, and the Court will exercise supplemental jurisdiction over
Gusler's remaining state law claims.

## Facts and Prior Proceedings

In his complaint, filed on October 25, 2007, Gusler
alleges that in 1997, he designed an electric vacuum device to

2

extract fluid from the nose of an infant, Compl. ¶ 16, and made
drawings of the device, which he registered with the United
States Copyright Office, id. ¶ 18, Ex. A.   In the summer of
2002, Gusler met with Fischer "to discuss whether or not Mr.
Fischer might be able to help him bring his product design to
market, id. ¶ 19, and they entered into a non-disclosure
agreement (the "NDA"), id. ¶ 20, Ex. B.   Thereafter, Gusler, at
Fischer's suggestion, met with Guerreri to discuss making a
prototype of the device.   Id. ¶¶ 25-27.   In November, 2004,
Gusler received a prototype for his review, id. ¶ 31, and
discussions concerning the prototype continued through the fall
of 2006, id. ¶ 32.   Gusler alleges that by the time he received
the prototype in 2004, he had informed Fischer that that he had
decided to use "the original name . . . 'Nasal Clear'" for his
product.   Id. ¶ 31.


        In the winter of 2006, Gusler became aware that a
product was being marketed by Defendants Unisar and Listro under
the name "NasalClear" (the "Product") that he alleges is
substantially similar to his copyrighted drawings.   Id. ¶ 34.
The Product was being offered for sale by Defendants Target
Corporation, Toys "R" Us, Inc., Amazon.com, Inc., Chelsea &
Scott, Ltd., and Wal-Mart Stores, Inc.   Id. ¶ 35.


                                3

Gusler asserts copyright infringement claims, under the Copyright Act, 17 U.S.C. §§ 501, 504, against Fischer and Guerreri, Compl. ¶¶ 37-40 (First Cause of Action), for having allegedly "copied, published, and otherwise disseminated the Copyrighted Drawings to third parties" without his consent; against Listro and Unisar, id. ¶¶ 41-45 (Second Cause of Action), who Gusler alleges "copied the Copyrighted Drawing into the NasalClear product," id. ¶ 43; and against all of the Corporate Defendants, id. ¶¶ 46-49 (Third Cause of Action), who Gusler alleges "have distributed and sold the NasalClear product and profited from such distribution and sale," id. ¶ 47.

Gusler also asserts a breach of contract claim against Fischer for breach of the NDA, id. ¶¶ 50-54 (Fourth Cause of Action), a claim for misappropriation of trade secrets against Fischer and Guerreri, id. ¶¶ 55-60 (Fifth Cause of Action), and an unjust enrichment claim against all of the Defendants, id. ¶¶ 61-63 (Sixth Cause of Action).

The instant motions were heard and marked fully submitted on February 13, 2008.

**Corporate Defendants' Motion to Dismiss Copyright Claim will be
Converted to Motion for Summary Judgment**

In support of their motion, the Corporate Defendants
have provided exhibits which were not attached to the pleadings,
including copies of online advertisements for the Product,
Palmer Aff. Ex. 2, and a sample of the Product itself, which was
submitted at the time of oral argument. In light of their
reference to materials beyond the four corners of the complaint,
the Corporate Defendants have moved for summary judgment in the
alternative to dismissal under Fed. R. Civ. P. 12(b)(6).

As held by the Second Circuit in Krijn v. Pogue Simone
Real Estate Co., 896 F.2d 687, 689 (1990), "[t]he essential
inquiry, when determining if the district court correctly
converted a motion to dismiss into a motion for summary
judgment, is whether the non-movant 'should reasonably have
recognized the possibility that the motion might be converted
into one for summary judgment or was taken by surprise and
deprived of a reasonable opportunity to meet facts outside the
pleadings.'" (quoting Nat'l Ass'n of Pharm. Mfrs. v. Ayerst
Labs., 850 F.2d 904, 911 (2d Cir. 1988)).[1]

---

[1] In opposition to the Court's conversion of the motion, Gusler has cited
Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991), and
Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002), contending

As the Corporate Defendants styled their motion as a
"Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 56"
and dedicated substantial space in their initial and reply
memoranda to arguing both the standard for conversion and the
substantive merits of Plaintiff's claim, the Plaintiff was on
notice of the possibility of conversion. See Nat'l Ass'n of
Pharm. Mfrs., 850 F.2d at 911. The Plaintiff demonstrated that
he was on notice of the Corporate Defendants' position regarding
conversion of the motion, as he, too, dedicated substantial
space in his opposition papers to the subject. The Court will
therefore consider the sample Product and will treat the
Corporate Defendants' motion as a motion for summary judgment
pursuant to Fed. R. Civ. P. 56. See, e.g., Mallery v. NBC
Universal, Inc., No. 07 Civ. 2250 (DLC), 2007 U.S. Dist. LEXIS
88960, at *6 n.2 (noting that the parties suffered no prejudice
as a result of conversion as, inter alia, the Court only
considered the works at issue on the motion).

In deciding a motion for summary judgment, a court
shall render judgment "forthwith if the pleadings, depositions,
answers to interrogatories, and admissions on file, together

that these precedents effectively overrule Krijn. However, these cases focus
largely on the question of what materials a court may properly consider on a
Rule 12(b)(6) motion to dismiss, rather than the standard for converting a
Rule 12(b)(6) motion to a Rule 56 motion. Neither case indicates that the
relevant inquiry set forth in Krijn is no longer good law.

6

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). A material fact is one that would "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); R.B. Ventures, Ltd. v. Shane, 112 F.3d 54, 57 (2d Cir. 1997).

The moving party has the initial burden of showing that there are no material facts in dispute, Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970), and can discharge this burden by demonstrating that there is an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. The nonmoving party then must come forward with "specific facts showing that there is a genuine issue for trial," Fed. R. Civ. P. 56(e), as to every element "essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

The Court "must resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion." Eastway Constr. Corp. v. New York, 762 F.2d 243, 249 (2d Cir. 1985). However, the Court must inquire whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. If there is not, summary judgment is proper. See id. at 249-50.

## Gusler Has Failed to Establish Copyright Infringement by Corporate Defendants

To establish copyright infringement on a summary judgment motion, a plaintiff must demonstrate: (1) ownership of a valid copyright, and (2) unauthorized copying of the copyrighted work. Eliya, Inc. v. Kohl's Dep't Stores, No. 06 Civ. 195 (GEL), 2006 U.S. Dist. LEXIS 66637, at *24 (Sept. 13, 2006) (citing Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 131 (2d Cir. 2003)). "To demonstrate unauthorized copying, the plaintiff must first 'show that his work was actually copied'; second, he must establish 'substantial similarity' or that 'the copying amount to an improper or unlawful appropriation,' i.e., (i) that it was protected expression in the earlier work that was copied and

8

(ii) that the amount that was copied is 'more than de minimis.'"
Tufenkian Import/Export Ventures, Inc., 338 F.3d at 131 (quoting
Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc., 150 F.3d
132, 137-38 (2d Cir. 1998)).

        Defendants do not contest that Gusler has a valid
copyright in the drawings that he alleges were copied.
Defendants assert, however, and the Court agrees, that Gusler
holds a copyright in a technical drawing of a useful article,
which does not preclude Defendants' manufacturing and marketing
of the article itself.  See Eliya, Inc., 2006 U.S. Dist. LEXIS
66637, at *28 ("[O]wnership of a copyright in a pictorial
representation of a useful article does not vest the owner of
the picture with a derivative copyright in the useful article
itself."); see also Niemi v. Am. Axle Mfg. & Holding Inc., No.
05-74210, 2006 U.S. Dist. LEXIS 50153, at *9 (E.D. Mich. July
23, 2006) (holding that "the manufacture of a machine from a
copyrighted technical drawing is clearly not copyright
infringement"); Nat'l. Med. Care, Inc. v. Espiritu, 284 F. Supp.
2d 424, 435 (S.D. Va. 2003) ("Copyright law protects an author's
original expression, but does not give the author the exclusive
right to use the ideas expressed in the author's work.  An
author may only obtain protection for the ideas expressed by

                                9

obtaining a patent.") (citing Baker v. Selden, 101 U.S. 99, 102
(1879)) (internal citation omitted).

While Gusler concedes that "'useful articles' taken as
a whole are not eligible for copyright protection," he argues,
citing Chosun Int'l, Inc. v. Crisha Creations, Ltd., 413 F.3d
324, 327 (2d Cir. 2005), that "design elements comprising such
items are protectable," Pl.'s Mem. in Opp. at 11, and contends
that the Corporate Defendants have infringed his copyright by
incorporating into the Product "original design elements copied
from his drawings."

The Copyright Act defines a useful article as "an
article having an intrinsic utilitarian function that is not
merely to portray the appearance of the article or to convey
information." 17 U.S.C. § 101. Gusler is correct that "if a
useful article incorporates a design element that is physically
or conceptually separable from the underlying product, the
element is eligible for copyright protection." Chosun Int'l,
Inc., 413 F.3d at 328 (citing 17 U.S.C. § 101). "A feature of a
useful article is physically separable if . . . the feature
could actually be physically separated from the useful article
and 'be capable of existing independently as a work of art.'"
Eliya, Inc., 2006 U.S. Dist. LEXIS 66637, at *32 (citing Norris

Indus., Inc. v. Int'l Tel. & Tel. Corp., 696 F.2d 918, 923 (11th
Cir. 1983)). Conceptual separability is found "where design
elements can be identified as reflecting the designer's artistic
judgment exercised independently of functional influences."
Bandir Int'l, Inc. v. Cascade Pac. Lumber Co., 834 F.2d 1142,
1145 (2d Cir. 1987). However, "if design elements reflect a
merger of aesthetic and functional considerations, the artistic
aspects of a work cannot be said to be conceptually separable
from the utilitarian elements." Id.

Here, beyond his bare allegations that the Product
incorporates protectable "original design elements intended to
appeal to consumers, not to enhance [the Product's]
functionality," Gusler has not identified any such elements
which have been copied and which he believes are either
physically or conceptually separable from the utilitarian
aspects of the Product and, therefore, subject to copyright
protection.  Having failed to identify any protectable design
elements copied by the Defendants, Gusler has offered no
evidence in opposition to the Corporate Defendants' motion to
indicate that there is a genuine issue of material fact to be
tried regarding this claim.  Therefore, summary judgment
dismissing his copyright infringement claim is appropriate.
See, e.g., Morris v. Buffalo Chips Bootery, Inc., 160 F. Supp.

2d 718, 721 (S.D.N.Y. 2001) (granting summary judgment to defendants on copyright infringement claim regarding "useful articles" where plaintiff had "utterly fail[ed] to specify in any objectively identifiable fashion the copyrightable elements of her designs that are capable of existing independently" of the articles themselves, as such failure was "in itself fatal to plaintiff's copyright claim") (citing Celotex, 477 U.S. at 322); see also Mallery, 2007 U.S. Dist. LEXIS 88960, at *5-6 ("[A] district court may determine noninfringement as a matter of law on a motion for summary judgment either when the similarity concerns only non-copyrightable elements of plaintiff work, or when no reasonable trier of fact could find the works substantially similar.'") (quoting Walker v. Time Life Films, Inc., 784 F.2d 44, 48 (2d Cir. 1986)).

## The Unjust Enrichment Claim Against the Corporate Defendants is Dismissed

The Corporate Defendants contend, and the Court agrees, that Gusler's unjust enrichment claim against them is preempted by the Copyright Act. "The Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim

12

seeks to vindicate legal or equitable rights that are equivalent
to one of the bundle of exclusive rights already protected by
copyright law under 17 U.S.C. § 106." Briarpatch Ltd., L.P. v.
Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004), cert.
denied, 544 U.S. 949 (2005). State law rights that "may be
abridged by an act which, in and of itself, would infringe one
of the exclusive rights provided by federal copyright law" are
therefore preempted. Computer Assocs. Int'l. Inc. v. Altai,
Inc., 982 F.2d 693, 716 (2d Cir. 1992).


In order for a state cause of action to survive
preemption, it must have an "extra element" beyond reproduction,
preparation of derivative works, distribution, performance or
display, which "changes the nature of the action so that it is
qualitatively different from a copyright infringement claim."
Id. In order to determine whether a state law claim meets this
standard, the Court must "determine what plaintiff seeks to
protect, the theories in which the matter is thought to be
protected and the rights sought to be enforced." Id. An action
"will not be saved from preemption by elements such as awareness
or intent, which alter the action's scope but not its nature."
Id. at 717.

The basic elements of an unjust enrichment claim in
New York require proof that (1) defendant was enriched, (2) at
plaintiff's expense, and (3) equity and good conscience militate
against permitting defendant to retain what plaintiff is seeking
to recover. Briarpatch Ltd., L.P., 373 F.3d at 306-07 (citing
Clark v. Daby, 751 N.Y.S.2d 622, 623 (App. Div. 2002)). As in
Briarpatch, the alleged acts giving rise to the unjust
enrichment claim here are identical to those underlying the
federal copyright claim, through the unjust enrichment claim,
Gusler is seeking to protect the same rights in the drawings as
those protected by the Copyright Act, and, although enrichment
is not an element of a copyright infringement claim, it does not
constitute an "extra element" for the purposes of preemption
analysis. Id. at 306 ("Like the elements of awareness or
intent, the enrichment element here limits the scope of the
claim but leaves its fundamental nature unaltered."); see also 1
Melville B. Nimmer & David Nimmer, Nimmer on Copyright §
1.01(B)(1)(g) (2008) ("[A] state law cause of action for unjust
enrichment or quasi contract should be regarded as an
'equivalent right' and hence, pre-empted insofar as it applies
to copyright subject matter.").

**The Copyright Claims against Fischer and Guerreri May Proceed**

Fischer and Guerreri have moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 56. As the Court need not consider any materials outside the pleadings to resolve Fischer and Guerreri's motions, the Court will not convert the motions to motions for summary judgment.

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, 282 F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)). However, mere "conclusions of law or unwarranted deductions" need not be accepted. First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (quotation marks and citation omitted).

On a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995)

(quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). In other
words, "'the office of a motion to dismiss is merely to assess
the legal feasibility of the complaint, not to assay the weight
of the evidence which might be offered in support thereof.'"
Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co., 375
F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616
F.2d 636, 639 (2d Cir. 1980)). "Once a claim has been stated
adequately, it may be supported by showing any set of facts
consistent with the allegations in the complaint." Bell
Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).


          Although Gusler does not have exclusive rights in the
production of a three-dimensional product by virtue of his
copyright registration in his drawings, he does retain exclusive
rights in the drawings themselves. As stated above, the
Copyright Act defines a useful article as "an article having an
intrinsic utilitarian function that is not merely to portray the
appearance of the article or to convey information." 17 U.S.C.
§ 101. As the intrinsic purpose of a design drawing is merely
to convey information, the drawing itself is not a useful
article under the Act. Paul Goldstein, Goldstein on Copyright §
2.5.3.2 (3d ed. 2005 and 2008 Supp.); Eales v. Environmental
Lifestyles, Inc., 958 F.2d 876, 879-80 (9th Cir. 1992), cert.
denied, 506 U.S. 1001 (1992); Guillot-Vogt Assoc., Inc. v. Holly

& Smith, 848 F. Supp. 682, 689 (E.D. La. 1994) (holding that
Section 101 of the Copyright Act "does not stand for the
proposition that the *rendering* of a utilitarian article is
devoid of copyright protection") (emphasis in original).

Under Section 106 of the Copyright Act, the owner of a
copyright has the exclusive right to "reproduce the copyrighted
work in copies" and to "distribute copies . . . of the
copyrighted work to the public by sale or other transfer of
ownership, or by rental, lease, or lending." Therefore, while
"the use of copies, or derivatives of copies, of copyrighted
technical drawings" to manufacture a useful article does not
constitute infringement, Niemi, 2006 U.S. Dist. LEXIS 50153, at
*13, the act of reproducing and/or distributing the drawings to
others may infringe upon the rights of the copyright owner.
See, e.g., Nat'l. Med. Care, Inc., 284 F. Supp. 2d at 433, 439
(holding that although construction of three-dimensional
structure based on copyrighted technical drawings of useful
article did not violate copyright, making "unauthorized copies
or reproductions" of same drawings constituted infringement).

In moving to dismiss Gusler's copyright infringement
claims against them, Fischer and Guerreri largely adopt the
arguments put forth by the Corporate Defendants on their motion.

Fischer and Guerreri both assert that Gusler "concedes that the alleged actions by Fischer that purportedly give rise to a claim of copyright infringement against [them] are that [they] . . . 'copied plaintiff's copyrighted design drawings into the NasalClear product.'" Fischer's Reply Mem. in Supp. at 1 n.2; Guerreri's Reply Mem. in Supp. at 1 n.2 (quoting Pl.'s Mem. in Opp. at 1). As a result, they argue, any failure by Gusler to adequately plead copyright infringement by the Corporate Defendants, and, more specifically, any failure to demonstrate the substantial similarity of the NasalClear product to his drawings, renders his copyright claims against Fischer and Guerreri insufficient to withstand a motion to dismiss.

However, despite the single sentence which Fischer and Guerreri quote from Gusler's opposition papers on this motion, it is clear from the face of the Complaint that Gusler's copyright claims against Fischer and Guerreri rely, at least in part, on the allegation that they "copied, published, and otherwise disseminated the Copyrighted Drawings to third parties" without Gusler's consent. Compl. ¶ 38. This allegation of unauthorized production and distribution of two-dimensional copies of Gusler's drawings, while related to the claim of unauthorized manufacture of the Product, is legally distinct. Therefore, a failure by Gusler to adequately

18

establish the copyright claim against the Corporate Defendants is not necessarily fatal to the copyright claims against Fischer and Guerreri.

As Fischer and Guerreri have not squarely addressed Gusler's claim regarding two-dimensional reproductions of the drawings, the Court will allow the claim to proceed as long as Gusler has meet the pleading standard required by Fed. R. Civ. P. 8(a). In order to adequately state a claim of copyright infringement under Rule 8, a plaintiff must allege "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." Kelly v. L.L. Cool J., 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (citation omitted).

Gusler has appended to his Complaint the copyright registration certificate, which satisfies the first three requirements above. In regard to the fourth requirement, Gusler has alleged that between the summer of 2002, when Gusler first shared the drawings with Fischer and Guerreri, and the winter of 2006, when Gusler discovered the existence of the Product, Fischer and Guerreri copied and distributed the drawings.

Compl. ¶¶ 19, 25, 34, 35, 38.  These allegations are sufficient
to give Fischer and Guerreri "fair notice of what the . . .
claim is and the grounds upon which it rests."  Twombly, 127 S.
Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
(1957)).

## Unjust Enrichment Claim Against Fischer is Dismissed; the Breach of Contract and Misappropriation of Trade Secrets Claims May Proceed

"Pre-emption will not occur 'when a state law
violation is predicated upon an act incorporating elements
beyond mere reproduction or the like.'"  Brignoli v. Balch Hardy
and Scheinman, Inc., 645 F. Supp. 1201, 1205 (S.D.N.Y. 1986)
(quoting Harper & Row, Publishers, Inc. v. Nation Enterprises,
723 F.2d 195, 200 (2d Cir. 1983), rev'd on other grounds, 471
U.S. 539 (1985)).  Common law claims involving trade secrets or
breach of confidentiality can be different in kind from
copyright infringement and are not necessarily preempted by
Section 301 of the Copyright Act.  Id.

With regard to claims for misappropriation of trade
secrets, the Second Circuit has held that where the plaintiff's
claims are "grounded upon a defendant's breach of a duty of
trust or confidence to the plaintiff through improper disclosure

20

of confidential information . . . [t]he defendant's breach of
duty is the gravamen of such trade secret claims and supplies
the 'extra element' that qualitatively distinguishes such trade
secret causes of action from claims for copyright infringement
that are based solely on copying." Computer Assocs. Int'l, Inc.
v. Altai, Inc., 982 F.2d 693, 717 (2d Cir. 1992). Gusler's
trade secrets claim is, therefore, not preempted.[2]

Similarly, as Gusler's breach of contract claim
against Fischer is based upon Fischer's alleged breach of his
duties under the NDA, see Compl. ¶¶ 51-54, 59, it is premised on
the existence of a allegations beyond mere reproduction, is
qualitatively different from the copyright infringement claim,
and, therefore, is not preempted.

With regard to the unjust enrichment claim against
Fischer, to the extent that it is based on the allegations of
copying underlying the copyright claim, it is preempted by the
Copyright Act. See, e.g., Briarpatch, 373 F.3d at 306. To the
extent that is based on Fischer's alleged breach of the NDA, it
arises out the same facts and alleges the same harm as the

---

[2] "To succeed on a trade secret claim, a plaintiff must demonstrate that (1)
it possessed a trade secret, and (2) defendant is using that trade secret in
breach of an agreement, confidence, or duty, or as a result of discovery by
improper means." Brignoli, 645 F. Supp. at 1205 (internal quotation marks
and citation omitted). On this motion, Fischer and Guerreri have not
challenged the characterization of the drawings as trade secrets.

21

breach of contract claim, and therefore must be dismissed as duplicative. See Vitrano v. State Farm Ins. Co., No. 08 Civ. 103 (JGK), 2008 U.S. Dist. LEXIS 51787, at *11 (S.D.N.Y. July 7, 2008) ("[W]here there is an enforceable written contract governing the particular subject matter, claims based on quasi-contract theories like unjust enrichment do not provide a distinct basis for recovery.") (citing Spanierman Gallery, PSP v. Love, No. 03 Civ. 3188, 2003 U.S. Dist. LEXIS 19511, at *13 (S.D.N.Y. Oct. 31, 2003)).

## The Unjust Enrichment and Misappropriation of Trade Secrets Claims Against Guerreri are Dismissed

The misappropriation of trade secrets claim against Guerreri is not preempted by the Copyright Act, as, like the misappropriation claim against Fischer, it involves an allegation of breach of duty, making it qualitatively different from the copyright claim. However, having failed to offer any allegations consistent with the existence of an agreement or confidential relationship between himself and Guerreri, Gusler has failed to adequately plead this claim.

According to the Complaint, Gusler willingly shared his drawings with Guerreri, and there is no allegation that

22

Guerreri was a party to the NDA, that Gusler asked Guerreri to sign the NDA, that he told Guerreri that the information disclosed to Guerreri was confidential, or that he asked Guerreri to keep the information confidential. The allegation that Gusler "believed that Mr. Guerreri was an affiliate of Mr. Fischer's and would be bound by the terms of the NDA," Compl. ¶ 26, does alone not impose any duty or obligation upon Guerreri to keep Gusler's information confidential.

In the absence of a confidential relationship or evidence that Guerreri discovered the drawings by improper means, Gusler's unjust enrichment claim against Guerreri is predicated upon the same acts as the copyright infringement claim, and is therefore preempted by the Copyright Act. See Briarpatch, 373 F.3d at 306.

## The Court Will Exercise Supplemental Jurisdiction Over the Remaining State Claim

Under 28 U.S.C. § 1367(a), district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "A state

23

law claim forms part of the same controversy if it and the federal claim 'derive from a common nucleus of operative fact.'" Cicio v. Does, 321 F.3d 83, 97 (2d Cir. 2003) (quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997)).

Here, the state law claims against Fischer and the federal copyright claims arise directly out a common nucleus of operative facts. While the Court is, nonetheless, not required to exercise supplemental jurisdiction over these claims, as none of the factors set forth in 28 U.S.C. § 1367(c)[3] apply here, in the interest of judicial economy, the Court will exercise jurisdiction over the remaining state law claims.

## Conclusion

The Corporate Defendants are granted summary judgment as to the claims against them. Fischer and Guerreri's motions to dismiss are denied as to the copyright infringement claims. The state law claims against Guerreri are dismissed without prejudice, with leave granted to replead. The unjust enrichment

---

[3] Pursuant to 28 U.S.C. § 1365(c), a district court may decline to exercise supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

24

claim against Fischer is dismissed.   The breach of contract and misappropriation of trade secrets claims against Fischer will proceed, and the Court will exercise supplemental jurisdiction as to these claims.

Costs are awarded to the Corporate Defendants.

Submit judgment on notice.

It is so ordered.

**New York, N.Y.,**
**September  24 , 2008**

**ROBERT W. SWEET**
**U.S.D.J.**